No.

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

**IN RE DAITONA CARTER,**

Petitioner.

---

On Petition for a Writ of Mandamus to the

United States District Court for the District of Massachusetts

Case No. 1:26-cv-10304-ADB

---

# EMERGENCY PETITION FOR A WRIT OF MANDAMUS UNDER 28 U.S.C. § 1651

---

Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21, Petitioner Daitona Carter respectfully submits this emergency petition for a writ of mandamus. Petitioner seeks an extraordinary writ to compel the correction of the appellate docket and case caption pursuant to Federal Rules of Appellate Procedure 3 and 12, to reinstate indispensable parties omitted in contravention of the underlying record, and to stay parallel administrative proceedings before the Patent Trial and Appeal Board (PTAB) that threaten this Court's appellate jurisdiction.

## I. RELIEF SOUGHT

Petitioner respectfully requests an order:

1. Compelling the Clerk of Court to immediately correct the official docket and case caption of Case No. 26-1721 to accurately reflect all mandatory carry-over parties from the lower-court proceedings, specifically designating Meta Platforms, Inc., Meta Platforms Technologies, LLC, Solos Technology Limited, Luxottica of America, Inc., and EssilorLuxottica USA, LLC as Appellees;

2. Compelling Appellees' counsel blocks to immediately comply with Fed. Cir. R. 47.3(b)(1) by filing mandatory Entries of Appearance; and

3. Staying all parallel administrative proceedings before the PTAB under dockets IPR2026-00376, IPR2026-00412, and IPR2026-00420 that directly target the foundational property rights at issue in this pending appeal until this Court adjudicates the underlying inventorship title.

## II. ISSUES PRESENTED

1. Whether administrative docket omissions and caption alterations that exclude indispensable lower-court parties—contrary to the mandates of FRAP 3 and 12—constitute structural error that permits corporate litigants to evade Fed. Cir. R. 47.3(b)(1) appearance mandates, thereby causing a procedural default during an active briefing window.
2. Whether extraordinary mandamus relief is warranted where real parties in interest advance inconsistent positions across tribunals—asserting a lack of a protectable interest to avoid appellate appearance while simultaneously prosecuting duplicate administrative challenges before the PTAB that threaten to moot the subject matter of a pending appeal.
3. Whether federal administrative dockets can be utilized to execute an asset-washing mechanism over an independent consumer hardware and software architecture where the underlying chain of title remains the subject of an active, parallel Article III title and derivation dispute.
4. Whether the Patent Trial and Appeal Board's ongoing refusal to stay its consolidated proceedings—after officially certifying on the record that Petitioner's threshold challenges are accepted for active supervisory review—constitutes an arbitrary and capricious due process defect that unlawfully encroaches upon the exclusive appellate jurisdiction of this Court under FRAP 12(a).

## III. FACTUAL STATEMENT AND THREAT TO JURISDICTION

On May 17, 2026, Petitioner timely initiated an interlocutory appeal to protect her proprietary rights and correct inventorship pursuant to statutory mandates under 35 U.S.C. § 256. The underlying litigation concerns the sole ownership and original attribution of the foundational multimodal digital signal processing (DSP) smart eyewear technology developed by Petitioner.

Throughout the lower-court proceedings, the designated corporate entities maintained direct financial and legal alignment with the underlying subject matter. Notably, while certain entities asserted in motion practice that they possessed no protected interest for purposes of avoiding lower-court joinder, they simultaneously maintained deep financial and operational integration regarding the assets in dispute. Capitalizing on the interim appellate posture, these same real parties in interest have instituted parallel collateral challenges before the PTAB under a staggered timeline that operates to exploit Petitioner's acute resource asymmetry:

- **Case No. IPR2026-00376** (Initiated June 18, 2026): Launched by Luxottica of America Inc., et al., targeting U.S. Patent No. 12,216,339.
- **Case No. IPR2026-00412** (Initiated August 7, 2026): Launched symmetrically by Luxottica of America Inc., et al., targeting U.S. Patent No. 11,082,055.
- **Case No. IPR2026-00420** (Initiated August 7, 2026): Launched symmetrically by Meta Platforms, Inc., et al., targeting U.S. Patent No. 11,082,055.

In these administrative filings, the corporate entities executed mandatory disclosures completely omitting Petitioner as an interested real party in interest and concealing this active appellate track. This pattern of non-disclosure culminated on August 11, 2026, when Patent Owner Solos Technology Limited filed its corrected mandatory disclosures in Case No. IPR2026-00412 (*Exhibit H*). Despite having actively filed on the merits in this Court in Appeal No. 26-1721 just four days prior on August 7, Solos explicitly swore under penalty of perjury that it was *"not presently aware of any other judicial or administrative matters that would affect, or be affected by, a decision in this proceeding."*

Following Petitioner's emergency intervention directly to the USPTO Director exposing this systemic non-disclosure, the Board's Trial Division was forced to halt its threshold lockout. On August 13, 2026, at exactly 14:29:03 UTC (10:29 AM EST), Deputy Chief Clerk Andrew Kellogg issued an official administrative notification (*Exhibit G*), explicitly ruling that the Petition is accepted for supervisory review by the Chief Administrative Patent Judge under 37 C.F.R. § 41.3(a).

While this determination constitutes a formal agency admission that Petitioner's threshold constitutional and structural challenges are cognizable and "accepted for review," the Trial Division has simultaneously refused to halt its proceedings. By sequestering Petitioner's foundational filings inside an un-deadlined supervisory folder to be decided "in due course" under 37 C.F.R. § 41.3(a), the agency has created an immediate due process defect. The individual administrative patent panels remain completely insulated from the active appellate record, enabling the primary litigants to aggressively push toward an automated institution decision while this Court's appellate jurisdiction is systematically bypassed.

## IV. REASONS WHY THE WRIT SHOULD ISSUE

Mandamus is an extraordinary remedy reserved for extraordinary circumstances, which are fully established here. Petitioner possesses a clear and indisputable right to an accurate appellate record and caption under FRAP 3 and 12, unencumbered by administrative omissions or artificial procedural obstacles.

The Patent Trial and Appeal Board is currently operating in direct violation of its own administrative mandates and the jurisdictional boundaries of this Court. By way of the Deputy Chief Clerk's August 13, 2026 electronic notification, the agency has formally conceded that Appellant's challenges are accepted for active supervisory review. Whether analyzed as an incurable jurisdictional defect under the Board's expanded Real Party in Interest (RPI) framework pursuant to 35 U.S.C. § 312(a)(2) and its binding precedent in *Corning Optical Communications RF, LLC v. PPC Broadband Inc.*, or as a fraudulent concealment of a mandatory Related Matter under 37 C.F.R. § 42.8(b)(2), the operational injury to the tribunal remains identical. The primary litigants have actively blinded the lower case panels to a pending federal appellate title dispute, rendering an immediate top-down stay from this Court mandatory to prevent an irreversible distortion of the res.

Furthermore, the disputed assets are subject to explicit statutory protections and federal civil enforcement mechanisms under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, which provides an absolute right to civil asset recovery and property restitution. The underlying technology represents the direct fruits of an independent invention that remains subject to active, unresolved statutory title corrections under 35 U.S.C. § 256.

The primary litigants are actively weaponizing parallel administrative channels at the PTAB to advance a collateral invalidation campaign. This operation functions to extinguish the underlying patent claims entirely. If the lower tribunal is permitted to invalidate the subject matter of this dispute while the true creator's filings are sequestered, the statutory property restitution remedies guaranteed under the TVPRA will be rendered permanently moot, causing an incurable and irreversible injury.

Pursuant to FRAP 12(a), because Meta Platforms, Inc. and the lower-court defendants were parties to the originating district court action, they automatically carry over as mandatory Appellees in CAFC Appeal No. 26-1721. They cannot lawfully outrun an Article III appeal, or insulate themselves from a future independent civil action under 18 U.S.C. § 1595, by utilizing automated agency portal lockouts to destroy the disputed property. Allowing financially integrated corporate actors to utilize parallel administrative channels to extinguish property rights while manipulating appellate captions to evade Article III transparency effectively subverts this Court's appellate authority and violates foundational principles of procedural due process. Petitioner has no alternative adequate legal remedy to preserve the integrity of the res and the record prior to the submission of her reply brief.

## V. PRAYER FOR RELIEF

Wherefore, Petitioner respectfully prays that this Court issue a Writ of Mandamus:

1. **COMPELLING** the immediate correction of the federal appellate case caption and docket to include all indispensable corporate lower-court parties as Appellees;
2. **ORDERING** designated lead counsel for Appellees to immediately file entries of appearance pursuant to Fed. Cir. R. 47.3(b)(1) to establish complete Article III transparency;
3. **ISSUING AN IMMEDIATE, COMPULSORY STAY** of all administrative phases, trial stages, and institution decisions across parallel Patent Trial and Appeal Board Case dockets **IPR2026-00376, IPR2026-00412, and IPR2026-00420** to preserve the status quo and protect the exclusive appellate jurisdiction of this Court; and
4. **GRANTING** such further extraordinary or structural relief as this Court deems necessary to protect the integrity of the judicial and agency records from active, multi-forum non-disclosure.

**Dated:** August 14, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to **Federal Rule of Appellate Procedure 32(g)**, the undersigned certifies that this emergency petition complies with the type-volume and typeface limitations of **Federal Rule of Appellate Procedure 21(d)**.

1. **Word Count:** This petition complies with the word count limitation of FRAP 21(d)(1) because, excluding the parts of the petition exempted by FRAP 32(f), the body of this document contains exactly **1495 words** as calculated by the built-in document statistics engine in document creating software.
2. **Typeface and Font Size:** This petition complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman, with double-line spacing throughout the body text.

**Dated:** August 13, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 21(a)(1) and Local Rule 25, the undersigned hereby certifies under penalty of perjury that on August 14, 2026, a true and correct copy of the foregoing Emergency Petition for a Writ of Mandamus was served upon the parties to this proceeding via the following approved service channels:

- Electronically on counsel of record for Plaintiffs-Appellees and "Defendants" (Defendants-Appellees) via electronic mail and/or the Court's CM/ECF system, pursuant to Fed. R. App. P. 25 and Fed. Cir. R. 25.

- Electronically on United States Patent and Trademark Office (Agency Respondents)

  Delivery: efileSO@uspto.gov

  (Official Service Copy pursuant to FRAP 21)

- Electronically on the Deputy Chief Clerk, Trials – PTAB for Case Nos. IPR2026-00376, IPR2026-00412, and IPR2026-00420) - Advisement Copy Delivery: andrew.kellogg@uspto.gov

**Dated:** August 14, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

# APPENDIX

## APPENDIX TABLE OF CONTENTS


| Document Description | Page |
|---|---|
| Slip Sheet: CAFC Appellate Docket Sheet | 4 |
| Appellate Docket Sheet (CAFC Appeal No. 26-1721) | 5 |
| Slip Sheet: Certified Civil Trial Docket Sheet | 10 |
| Civil Docket Sheet (D. Mass. Case No. 1:26-cv-10304-ADB) | 11 |
| Slip Sheet: Emergency Motion to Compel Appellees' Appearance | 25 |
| Emergency Motion to Compel Appearance (Filed May 15, 2026) | 26 |
| Slip Sheet: Luxottica PTAB Petition Cover (IPR2026-00376) | 33 |
| PTAB Cover Page and Section XI Mandatory Notices (Filed June 18, 2026) | 34 |
| Slip Sheet: PTAB Trial Division Clerical Text Order | 41 |
| Clerical Action Text issued by Deputy Chief Clerk Andrew Kellogg (July 31, 2026) | 42 |
| Slip Sheet: Emergency Petition to the USPTO Director | 45 |
| Original 37 C.F.R. § 1.181 Petition (Filed August 3, 2026) | 46 |
| Slip Sheet: Luxottica Petition Cover (IPR2026-00412) | 171 |

| Document Description | Page |
|---|---|
| PTAB Cover Page and Section XI Mandatory Notices (Filed August 7, 2026) | 172 |
| Slip Sheet: Meta Platforms Petition Cover (IPR2026-00420) | 179 |
| PTAB Cover Page and Section XI Mandatory Notices (Filed August 7, 2026) | 180 |
| Slip Sheet: E-mail sent by Deputy Chief Clerk Andrew Kellogg | 191 |
| E-mail sent by Deputy Chief Clerk Andrew Kellogg (August 13, 2026) | 192 |
| Slip Sheet: Amended Emergency Supplemental Statement to the USPTO Director | 195 |
| 37 C.F.R. § 1.181 Amended Supplemental Filing (Dated August 13, 2026) | 196 |
| Slip Sheet: Public Domain Technical Disclosure (May 5, 2009) | 205 |
| May 5, 2009 Audio Case Study Document Text | 206 |

**Appx. 4**

SLIP SHEET: CAFC APPELLATE DOCKET SHEET

IN RE DAITONA CARTER, CAFC APPEAL NO. 26-1721

DOCUMENTING OFFICIAL CLERICAL CAPTION ALTERATION AND PARTY UN-DESIGNATION

**General Docket**
**United States Court of Appeals for the Federal Circuit**

**Court of Appeals Docket #:** 26-1721 **Docketed:** 04/22/2026
**Nature of Suit:** 830 Patent Infringement (Fed. Qst.)
Solos Technology Ltd. v. Meta Platforms, Inc.
**Appeal From:** United States District Court for the District of Massachusetts
**Fee Status:** In Forma Pauperis

**Case Type Information:**
**1)** Civil Private
**2)** -
**3)** -

**Originating Court Information:**
**District:** 0101-1 : 1:26-cv-10304-ADB
**Trial Judge:** Allison Dale Burroughs, Judge
**Date Filed:** 01/23/2026
**Date NOA Filed:** 04/20/2026
**Date Rec'd COA:** 04/21/2026

**Prior Cases:**
None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 26-136 | 26-1721 | 04/22/2026 | |

SOLOS TECHNOLOGY LTD.
Plaintiff - Appellee

Jameson Joseph Pasek, Litigation Counsel
Direct: 857-990-4914
Email: jameson@caldwelllaw.com
[LD NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Keegan Michael Caldwell, Attorney
Direct: 857-990-4926
Email: keegan@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Shixiong Wang, -
Direct: 857-776-4505
Email: steve@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

v.

META PLATFORMS, INC.
Defendant

META PLATFORMS TECHNOLOGIES, LLC
Defendant

OAKLEY, INC.
Defendant

LUXOTTICA OF AMERICA, INC.
Defendant

| | |
|---|---|
| ESSILORLUXOTTICA USA, INC.<br>Defendant | |
| v. | |
| DAITONA CARTER<br>Movant - Appellant | Daitona Carter, -<br>Email: dddddc@tuta.com<br>[NTC Pro Se]<br>General Delivery, Main Post Office<br>2 Massachusetts Ave NE<br>Washington, DC 20002 |

SOLOS TECHNOLOGY LTD.,

Plaintiff - Appellee

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA USA, INC.,

Defendants

DAITONA CARTER,

Movant - Appellant

| | | |
|---|---|---|
| 04/22/2026 | 1<br>29 pg, 784.5 KB | Appeal docketed. Received: 04/21/2026. [1161693]<br>Fee/IFP is due on 05/06/2026. Entry of Appearance is due on 05/06/2026. Appellant's brief is due on 06/22/2026. [JSP] [Entered: 04/22/2026 11:45 AM] |
| 04/22/2026 | 2<br>13 pg, 236.51 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18. Service: 04/22/2026 by clerk. [1161778] [IMH] [Entered: 04/22/2026 04:13 PM] |
| 04/23/2026 | 3<br>7 pg, 1.32 MB | MOTION of Appellant Daitona Carter to correct or supplement. Service: 04/23/2026 by email. [1162213] [26-1721] [Daitona Carter] [Entered: 04/23/2026 06:33 PM] |
| 04/24/2026 | 4<br>4 pg, 73.9 KB | Notice of Physical Filing of the Supplemental Declaration and Exhibits T-1, T-2, and T-3 for Appellant Daitona Carter. Service: 04/24/2026 by email. [1162435] [26-1721] [Daitona Carter] [Entered: 04/24/2026 02:39 PM] |
| 04/27/2026 | 5<br>6 pg, 75.68 KB | MOTION of Appellant Daitona Carter for leave to proceed in Forma Pauperis. Service: 04/27/2026 by email. [1162774] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:12 PM] |
| 04/27/2026 | 6<br>3 pg, 941.55 KB | Notice of Unrepresented Person Appearance and Consent to Electronic Filing and Service for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162775] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:14 PM] |
| 04/27/2026 | 7<br>3 pg, 363.05 KB | Certificate of Interest for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162776] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:16 PM] |
| 04/27/2026 | 8<br>2 pg, 98.26 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [2], Doc No. [3], Doc No. [4], Doc No. [5], Doc No. [6], Doc No. [7]. Service: 04/27/2026 by email. [1162795] [26-1721] [Daitona Carter] [Entered: 04/27/2026 08:18 PM] |
| 04/28/2026 | 9<br>1 pg, 78.16 KB | Entry of Appearance for Jameson J. Pasek as counsel for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163137] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:22 PM] |
| 04/28/2026 | 10<br>3 pg, 89.01 KB | Certificate of Interest for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163138] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:25 PM] |
| 04/28/2026 | 11<br>60 pg, 19.84 MB | Status report for Appellant Daitona Carter. Service: 04/28/2026 by email. [1163140] [26-1721] [Daitona Carter] [Entered: 04/28/2026 09:55 PM] |
| 04/28/2026 | 12<br>2 pg, 79.08 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [11]. Service: 04/28/2026 by email. [1163145] [26-1721] [Daitona Carter] [Entered: 04/28/2026 11:41 PM] |
| 04/29/2026 | 13<br>2 pg, 62.42 KB | ORDER granting motion for leave to proceed in forma pauperis [5] filed by Appellant Daitona Carter. Service as of this date by the Clerk of Court. [1163189] [NL] [Entered: 04/29/2026 09:54 AM] |
| 04/30/2026 | 14<br>14 pg, 246.7 KB | RESPONSE of Appellee Solos Technology Ltd. to Doc No. [2]. Service: 04/30/2026 by email. [1163651] [26-1721] [Jameson Pasek] [Entered: 04/30/2026 12:17 PM] |
| 04/30/2026 | 15<br>57 pg, 21.1 MB | MOTION of Appellant Daitona Carter to expedite.. Service: 04/30/2026 by email. [1163905] [26-1721] [Daitona Carter] [Entered: 04/30/2026 11:55 PM] |
| 05/04/2026 | 16<br>1 pg, 76.67 KB | Entry of Appearance for Shixiong Wang as counsel for Appellee Solos Technology Ltd.. Service: 05/04/2026 by email. [1164544] [26-1721] [Shixiong Wang] [Entered: 05/04/2026 06:04 PM] |
| 05/06/2026 | 17<br>208 pg, 35.72 MB | REPLY of Appellant Daitona Carter to response [14]. Service: 05/06/2026 by email. [1165362] [26-1721] [Daitona Carter] [Entered: 05/06/2026 07:24 PM] |
| 05/07/2026 | 18<br>1 pg, 91.26 KB | Entry of Appearance for Keegan M. Caldwell as counsel for Appellee Solos Technology Ltd.. Service: 05/07/2026 by email. [1165704] [26-1721] [Keegan Caldwell] [Entered: 05/07/2026 06:58 PM] |
| 05/15/2026 | 19<br>135 pg, 24.52 MB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, for temporary injunction, to expedite., to expedite., Emergency Stay (18USC1595); Injunction vs Aria/ EagleEye/Neural SDK rollout; Constructive Trust for $22B; Funds for Independent Security/Secure Housing chosen by Appellant; Unseal ECF 92; Forensic Medical/Toxicological screening for life-safety emergency.. Service: 05/15/2026 by email. [1167468] [26-1721] [Daitona Carter] [Entered: 05/15/2026 01:46 PM] |
| 05/16/2026 | 20<br>7 pg, 126.62 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, EMERGENCY MOTION to Compel Appearance, Request for Ruling on Stay, and Request for ADA Service Accommodations.. Service: 05/16/2026 by email. [1167582] [26-1721] [Daitona Carter] [Entered: 05/16/2026 01:40 PM] |
| 05/16/2026 | 21<br>4 pg, 118.89 KB | Notice from Appellant Daitona Carter Appellant's Transcript Statement pursuant to FRAP 10(b)(1). Service: 05/16/2026 by email. [1167585] [26-1721] [Daitona Carter] [Entered: 05/16/2026 08:53 PM] |
| 05/17/2026 | 22<br>3 pg, 118 KB | Citation of Supplemental Authority pursuant to Fed. R. App. P. 28(j) for Appellant Daitona Carter. Service: 05/17/2026 by email. [1167589] [26-1721] [Daitona Carter] [Entered: 05/17/2026 02:37 PM] |

| | | |
|---|---|---|
| 05/18/2026 | 23<br>3 pg, 126.73 KB | ORDER The motions [2], [3] are denied except that ECF No. [6] at 1-2 is accepted for filing. Within seven days from the date of entry of this order, Ms. Carter is directed to comply with Federal Circuit Rule 15(a)(3) by providing her current address and telephone number. Failure to comply will result in dismissal of this appeal for failure to prosecute. Service as of this date by the Clerk of Court. [1167846] [NL] [Entered: 05/18/2026 04:15 PM] |
| 05/18/2026 | 24<br>5 pg, 75.68 KB | RESPONSE of Appellant Daitona Carter to the Court Order to set case manager tickler date [23] , Court Order [23] with MOTION to to seal document. Service: 05/18/2026 by email [1167882] [26-1721] [Daitona Carter] [Entered: 05/18/2026 06:13 PM] |
| 05/20/2026 | 25<br>29 pg, 1016.42 KB | Amended Notice of Appeal for Daitona Carter. Service: 05/17/2026 by email. [1168431] [JSP] [Entered: 05/20/2026 03:35 PM] |
| 05/21/2026 | 26<br>4 pg, 129.96 KB | Notice from Appellant Daitona Carter Supplemental Certificate of Service. Service: 05/21/2026 by email. [1168924] [26-1721] [Daitona Carter] [Entered: 05/21/2026 09:26 PM] |
| 05/22/2026 | 27<br>3 pg, 132.34 KB | ORDER filed denying motions [2], [15]. (Per Curiam). Service as of this date by the Clerk of Court. [1169040] [NL] [Entered: 05/22/2026 12:02 PM] |
| 06/21/2026 | 28<br>57 pg, 4.75 MB | OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174810] [26-1721] This document is non-compliant. See Doc No.[30] [Daitona Carter] [Entered: 06/21/2026 04:23 AM] |
| 06/21/2026 | 29<br>687 pg, 104.54 MB | MODIFIED ENTRY: APPENDIX FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174811] --[Edited 06/25/2026 by JSP - compliance review complete] [Daitona Carter] [Entered: 06/21/2026 04:30 AM] |
| 06/25/2026 | 30<br>2 pg, 225.75 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Daitona Carter, Opening Brief [28], is not in compliance with the rules of this court (see attached). Compliant document due on 07/02/2026. Unless ordered otherwise, the deadline for any responsive filing runs from service of the original version. Service as of this date by the Clerk of Court. [1175844] [JSP] [Entered: 06/25/2026 11:22 AM] |
| 06/26/2026 | 31<br>59 pg, 5.04 MB | MODIFIED ENTRY: CORRECTED OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/26/2026 by email. [1176313] --[Edited 07/06/2026 by IMH - Reason: compliance review complete] [Daitona Carter] [Entered: 06/26/2026 11:26 PM] |
| 06/29/2026 | 33<br>3 pg, 106.92 KB | ORDER filed accepting ECF No. [22] for filing. ECF No. [24] is granted only to the extent that the docket is updated to reflect the designated address for Ms. Carter. The motions, otherwise are denied, and ECF No. [24] is unsealed. (Per Curiam). Service as of this date by the Clerk of Court. [1176552] [NL] [Entered: 06/29/2026 03:47 PM] |
| 07/20/2026 | 34<br>208 pg, 6.99 MB | Notice of Related Case Information for Appellant Daitona Carter. Service: 07/20/2026 by email. [1180354] [26-1721] [Daitona Carter] [Entered: 07/20/2026 03:22 PM] |
| 07/30/2026 | 35<br>28 pg, 309.73 KB | RESPONSE BRIEF FILED by Appellee Solos Technology Ltd. Service: 07/30/2026 by email. [1182714] [26-1721] This document is non-compliant. See Doc No.[37] [Jameson Pasek] [Entered: 07/30/2026 11:28 AM] |
| 07/30/2026 | 36<br>154 pg, 35.88 MB | SUPPLEMENTAL APPENDIX FILED by Appellee Solos Technology Ltd. Service: 07/30/2026 by email. [1182717] [26-1721] This document is non-compliant. See Doc No.[37] [Jameson Pasek] [Entered: 07/30/2026 11:31 AM] |
| 08/05/2026 | 37<br>2 pg, 245.37 KB | NOTICE OF NON-COMPLIANCE: The submissions of Appellee Solos Technology Ltd., Response Brief, Supplemental Appendix [35], [36], are not in compliance with the rules of this court (see attached). Compliant documents are due on 08/12/2026. Unless ordered otherwise, the deadline for any responsive filing runs from service of the original version. Service as of this date by the Clerk of Court. [1184343] [IMH] [Entered: 08/05/2026 04:15 PM] |
| 08/07/2026 | 38<br>28 pg, 234.94 KB | MODIFIED ENTRY: CORRECTED RESPONSE BRIEF FILED by Appellee Solos Technology Ltd. Service: 08/07/2026 by email. [1184716] --[Edited 08/14/2026 by IMH - Reason: compliance review complete] [Jameson Pasek] [Entered: 08/07/2026 10:59 AM] |
| 08/07/2026 | 39<br>154 pg, 4.66 MB | MODIFIED ENTRY: CORRECTED SUPPLEMENTAL APPENDIX FILED by Appellee Solos Technology Ltd. Service: 08/07/2026 by email. [1184718] --[Edited 08/14/2026 by IMH - Reason: compliance review complete] [Jameson Pasek] [Entered: 08/07/2026 11:02 AM] |

**Appx. 10**

SLIP SHEET: CIVIL TRIAL DOCKET SHEET

SOLOS TECHNOLOGY LTD. V. META PLATFORMS, INC. ET AL., NO. 1:26-CV-10304-ADB (D. MASS.)

ESTABLISHING MANDATORY CARRY-OVER PARTY BASELINE FROM THE ORIGINATING RECORD

APPEAL,PATENT

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:26-cv-10304-ADB**

Solos Technology Limited v. Meta Platforms, Inc. et al
Assigned to: Judge Allison D. Burroughs
Demand: $0
Case in other court: USCA for the Federal Circuit, 26-01721
Cause: 15:1126 Patent Infringement

Date Filed: 01/23/2026
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Solos Technology Limited** represented by

**Jameson J. Pasek**
Caldwell Law
200 Clarendon Street, 59th Floor
Boston, MA 02116
857-990-4914
Email: jameson@caldwelllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keegan Michael Caldwell**
Caldwell Law
200 Clarendon Street, 59th Floor
Boston, MA 02116
857-990-4926
Email: keegan@caldwelllaw.com
*ATTORNEY TO BE NOTICED*

**Shixiong Wang**
Caldwell Law
200 Clarendon St, Floor 59
Boston, MA 02116
857-776-4505
Email: steve@caldwelllaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Meta Platforms, Inc.** represented by

**Lisa K. Nguyen**
Paul Hastings LLP
1117 S. California Ave
Palo Alto, CA 94304
650-320-1800
Fax: 650-320-1900
Email: lisanguyen@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric E Lancaster**
Paul Hastings LLP
1117 S. California Ave
Palo Alto, CA 94304
650-320-1800

Fax: 650-320-1900
Email: ericlancaster@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Matthias Kamber**
Paul Hastings LLP
101 California Street
Ste Forty-Eighth Floor
San Francisco, CA 94111
415-856-7000
Fax: 415-856-7100
Email: matthiaskamber@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Stephanie Nicole Adamakos**
Paul Hastings LLP
Patent Litigation
2050 M St NW
Washington, DC 20036
202-551-1817
Email: stephanieadamakos@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Meta Platforms Technologies, LLC** represented by **Lisa K. Nguyen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric E Lancaster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthias Kamber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Nicole Adamakos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oakley, Inc.** represented by **Ali S. Razai**
Morgan, Lewis & Bockius LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
714-830-0600
Fax: 714-830-0700
Email: ali.razai@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Andrew V. Devkar**
Morgan, Lewis & Bockius LLP
2049 Century Park East
Suite 700
Los Angeles, CA 90067
310-255-9070
Fax: 310-907-1001

Email: andrew.devkar@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Brandon G. Smith**
Morgan Lewis
600 Anton Blvd
Ste 18th Floor
Costa Mesa, CA 92626
714-830-0600
Email: brandon.g.smith@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Katherine W. Soule**
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110
617-341-7700
Email: katherine.soule@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Luxottica of America, Inc.** represented by **Ali S. Razai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew V. Devkar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon G. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine W. Soule**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EssilorLuxottica USA, Inc.** represented by **Ali S. Razai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew V. Devkar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon G. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katherine W. Soule**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Daitona Carter** represented by **Daitona Carter**
General Delvery
New York, NY 10001

212-274-7411
Email: dddddc@tuta.com
PRO SE

**Objector**

**Morgan Lewis & Bockius LLP** represented by **Gary M Ronan**
Goulston & Storrs PC
One Post Office Square
Boston, MA 02109
617-574-3593
Email: gronan@goulstonstorrs.com
*TERMINATED: 04/14/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen M. Ritter**
Goulston & Storrs
Litigation
One Post Office Square
Ste 28th Floor
Boston, MA 02109
617-574-0596
Email: kritter@goulstonstorrs.com
*TERMINATED: 04/14/2026*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2026 | 1 | COMPLAINT *for Patent Infringement* against All Defendants Filing fee: $ 405, receipt number AMADC-11494122 (Fee Status: Filing Fee paid), filed by Solos Technology Limited. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Civil Cover Sheet, # 13 Category Form)(Pasek, Jameson) (Entered: 01/23/2026) |
| 01/23/2026 | 2 | CORPORATE DISCLOSURE STATEMENT by Solos Technology Limited. (Pasek, Jameson) (Entered: 01/23/2026) |
| 01/23/2026 | 3 | REPORT ON THE FILING OF AN ACTION REGARDING PATENT OR TRADEMARK. (Pasek, Jameson) (Entered: 01/23/2026) |
| 01/23/2026 | 4 | ELECTRONIC NOTICE of Case Assignment. Judge Indira Talwani assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (JAM) (Entered: 01/23/2026) |
| 01/26/2026 | 5 | Judge Indira Talwani: ORDER entered. ORDER OF RECUSAL. (GAM) (Entered: 01/26/2026) |
| 01/26/2026 | 6 | ELECTRONIC NOTICE of Reassignment. Judge Allison D. Burroughs added. Judge Indira Talwani no longer assigned to case. (SP) (Entered: 01/26/2026) |
| 01/26/2026 | 7 | Summons Issued as to EssilorLuxottica USA, Inc., Luxottica of America, Inc., Meta Platforms Technologies, LLC, Meta Platforms, Inc., Oakley, Inc.. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (KF) (Entered: 01/26/2026) |
| 01/27/2026 | 8 | SUMMONS Returned Executed EssilorLuxottica USA, Inc. served on 1/27/2026, answer due 2/17/2026. (Pasek, Jameson) (Entered: 01/27/2026) |
| 01/28/2026 | 9 | SUMMONS Returned Executed Luxottica of America, Inc. served on 1/27/2026, answer due 2/17/2026. (Pasek, Jameson) (Entered: 01/28/2026) |

| | | |
|---|---|---|
| 01/28/2026 | 10 | SUMMONS Returned Executed Oakley, Inc. served on 1/27/2026, answer due 2/17/2026. (Pasek, Jameson) (Entered: 01/28/2026) |
| 01/29/2026 | 11 | SUMMONS Returned Executed Meta Platforms Technologies, LLC served on 1/28/2026, answer due 2/18/2026. (Pasek, Jameson) (Entered: 01/29/2026) |
| 02/03/2026 | 12 | SUMMONS Returned Executed Meta Platforms, Inc. served on 2/2/2026, answer due 2/23/2026. (Pasek, Jameson) (Entered: 02/03/2026) |
| 02/16/2026 | 13 | NOTICE of Appearance by Katherine W. Soule on behalf of EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc. (Soule, Katherine) (Entered: 02/16/2026) |
| 02/16/2026 | 14 | Assented to MOTION for Extension of Time to March 3, 2026 to File Answer re 1 Complaint, by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc..(Soule, Katherine) (Entered: 02/16/2026) |
| 02/16/2026 | 15 | MOTION for Extension of Time to 3/25/2026 to File Answer re 1 Complaint, by Meta Platforms Technologies, LLC, Meta Platforms, Inc..(Kamber, Matthias) (Entered: 02/16/2026) |
| 02/17/2026 | 16 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 14 Motion for Extension of Time to Answer EssilorLuxottica USA, Inc. answer due 3/3/2026; Luxottica of America, Inc. answer due 3/3/2026; Oakley, Inc. answer due 3/3/2026. (KF) (Entered: 02/17/2026) |
| 02/17/2026 | 17 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 15 Motion for Extension of Time to Answer Meta Platforms Technologies, LLC answer due 3/25/2026; Meta Platforms, Inc. answer due 3/25/2026. (KF) (Entered: 02/17/2026) |
| 02/18/2026 | 18 | MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* by Solos Technology Limited.(Pasek, Jameson) (Entered: 02/18/2026) |
| 02/18/2026 | 19 | MEMORANDUM in Support re 18 MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* filed by Solos Technology Limited. (Attachments: # 1 Affidavit)(Pasek, Jameson) (Entered: 02/18/2026) |
| 02/18/2026 | 20 | MOTION for Extension of Time to March 25, 2026 to File Answer re 1 Complaint, by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc..(Soule, Katherine) (Entered: 02/18/2026) |
| 02/18/2026 | 21 | DECLARATION re 20 MOTION for Extension of Time to March 25, 2026 to File Answer re 1 Complaint, by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Attachments: # 1 Exhibit A)(Soule, Katherine) (Entered: 02/18/2026) |
| 02/19/2026 | 22 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered GRANTING 20 Motion for Extension of Time to Answer re 1 Complaint. EssilorLuxottica USA, Inc. answer due 3/25/2026; Luxottica of America, Inc. answer due 3/25/2026; Oakley, Inc. answer due 3/25/2026. (CAM) (Entered: 02/19/2026) |
| 03/04/2026 | 23 | Opposition re 18 MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* filed by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Ronan, Gary) (Entered: 03/04/2026) |
| 03/04/2026 | 24 | DECLARATION re 23 Opposition to Motion *of John J. Concannon III* by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Ronan, Gary) (Entered: 03/04/2026) |
| 03/04/2026 | 25 | DECLARATION re 23 Opposition to Motion *of Richard A. Sneider* by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Ronan, Gary) (Entered: 03/04/2026) |
| 03/04/2026 | 26 | DECLARATION re 23 Opposition to Motion *of Anbar Khal* by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Ronan, Gary) (Entered: 03/04/2026) |
| 03/04/2026 | 27 | DECLARATION re 23 Opposition to Motion *of Ali Razai* by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Ronan, Gary) (Entered: 03/04/2026) |
| 03/05/2026 | 28 | MOTION for Leave to File *Reply to Morgan Lewis & Bockius LLP's Opposition to Plaintiff's Motion to Disqualify* by Solos Technology Limited.(Pasek, Jameson) (Entered: 03/05/2026) |
| 03/06/2026 | 29 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered GRANTING 28 Motion for Leave to File Reply ; Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (CAM) (Entered: 03/06/2026) |

| | | |
|---|---|---|
| 03/11/2026 | 30 | NOTICE of Appearance by Gary M Ronan on behalf of Morgan Lewis & Bockius LLP (Ronan, Gary) (Entered: 03/11/2026) |
| 03/11/2026 | 31 | NOTICE of Appearance by Kathleen M. Ritter on behalf of Morgan Lewis & Bockius LLP (Ritter, Kathleen) (Entered: 03/11/2026) |
| 03/13/2026 | 32 | ELECTRONIC NOTICE Setting Hearing on Motion 18 MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* : Motion Hearing set for 3/26/2026 09:00 AM in Courtroom 17 (In person only) before Judge Allison D. Burroughs. (KF) (Entered: 03/13/2026) |
| 03/13/2026 | 33 | REPLY to Response to 18 MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* filed by Solos Technology Limited. (Attachments: # 1 Exhibit, # 2 Exhibit)(Pasek, Jameson) (Entered: 03/13/2026) |
| 03/20/2026 | 34 | MOTION for Leave to Appear Pro Hac Vice for admission of Keegan M. Caldwell Filing fee: $ 125, receipt number AMADC-11624197 by Solos Technology Limited. (Attachments: # 1 Affidavit)(Pasek, Jameson) (Entered: 03/20/2026) |
| 03/20/2026 | 35 | NOTICE of Appearance by Shixiong Wang on behalf of Solos Technology Limited (Wang, Shixiong) (Entered: 03/20/2026) |
| 03/20/2026 | 36 | MOTION for Leave to Appear Pro Hac Vice for admission of Ali S. Razai, Brandon G. Smith, and Andrew V. Devkar Filing fee: $ 375, receipt number AMADC-11624520 by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Attachments: # 1 Certification of Ali S. Razai, # 2 Certification of Brandon G. Smith, # 3 Certification of Andrew V. Devkar)(Soule, Katherine) (Entered: 03/20/2026) |
| 03/20/2026 | 37 | CORPORATE DISCLOSURE STATEMENT by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc. identifying Corporate Parent EssilorLuxottica S.A. for EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc... (Soule, Katherine) (Entered: 03/20/2026) |
| 03/20/2026 | 38 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 34 Motion for Leave to Appear Pro Hac Vice of Keegan M. Caldwell.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>**Pursuant to Local Rule 83.5.3, local counsel shall also file an appearance in this matter. Further, local counsel shall review all filings and shall personally appear in Court for any hearings or conferences, unless expressly excused by the Court for good cause.** (CAM) (Entered: 03/20/2026) |
| 03/20/2026 | 39 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 36 Motion for Leave to Appear Pro Hac Vice of Ali S. Razai, Brandon G. Smith, and Andrew V. Devkar.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>Notices of Appearance must be entered on the docket by each newly admitted attorney.<br><br>**Pursuant to Local Rule 83.5.3, local counsel shall also file an appearance in this matter. Further, local counsel shall review all filings and shall personally appear in Court for any hearings or conferences, unless expressly excused by the Court for good cause.**(CAM) (Entered: 03/20/2026) |

| | | |
|---|---|---|
| 03/23/2026 | 40 | NOTICE of Appearance by Ali S. Razai on behalf of EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc. (Razai, Ali) (Entered: 03/23/2026) |
| 03/23/2026 | 41 | NOTICE of Appearance by Brandon G. Smith on behalf of EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc. (Smith, Brandon) (Entered: 03/23/2026) |
| 03/23/2026 | 42 | NOTICE of Appearance by Andrew V. Devkar on behalf of EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc. (Devkar, Andrew) (Entered: 03/23/2026) |
| 03/24/2026 | 43 | NOTICE of Appearance by Keegan Michael Caldwell on behalf of Solos Technology Limited (Caldwell, Keegan) (Entered: 03/24/2026) |
| 03/25/2026 | 44 | MOTION to Dismiss by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc..(Soule, Katherine) (Entered: 03/25/2026) |
| 03/25/2026 | 45 | MEMORANDUM in Support re 44 MOTION to Dismiss filed by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Soule, Katherine) (Entered: 03/25/2026) |
| 03/25/2026 | 46 | MOTION for Leave to Appear Pro Hac Vice for admission of Lisa K. Nguyen Filing fee: $ 125, receipt number AMADC-11635131 by Meta Platforms Technologies, LLC, Meta Platforms, Inc..(Kamber, Matthias) (Entered: 03/25/2026) |
| 03/25/2026 | 47 | MOTION for Leave to Appear Pro Hac Vice for admission of Eric Lancaster Filing fee: $ 125, receipt number AMADC-11635152 by Meta Platforms Technologies, LLC, Meta Platforms, Inc..(Kamber, Matthias) (Entered: 03/25/2026) |
| 03/25/2026 | 48 | NOTICE of Appearance by Stephanie Nicole Adamakos on behalf of Meta Platforms Technologies, LLC, Meta Platforms, Inc. (Adamakos, Stephanie) (Entered: 03/25/2026) |
| 03/25/2026 | 49 | MOTION to Dismiss *and Request for Oral Hearing* by Meta Platforms Technologies, LLC, Meta Platforms, Inc..(Kamber, Matthias) (Entered: 03/25/2026) |
| 03/25/2026 | 50 | MEMORANDUM in Support re 49 MOTION to Dismiss *and Request for Oral Hearing* filed by Meta Platforms Technologies, LLC, Meta Platforms, Inc.. (Kamber, Matthias) (Entered: 03/25/2026) |
| 03/25/2026 | 51 | DECLARATION re 50 Memorandum in Support of Motion by Meta Platforms Technologies, LLC, Meta Platforms, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Kamber, Matthias) (Entered: 03/25/2026) |
| 03/25/2026 | 52 | CORPORATE DISCLOSURE STATEMENT by Meta Platforms Technologies, LLC, Meta Platforms, Inc.. (Kamber, Matthias) (Entered: 03/25/2026) |
| 03/26/2026 | 53 | Electronic Clerk's Notes for proceedings held before Judge Allison D. Burroughs: Motion Hearing held on 3/26/2026 re 18 MOTION to Disqualify Counsel *Morgan Lewis & Bockius LLP* filed by Solos Technology Limited. Oral arguments by the parties. Court takes motion under advisement. (Court Reporter: Kelly Mortellite at mortellite@gmail.com.)(Attorneys present: Pasek, Caldwell, Wang, Soule, Ronan, Ritter, Razai ) (KF) (Entered: 03/26/2026) |
| 03/26/2026 | 54 | STIPULATION re 49 MOTION to Dismiss *and Request for Oral Hearing - Joint Stipulation to Extend Time to Respond* by Solos Technology Limited. (Pasek, Jameson) (Entered: 03/26/2026) |
| 03/26/2026 | 55 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. APPROVING 54 Joint Stipulation to Extend Time for Plaintiff to Respond to Meta's motion to Dismiss. Response due by 4/22/2026. (CAM) (Entered: 03/26/2026) |
| 03/26/2026 | 56 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 46 Motion for Leave to Appear Pro Hac Vice Added Lisa K. Nguyen.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account.<br><br>**Pursuant to Local Rule 83.5.3, local counsel shall also file an appearance in this matter. Further,** |

| | | |
|---|---|---|
| | | **local counsel shall review all filings and shall personally appear in Court for any hearings or conferences, unless expressly excused by the Court for good cause.**(CAM) (Entered: 03/26/2026) |
| 03/26/2026 | 57 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 47 Motion for Leave to Appear Pro Hac Vice Added Eric Lancaster.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>**Pursuant to Local Rule 83.5.3, local counsel shall also file an appearance in this matter. Further, local counsel shall review all filings and shall personally appear in Court for any hearings or conferences, unless expressly excused by the Court for good cause.**(CAM) (Entered: 03/26/2026) |
| 03/27/2026 | 58 | MOTION to Intervene by Daitona Carter. (Attachments: # 1 Proposed Complaint in Intervention, # 2 Text of Proposed Order)(CAM) (Additional attachment(s) added on 3/30/2026: # 3 Statement of Interest) (CAM). (Additional attachment(s) added on 3/30/2026: # 4 Supplemental notice of Prior Formal Claims of Ownership) (CAM). (Entered: 03/30/2026) |
| 03/27/2026 | 59 | MOTION for Protective Order and Leave to File Redacted Documents ( MOTION to Seal) ( Responses due by 4/10/2026) by Daitona Carter. (Attachments: # 1 Text of Proposed Order)(CAM) (Entered: 03/30/2026) |
| 03/27/2026 | 60 | MOTION for Protective Order for Witness Protection and Technical Safegaurds by Daitona Carter.(CAM) (Entered: 03/30/2026) |
| 03/27/2026 | 61 | MOTION for Judicial Notice by Daitona Carter. (Attachments: # 1 Notice of Evidence of Coordinated Witness Intimidation)(CAM) (Entered: 03/30/2026) |
| 03/27/2026 | 62 | MOTION for *in Camera* Review by Daitona Carter.(CAM) (Entered: 03/30/2026) |
| 03/30/2026 | 65 | Emergency MOTION for ADA Accommodation and Leave to file electronically Pro Se by Daitona Carter. (CAM) (Entered: 03/30/2026) |
| 04/03/2026 | 66 | Transcript of Motion Hearing held on March 26, 2026, before Judge Allison D. Burroughs. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com. Redaction Request due 4/24/2026. Redacted Transcript Deadline set for 5/4/2026. Release of Transcript Restriction set for 7/2/2026. (DRK) (Entered: 04/03/2026) |
| 04/03/2026 | 67 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 04/03/2026) |
| 04/06/2026 | 68 | Judge Allison D. Burroughs: MEMORANDUM AND ORDER entered. For the reasons (herein), Solos's motion to disqualify Morgan Lewis, [ECF No. 18 ], is **DENIED**.<br><br>**SO ORDERED.**<br><br>(CAM) (Entered: 04/06/2026) |
| 04/07/2026 | 69 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. Daitona Carter's motion for leave to file electronically, 65 , is **GRANTED** for the instant matter only. The Court notes that self-represented parties are required to comply with the Local Rules and the Federal Rules of Civil Procedure. See Local Rule 83.5.5(d). Moreover, when self-represented parties register for CM/ECF, they agree to the Non-Attorney E-filing Terms and Conditions, which provide that self-represented litigants agree to adhere to local rules, orders, policies, and procedures governing electronic filing for the Court. Further guidance on using CM/ECF can be found at https://www.mad.uscourts.gov/caseinfo/cmecf-general.htm, and information about |

| | | |
|---|---|---|
| | | civil cases in federal courts can be found at https://www.uscourts.gov/about-federal-courts/types-cases/civil-cases. The Court requires all self-represented parties to review these resources and familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. In the event of any noncompliance, the Court may vacate this order and restrict Carter from the CM/ECF system and electronic filing.<br><br>Pro se litigants must have an individual PACER account to electronically file in the District of Massachusetts and must register to E-file. To register for a PACER account, go the PACER website at https://pacer.uscourts.gov/register-account.<br><br>To register to E-file, follow the instructions on our website at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.<br><br>If the Massachusetts District Court is not in the dropdown list of courts, please email tracy_mclaughlin@mad.uscourts.gov with the docket number so your account can be updated allowing you to E-file.<br><br>(CAM) (Entered: 04/07/2026) |
| 04/08/2026 | 70 | Supplemental MEMORANDUM in Support re 58 MOTION to Intervene *Pursuant to Fed. R. Civ. P. 24* filed by Daitona Carter. (Carter, Daitona) (Entered: 04/08/2026) |
| 04/08/2026 | 71 | Opposition re 44 MOTION to Dismiss filed by Solos Technology Limited. (Pasek, Jameson) (Entered: 04/08/2026) |
| 04/08/2026 | 72 | Supplemental Notice of Supplemental Authorities re 58 MOTION to Intervene, 62 MOTION in Camera Review filed by Daitona Carter. (Carter, Daitona) (Entered: 04/08/2026) |
| 04/08/2026 | 73 | Supplemental AFFIDAVIT in Support re 58 MOTION to Intervene, 62 MOTION in Camera Review filed by Daitona Carter. (Carter, Daitona) (Entered: 04/08/2026) |
| 04/08/2026 | 74 | CERTIFICATE OF SERVICE pursuant to LR 5.2 by Daitona Carter re 73 Affidavit in Support of Motion, 72 Notice of Supplemental Authorities, 70 Memorandum in Support of Motion . (Attachments: # 1 Exhibit AMENDED MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR, # 2 Exhibit AMENDED NOTICE OF SUPPLEMENTAL AUTHORITY, # 3 Exhibit AMENDED SUPPLEMENTAL AFFIDAVIT OF DAITONA CARTER IN SUPPORT OF MOTION FOR IN CAMERA REVIEW (DOC. 62) AND MOTION TO INTERVENE (DOC. 58))(Carter, Daitona) (Entered: 04/08/2026) |
| 04/09/2026 | 75 | MOTION for Leave to File *a Reply Memorandum* by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc..(Soule, Katherine) (Entered: 04/09/2026) |
| 04/09/2026 | 76 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 75 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should, on or before April 15, 2026, file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (CAM) (Entered: 04/09/2026) |
| 04/09/2026 | 77 | Supplemental MEMORANDUM in Support re 58 MOTION to Intervene *Pursuant to Fed. R. Civ. P. 24* filed by Daitona Carter. (Carter, Daitona) (Entered: 04/09/2026) |
| 04/09/2026 | 78 | Supplemental Notice of Supplemental Authorities re 58 MOTION to Intervene, 62 MOTION in Camera Review filed by Daitona Carter. (Carter, Daitona) (Entered: 04/09/2026) |
| 04/09/2026 | 79 | Supplemental AFFIDAVIT in Support re 58 MOTION to Intervene, 62 MOTION in Camera Review filed by Daitona Carter. (Carter, Daitona) (Entered: 04/09/2026) |
| 04/10/2026 | 80 | Proposed MOTION MOTION FOR STATUS CONFERENCE OR, IN THE ALTERNATIVE, FOR ORDER RESOLVING PENDING SEALING MOTIONS (Docs. 59 & 62) re 62 MOTION in Camera Review, 59 MOTION for Protective Order MOTION to Seal *Motions (Docs. 59 & 62)* by Daitona Carter. (Attachments: # 1 Text of Proposed Order [Proposed] Order on Motion for Status Conference or, in the Alternative, for Order Resolving Pending Sealing Motions (Docs. 59 & 62))(Carter, Daitona) (Entered: 04/10/2026) |

| | | |
|---|---|---|
| 04/10/2026 | 81 | NOTICE of Appearance by Eric E Lancaster on behalf of Meta Platforms Technologies, LLC, Meta Platforms, Inc. (Lancaster, Eric) (Entered: 04/10/2026) |
| 04/10/2026 | 82 | RESPONSE to Motion re 58 MOTION to Intervene filed by Solos Technology Limited. (Pasek, Jameson) (Entered: 04/10/2026) |
| 04/10/2026 | 83 | Supplemental AFFIDAVIT in Support re 58 MOTION to Intervene, 62 MOTION in Camera Review *Pursuant to Fed. R. Civ. P. 24* filed by Daitona Carter. (Attachments: # 1 Exhibit Feb 2017 LinkedIn profile excerpt - Tech Lab 2017 - started July 2016 - and related technology projects, # 2 Exhibit July 27, 2017 LinkedIn post - Tech Lab Blog: Public Notes for AR/VR Development, # 3 Exhibit May 2017 Tesseract OCR / computer vision code, # 4 Exhibit Oct 25, 2017 folder - audio-related.wav files and Python script, # 5 Exhibit Early 2019 LinkedIn profile export - tech, audio engineering, marketing, and prototype development background, # 6 Exhibit June 15, 2019 YouNoodle Aria Entrepreneurship World Cup confirmation email., # 7 Exhibit Photos of early smart-glasses prototypes: frame construction, glass-cutting, and design sketches, # 8 Exhibit Screenshots of private video titles: Aria Smart Glasses and Aria Smart Glasses Pitch)(Carter, Daitona) (Entered: 04/10/2026) |
| 04/13/2026 | 84 | MOTION for Leave to File *to Supplement Evidence* by Daitona Carter. (Attachments: # 1 Exhibit Notice of Authentication (Exhibits G, H, and L), # 2 Text of Proposed Order (Proposed) Order re: Forensic Integrity and Digital Interference, # 3 Exhibit Exhibit G: 2017 Technical Sketches and Aria Prototypes, # 4 Exhibit Exhibit H: June 2019 EWC Third-Party Priority Confirmation, # 5 Exhibit Exhibit L: Forensic Map of Financial Interdependence ($35.2B Expansion) and Twilio)(Carter, Daitona) (Entered: 04/13/2026) |
| 04/13/2026 | 85 | Proposed MOTION for Leave to File *TO SUPPLEMENT THE RECORD PURSUANT TO FED. R. CIV. P. 15(d)* by Daitona Carter.(Carter, Daitona) (Entered: 04/13/2026) |
| 04/13/2026 | 86 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered GRANTING 84 Motion for Leave to File Document ; GRANTING 85 Motion for Leave to File Document ; movant, using the Electronic Case Filing System, should now file the documents for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Movant must include - Leave to file granted on (date of order)- in the caption of the document. (CAM) (Entered: 04/13/2026) |
| 04/14/2026 | 87 | NOTICE of Withdrawal of Appearance by Kathleen M. Ritter (Ritter, Kathleen) (Entered: 04/14/2026) |
| 04/14/2026 | 88 | NOTICE of Withdrawal of Appearance by Gary M Ronan (Ronan, Gary) (Entered: 04/14/2026) |
| 04/15/2026 | 89 | REPLY to Response to 44 MOTION to Dismiss filed by EssilorLuxottica USA, Inc., Luxottica of America, Inc., Oakley, Inc.. (Soule, Katherine) (Entered: 04/15/2026) |
| 04/15/2026 | 90 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. Currently before the Court is pro se movant Daitona Carter's ("Carter") motion to intervene under Federal Rule of Civil Procedure 24. [ECF No. 58 ]. For the following reasons, that motion is denied.<br><br>An applicant may intervene as a matter of right under Rule 24(a) if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect that interest; and (4) her interest will not be adequately represented by existing parties. Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). "Failure to satisfy any single requirement for intervention... is sufficient grounds to deny [the] request." Victim Rights Law Center v. Rosenfelt, 988 F.3d 556, 560–61 (1st Cir. 2021). Under Rule 24(b)(1)(B), the Court may also "permit anyone to intervene... who has a claim... that shares with the main action a common question of law or fact." Permissive intervention under Rule 24(b) is "'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action." In re Bos. Sci. Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass. 2005)). The Court accepts as true non-conclusory allegations made in support of the motion to intervene. B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 543 (1st Cir. 2006).<br><br>Here, Carter may not intervene under Rule 24(a) because she has not sufficiently alleged that she has a protectible interest in this action. Carter claims sole inventorship and ownership of the asserted patents under 35 U.S.C. § 256, based on her alleged "prior conception and reduction to practice of the of technologies embodied in the asserted patents." [ECF No. 58 at 3]. She has not, however, presented non- |

| | | |
|---|---|---|
| | | conclusory allegations to support this claim. See, e.g., Ultravision Techs., LLC v. GoVision, LLC, No. 18-cv-00100, 2020 WL 7261089, at *5 (E.D. Tex. Dec. 9, 2020). To qualify as an inventor of the asserted patents, she must have "contribute[d] to the conception of the invention," which is "'the formation... of a definite and permanent idea of the complete and operative invention[,]'... includ[ing] every feature of the subject matter claimed in the patent." Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1460 (Fed. Cir. 1998) (quoting Hybritech, Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376 (Fed. Cir. 1986)). Neither Carter's motion, [ECF No. 58 ], nor her proposed complaint in intervention, [ECF No. 58-1], nor any of her many other filings to date, [ECF Nos. 70 , 72 , 73 , 77 , 78 , 79 , 83 ], contain non-conclusory allegations suggesting that she contributed to the formation of a definite and permanent idea as to every feature of the subject matter claimed in the asserted patents. Ethicon, Inc., 135 F.3d at 1460; cf.Iceotope Group Limited v. LiquidCool Solutions, Inc., No. 20-cv-02644, 2022 WL 204923, at *3 (D. Minn. Jan. 24, 2022) (holding that allegations that inventors made "unspecified contribution[s] to an assortment of [the asserted] patents or patent applications" were too conclusory to support inventor change under § 256). Accordingly, Carter may not intervene under Rule 24(a).<br><br>The Court also denies Carter's request for permissive intervention under Rule 24(b). Allowing Carter to intervene here would not only substantially expand the scope of the action to include disputes over inventorship; it would also "unduly hinder the efficient resolution" of this case. T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 42 (1st Cir. 2020).<br><br>Accordingly, Carter's motion to intervene, [ECF No. 58 ], is **DENIED**, and all her other pending motions are **DENIED AS MOOT**. (CAM) (Entered: 04/15/2026) |
| 04/17/2026 | 91 | Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER* by Daitona Carter. (Attachments: # 1 Supplement, # 2 Supplement, # 3 Exhibit Granted Leave to File April 13, # 4 Exhibit Granted Leave to File April 13eave to File April 13, # 5 Exhibit Granted Leave to File April 13eave to File April 13, # 6 Exhibit Granted Leave to File April 13ave to File April 13, # 7 Exhibit 2009 Prior work and research with DSP/audio, # 8 Exhibit 2013 Earliest documented conception of context-aware AV system, # 9 Exhibit Conception of AI language translation device, # 10 Exhibit Earliest public conception of AI language device, # 11 Exhibit Thermal eye-tracking STL (M-97), # 12 Exhibit Meet Aria - M52-54 (Younoodle EWC Ex H, ), # 13 Exhibit Meetup.com - patent meetup, # 14 Exhibit Samsung patent published (M-100) matches M+ LinkedIn outreach, # 15 Exhibit Twitter post tagging @boztank & @fb about theft of $68B Project ARIA, # 16 Exhibit TIMELINE COMPARISON CHART, # 17 Exhibit Evidence Table)(Carter, Daitona) (Entered: 04/17/2026) |
| 04/17/2026 | 92 | -1 (Entered: 04/17/2026) |
| 04/17/2026 | 93 | CERTIFICATE OF SERVICE pursuant to LR 5.2 by Daitona Carter re 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER*, 92 Notice (Other) . (Attachments: # 1 Meeting to Confer Statement)(Carter, Daitona) (Entered: 04/17/2026) |
| 04/18/2026 | 94 | NOTICE by Daitona Carter re 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER*, 92 Notice (Other) *Notice of Filing Supplemental Evidence (Exhibits M-39 and N)* (Attachments: # 1 Exhibit Exhibit M-39 (The 95-page Security Logs), # 2 Exhibit Exhibit N (The Screenshots of the Docket 92 Error))(Carter, Daitona) (Entered: 04/18/2026) |
| 04/20/2026 | 95 | Emergency MOTION to Vacate 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER* , Emergency MOTION to Stay *Proceedings Pending Determination of Movants Senior Inventorship Rights Under 35 U.S.C. § 256* ( Responses due by 5/4/2026) by Daitona Carter. (Attachments: # 1 Affidavit DECLARATION OF DAITONA CARTER REGARDING NEWLY DISCOVERED EVIDENCE AND SUPPLEMENTAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(e), # 2 Exhibit AMAZON EMPLOYMENT - CHRONOLOGICAL OVERLAP IP DEVELOPMENT, # 3 Exhibit EXHIBIT P SUPPLEMENTAL DISCLOSURE OF DERIVATIVE INTEREST META MATERIALS INC. ESTATE (CASE NO. 24-50792, D. NEV.), # 4 Exhibit EXHIBIT Q SUPPLEMENTAL DEMONSTRATIVE EVIDENCE)(Carter, Daitona) (Entered: 04/20/2026) |
| 04/20/2026 | 97 | NOTICE OF APPEAL to the Federal Circuit as to 90 Order by Daitona Carter US District Court Clerk to deliver official record to Court of Appeals by 5/11/2026. (Attachments: # 1 Notice of appearance) **Received by the U.S. Court of Appeals for the Federal Circuit and forwarded to this court in accordance with Federal Rule of Appellate Procedure 4(d).** (CAM) (Entered: 04/21/2026) |

| | | |
|---|---|---|
| 04/20/2026 | 98 | MOTION for Administrative Stay Pending Appeal by Daitona Carter. **Received by the U.S. Court of Appeals for the Federal Circuit and forwarded to this court in accordance with Federal Rule of Appellate Procedure 4(d).** (CAM) (Entered: 04/21/2026) |
| 04/21/2026 | 96 | NOTICE by Daitona Carter re 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER* (Carter, Daitona) (Entered: 04/21/2026) |
| 04/21/2026 | 99 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals for the Federal Circuit re 97 Notice of Appeal to the Federal Circuit, (MAP) (Entered: 04/21/2026) |
| 04/22/2026 | 100 | RESPONSE to Motion re 49 MOTION to Dismiss *and Request for Oral Hearing* filed by Solos Technology Limited. (Attachments: # 1 Exhibit, # 2 Exhibit)(Pasek, Jameson) (Entered: 04/22/2026) |
| 04/22/2026 | 101 | USCA for the Federal Circuit Case Number 26-1721 for 97 Notice of Appeal to the Federal Circuit, filed by Daitona Carter. (MAP) (Entered: 04/22/2026) |
| 04/23/2026 | 102 | MOTION for Leave to File *a Reply Memorandum in Further Support of Their Motion to Dismiss* by Meta Platforms Technologies, LLC, Meta Platforms, Inc..(Kamber, Matthias) (Entered: 04/23/2026) |
| 04/24/2026 | 103 | NOTICE by Daitona Carter re 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER*, 95 Emergency MOTION to Vacate 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER* Emergency MOTION to Stay *Proceedings Pending Determination of Movants Senior Inventorship Rights Under 35 U.S.C. § 256* (Attachments: # 1 Affidavit Supp. Declaration of Daitona Carter re: August 2020 Zoom Meeting Metadata, # 2 Exhibit Exhibits T1-T3: Zoom Stills of John Rossant, Emily Yates; Chris Yeh Blitzscaling)(Carter, Daitona) (Entered: 04/24/2026) |
| 04/27/2026 | 104 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 102 Motion for Leave to File a Reply Memorandum in Further Support of Their Motion to Dismiss ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (KF) (Entered: 04/27/2026) |
| 04/27/2026 | 105 | RESPONSE to Motion re 91 Emergency MOTION for Reconsideration *AND RELIEF FROM ORDER* filed by Solos Technology Limited. (Pasek, Jameson) (Entered: 04/27/2026) |
| 04/29/2026 | 106 | MOTION for Leave to File Reply to Response by Daitona Carter. (Attachments: # 1 Exhibit V-1, # 2 Exhibit V-2)(CAM) (Entered: 04/29/2026) |
| 04/29/2026 | 107 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. Pro se movant Daitona Carter's motion for leave to file a reply, [ECF No. 106 ], is **GRANTED**.<br><br>Carter moves for reconsideration of the Court's order, [ECF No. 90 ], denying her request for intervention, [ECF Nos. 91 , 95 ], and for a stay pending her appeal of that order, [ECF No. 98 ].<br><br>The Court considers Carter's motions for reconsideration under the Rule 59(e) standard. See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). The granting of a motion for reconsideration is "an extraordinary remedy" that is only warranted if "newly discovered evidence... has come to light or... the rendering court committed a manifest error of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). "[S]imple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 853 (1st Cir. 2006). Courts have "substantial discretion" and "broad authority" to allow or deny reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81–82 (1st Cir. 2008).<br><br>Carter's filings do not meet the standard for reconsideration. As an initial matter, Carter has not sufficiently shown that anything contained in the filings qualifies as "newly discovered" within the meaning of Rule 59(e), in the sense that it was not previously available to her. See Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 931 (1st Cir. 2014). More importantly, what she has submitted does not cure the defect identified in the Court's prior order, namely, that Carter has not sufficiently alleged that she conceived of or contributed to the conception of the inventions at issue in this litigation. See Glob. Health Sols. LLC v. Selner, 148 F.4th 1363, 1371 (Fed. Cir. 2025) (noting that, to prove derivation, a party "must produce evidence sufficient to show (i) conception of the claimed invention, and (ii) communication of the conceived invention to the respondent prior to respondent's filing of that patent application"); BearBox LLC v. Lancium LLC, 125 F.4th 1101, 1118 (Fed. Cir. 2025) (noting that "[a]n alleged joint inventor must |

| | | |
|---|---|---|
| | | show that he contributed significantly to the conception... or reduction to practice of at least one claim" and that the "contributions... arise from 'some element of joint behavior... ' with the other inventors" (citation omitted)). As Solos notes, Carter's filings reflect, at most, "generalized work in smart glasses technology, software concepts, or prior projects," without identifying any "concrete, claim-level contributions." [ECF No. 105 at 7]. Accordingly, Carter's motions for reconsideration are **DENIED**.<br><br>Before seeking a stay pending appeal from the court of appeals, a person "must ordinarily move first in the district court," Fed. R. App. P. 8(a)(1), but the standard governing its issuance is "generally the same" in both, Hilton v. Braunskill, 481 U.S. 770, 776 (1987). A stay is "'an exercise of judicial discretion' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). To obtain a stay, Carter must "(1) make a 'strong showing that [she is] likely to succeed on the merits' in [her] appeal; (2) show that [she] 'will be irreparably injured absent a stay'; (3) show that 'issuance of the stay will [not] substantially injure the other parties interested in the proceeding'; and (4) show that the stay would serve 'the public interest.'" New York v. Trump, 133 F.4th 51, 65 (1st Cir. 2025) (quoting Nken, 556 U.S. at 434). "The first two factors... are the most critical." Nken, 556 U.S. at 434.<br><br>Carter is not entitled to a stay pending appeal. She has not made a strong showing that she is likely to succeed on the merits, identifying no authority that clearly supports her request for intervention under the circumstances. Given the weakness of her showing on the merits, even her assertions of serious harm—at least some of which appear unrelated to the present action, [ECF No. 98 at 1–2]—do not carry the day. See Braintree Lab'ys, Inc. v. Citigroup Global Markets Inc., 622 F.3d 36, 42 (1st Cir. 2010). Because Carter has not satisfied her burden on the first two factors, the Court need not consider the remaining factors. Carter's motion for a stay pending appeal is **DENIED**.<br><br>Finally, Carter is reminded that the local rules require motions and supporting materials to be filed at the same time, L.R. 7.1(a), and encouraged to refrain from filing further documents that substantially duplicate or repeat material contained in prior filings. Carter is further reminded that the Court has discretion to rescind electronic filing privileges if those privileges are abused.<br><br>(CAM) (Entered: 04/29/2026) |
| 04/30/2026 | 108 | REPLY to Response to 49 MOTION to Dismiss *and Request for Oral Hearing* filed by Meta Platforms Technologies, LLC, Meta Platforms, Inc.. (Kamber, Matthias) (Entered: 04/30/2026) |
| 04/30/2026 | 109 | DECLARATION re 108 Reply to Response to Motion *ISO Defendants' Motion to Dismiss* by Meta Platforms Technologies, LLC, Meta Platforms, Inc.. (Attachments: # 1 Exhibit 9, # 2 Exhibit 10, # 3 Exhibit 11, # 4 Exhibit 12, # 5 Exhibit 13, # 6 Exhibit 14, # 7 Exhibit 15)(Kamber, Matthias) (Entered: 04/30/2026) |
| 05/04/2026 | 110 | MOTION Vacatur of Order of Dismissal and Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6), and 60(d)(3) re 107 Order,,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, , MOTION to Vacate 107 Order,,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, ( Responses due by 5/18/2026) by Daitona Carter. (Attachments: # 1 Exhibit Notice of Candor, # 2 Exhibit Federal Appeals - Emergency Report (Ongoing Interference), # 3 Exhibit state-sponsored malware discovery and the nexus to the ongoing obstruction of Petitioners legal work product, # 4 Exhibit 20172019 "Aria" Field Tests and Industry Validation, # 5 Exhibit "Verbatim Adoption", # 6 Exhibit Documentation of physical interference and theft, # 7 Exhibit Technical Specificity & Derivation Comparison, # 8 Exhibit Physical courier logs regarding the 200 lb feight, # 9 Exhibit Bank closure records and mail-tampering evidence, # 10 Affidavit [Proposed] Order Granting Movant Daitona Carters Motion To Vacate Order [Ecf No. 107] And For Relief From Judgment, # 11 Text of Proposed Order [Proposed] Order Granting Movant Daitona Carters Motion To Vacate Order [Ecf No. 107] And For Relief From Judgment)(Carter, Daitona) (Entered: 05/04/2026) |
| 05/05/2026 | 111 | CERTIFICATE OF CONSULTATION pursuant to LR 7.1 re 110 MOTION Vacatur of Order of Dismissal and Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6), and 60(d)(3) re 107 Order,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, MOTION to Vacate 107 Order,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, by Daitona Carter. (Carter, Daitona) (Entered: 05/05/2026) |
| 05/07/2026 | 112 | RESPONSE to Motion re 110 MOTION Vacatur of Order of Dismissal and Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3), (b)(6), and 60(d)(3) re 107 Order,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, MOTION to Vacate 107 Order,,,,,,,,,,,,,,,,,,, Terminate Motions,,,,,,,,,,,,,,,,,,, filed |

| | | |
|---|---|---|
| | | by Solos Technology Limited. (Pasek, Jameson) (Entered: 05/07/2026) |
| 05/08/2026 | 113 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. Pro se movant Daitona Carter's motion to vacate the Court's prior order denying her request for reconsideration, [ECF No. 110 ], is **DENIED**.<br><br>Carter's motion invokes Federal Rules of Civil Procedure 60(b)(3), 60(b)(6), and 60(d)(3). [ECF No. 110 at 1]. Relief under Rule 60(b) is "extraordinary in nature," and a district court does not abuse its discretion in summarily denying a Rule 60(b) motion that "simply restate[s] the arguments already fully considered and rejected by the court in its previous ruling." Diaz v. Gonzales, 167 F. App'x 820, 822 (1st Cir. 2006). To satisfy Rule 60(b)(3), Carter "'must demonstrate misconduct—such as fraud or misrepresentation—by clear and convincing evidence' and 'show that the misconduct foreclosed full and fair preparation or presentation of [her] case.'" Giroux v. Fed. Nat. Mortg. Ass'n, 810 F.3d 103, 108 (1st Cir. 2016) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir. 2002)). "[R]elief under Rule 60(b)(6) is available only in narrow circumstances," that is, "when Rules 60(b)(1) through (b)(5) are inapplicable" and "extraordinary circumstances... justify reopening." BLOM Bank SAL v. Honickman, 605 U.S. 204, 211 (2025) (citation modified). For a court to "set aside a judgment for fraud on the court" under Rule 60(d)(3), there must be a showing of "an unconscionable scheme or the most egregious conduct designed to corrupt the judicial process." Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50, 63 n.11 (1st Cir. 2016) (quoting LinkCo, Inc. v. NaoyukiAkikusa, 367 F. App'x 180, 182 (2d Cir. 2010)); see also Gillis v. Chase, 894 F.3d 1, 4 (1st Cir. 2018) ("[F]raud on the court requires interference with the judicial process itself, such as bribery of a judge.").<br><br>Carter's motion does not satisfy Rule 60(b) or (d). It appears primarily to restate arguments that the Court already considered and rejected in ruling on Carter's prior motion to intervene and motions for reconsideration. See [ECF No. 90]; [ECF No. 107]. Carter has not shown misconduct, such as fraud or misrepresentation, by clear and convincing evidence, as required for relief under Rule 60(b)(3). By the same token, she has not shown any interference with the judicial process amounting to fraud on the court, as required for relief under Rule 60(d)(3). Finally, she has not shown extraordinary circumstances sufficient to satisfy the strict Rule 60(b)(6) standard. Accordingly, her motion to vacate, [ECF No. 110 ], is **DENIED**.<br><br>The Court notes that this is Carter's third motion for reconsideration of its denial of her motion to intervene, and that it substantially restates arguments advanced in Carter's prior filings. See [ECF Nos. 91 , 95 , 110 ]. Accordingly, the Court orders that, during the pendency of her appeal, Carter must request leave of the Court before filing any further materials related to her request for intervention. Any further filings by Carter related to her request for intervention during the pendency of her appeal without prior leave of the Court will be struck. Should this not deter Carter, the Court will consider terminating her electronic filing privileges. As Carter is aware, her recourse now lies with the Court of Appeals.<br><br>(CAM) (Entered: 05/08/2026) |
| 05/17/2026 | 114 | NOTICE OF APPEAL to the Federal Circuit as to 90 , 107 , 113 Order on Motion for Miscellaneous Relief,,,,,,,,,,,,,, Order on Motion to Vacate,,,,,,,,,,,,, by Daitona Carter US District Court Clerk to deliver official record to Court of Appeals by 6/8/2026. (Carter, Daitona) Modified on 5/18/2026 to Create relationship to document #90, document #107. (CAM). (Entered: 05/17/2026) |
| 05/18/2026 | 115 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals for the Federal Circuit re 114 Notice of Appeal to the Federal Circuit. (CAM) (Entered: 05/18/2026) |

**Appx. 25**

SLIP SHEET: EMERGENCY MOTION TO COMPEL APPELLEES' APPEARANCE

FILED MAY 15, 2026, IN CAFC NO. 26-1721

VERIFYING NOTICE AND DIRECT SERVICE EXECUTED UPON CO-DEFENDANTS

**SOLOS TECHNOLOGY LTD.,**
*Plaintiff-Appellee,*

**v.** **Appeal No. 26-1721**

**META PLATFORMS, INC., et al.,**
*Defendants-Appellees,*

**Lower Court: U.S. District Court for the District of Massachusetts (Case No. 1:26-cv-10304-ADB)**

**(DAITONA CARTER**
*Movant-Appellant.)*

**EMERGENCY MOTION TO COMPEL APPELLEES' APPEARANCE, REQUEST FOR RULING ON PENDING STAY, AND REQUEST FOR SERVICE ACCOMMODATIONS**

Movant-Appellant Daitona Carter ("Appellant") respectfully moves this Court for emergency relief:

**I. Non-Compliance of Appellees' Counsel**

This case was docketed on April 22, 2026. Under Fed. Cir. R. 47.3(b)(1), counsel for all Appellees were required to file an Entry of Appearance by May 6, 2026. To date, counsel for Meta Platforms (Paul Hastings LLP) and Oakley/Luxottica (Morgan Lewis & Bockius LLP) have failed to appear.

**II. Hardship and Misuse of Conventional Service**

Appellant and Plaintiff (Solos) are both registered ECF users. However, because

Appellees' counsel refuse to register for this Court's ECF system, Appellant is forced to serve them via paper mail. Appellant is a victim of TVPA violations, has $0 IFP status, is physically disabled, and has no telephone access. Forcing an indigent, disabled Appellant to bear the physical and financial cost of paper service—due solely to Appellees' counsel's rule violations—is an unconscionable burden.

**III. Request for Ruling on Emergency Stay**

The Emergency Administrative Stay filed on April 22 remains pending. Appellant requests an immediate ruling to prevent further harm.

**IV. Specific Relief Requested**

Appellant requests that the Court:

1. Compel All Counsel of Record: Issue an order compelling all counsel representing the Appellees in the originating tribunal (District of Massachusetts Case No. 1:26-cv-10304-ADB), specifically including the firms of Paul Hastings LLP and Morgan, Lewis & Bockius LLP, to register for this Court's electronic filing system and file mandatory Entries of Appearance within 48 hours;
2. Rule on Emergency Stay: Provide an immediate ruling on the pending Emergency Administrative Stay filed on April 22, 2026;

Case: 26-1573 Document: 1-2 Page: 3 Filed: 05/16/2026

3. Deem Service Complete: Pursuant to the Court's discretion to accommodate a disabled, indigent (IFP) appellant, deem service of all filings "complete" upon Appellant's submission via the CM/ECF system, or alternatively, authorize service via email to all counsel of record to prevent further physical and financial hardship.

**V. Notice of Physical Incapacitation and Request to Waive Paper Service**

On May 15, 2026, Appellant filed a 135-page Renewed Request for Stay and Injunction. This filing was completed under extreme physical duress following a violent battery.

1. Appellant is physically unable to perform the manual labor required for conventional paper service of a 135-page document.
2. Appellees' counsel's continued refusal to register for ECF is an act of procedural bad faith that leverages Appellant's physical injuries against her.
3. Appellant requests that the Court deem service of the 135-page filing "complete" via ECF/Email.

Respectfully submitted,

/s/ Daitona Carter

DAITONA CARTER, Pro Se Movant-Appellant
General Delivery Delivery Points Authenticated via US-Appellate-ECF Gateway
E-Service/E-Filing Portal Access Only

**CERTIFICATE OF COMPLIANCE**

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 455 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

**CERTIFICATE OF SERVICE**

I, Daitona Carter, certify that on May 16, 2026, I electronically filed the foregoing Motion using the CM/ECF system.

Because counsel for Appellees (Paul Hastings LLP and Morgan Lewis & Bockius LLP) have failed to file a mandatory Entry of Appearance or register for ECF, the system could not automatically serve them.

Due to my physical disability, lack of telephone, and $0 IFP status, I am unable to perform conventional paper service. I have therefore served the non-compliant counsel via email at:

**Paul Hastings LLP (Meta Platforms, et al)**

- **Eric E. Lancaster**: ericlancaster@paulhastings.com, ceciliaacosta@paulhastings.com, rayejones@paulhastings.com
- **Lisa K. Nguyen**: lisanguyen@paulhastings.com, ceciliaacosta@paulhastings.com
- **Matthias Kamber**: matthiaskamber@paulhastings.com, ceciliaacosta@paulhastings.com, jerricethomas@paulhastings.com
- **Stephanie Nicole Adamakos**: stephanieadamakos@paulhastings.com

**Morgan, Lewis & Bockius LLP (Ray-Ban /Oakley/Luxottica)**

- **Ali S. Razai**: ali.razai@morganlewis.com, vanessa.green@morganlewis.com
- **Andrew V. Devkar**: andrew.devkar@morganlewis.com
- **Brandon G. Smith**: brandon.g.smith@morganlewis.com, leslie.y.garcia@morganlewis.com, occalendardepartment@morganlewis.com

- **Katherine W. Soule**: katherine.soule@morganlewis.com, katie.thompson@morganlewis.com

Because counsel for Appellees have failed to comply with Fed. Cir. R. 47.3, I have served the legal teams at all email addresses of record in the originating District Court (1:26-cv-10304-ADB) to ensure actual notice and to mitigate the physical and financial hardship caused by their non-compliance.

I have served the 135-page Injunction and this Motion to Compel via email to all counsel of record for Meta Platforms, Inc. and Oakley/Luxottica. Due to my physical disability and indigency, and counsel's failure to register for ECF, this is the only viable method of service.

Appellant's filing was delayed by external technical interference with digital systems, further necessitating the Court's intervention to authorize a simplified, electronic-only service process.

I respectfully request that the Court deem this service sufficient under the circumstances.

Dated: May 16, 2026

/s/ Daitona Carter

DAITONA CARTER, Pro Se Movant-Appellant
General Delivery Delivery Points Authenticated via US-Appellate-ECF Gateway
E-Service/E-Filing Portal Access Only

**Appx. 26**

SLIP SHEET: LUXOTTICA PTAB PETITION COVER AND MANDATORY NOTICES

CASE NO. IPR2026-00376 (FILED JUNE 18, 2026)

DOCUMENTING INITIAL MULTI-FORUM OMISSION OF ACTIVE PARALLEL CAFC APPEAL

Filed: June 18, 2026

Filed on behalf of **Luxottica of America Inc.** and **Meta Platforms, Inc.**

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

LUXOTTICA OF AMERICA INC. AND META PLATFORMS, INC.,
Petitioners,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

Case IPR2026-00376
Patent 12,216,339

# PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 12,216,339

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

LUXOTTICA OF AMERICA INC. AND META PLATFORMS, INC.,
Petitioner,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

IPR2026-00376
Patent 12,216,339

RESPONDENT SOLOS TECHNOLOGY LIMITED'S MANDATORY NOTICES PURSUANT TO 37 C.F.R. § 42.8

Pursuant to 37 C.F.R. § 42.8, Patent Owner Solos Technology Limited ("Patent Owner"), through the undersigned counsel, submits the following mandatory notices in connection with the Petition for Inter Partes Review, Case No. IPR2026-00376 (the "Petition").

**I. Real Party in Interest Under 37 C.F.R. § 42.8(b)(1)**

The Real-Party-in-Interest is Solos Technology Limited.

**II. Related Matters Under 37 C.F.R. § 42.8(b)(2)**

Patent Owner is aware of the following related matter: *Solos Technology Limited v. Meta Platforms, Inc., et al.*, Case No. 1:26-cv-10304, pending in the United States District Court for the District of Massachusetts. Patent Owner is not presently aware of any other judicial or administrative matters that would affect, or be affected by, a decision in this proceeding.

**III. Lead and Back-Up Counsel Under 37 C.F.R. § 42.8(b)(3)**

| Lead Counsel |
| --- |
| Keegan M. Caldwell (Reg. No. 73731)<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-990-4926<br>E-mail: keegan@caldwelllaw.com |

| Back-up Counsel |
| --- |
| Steve Wang (Reg. No. 79,880)<br>steve@caldwelllaw.com<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-776-4505 |
| Jameson J. Pasek (*pro hac vice* forthcoming)<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-990-4914<br>E-mail: jameson@caldwelllaw.com |
| Kenneth Weatherwax (Reg. No. 54,528)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4503<br>E-mail: weatherwax@lowensteinweatherwax.com |
| Parham Hendifar (Reg. No. 71,470)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4500<br>E-mail: hendifar@lowensteinweatherwax.com |
| Nathan Lowenstein (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4502<br>E-mail: lowenstein@lowensteinweatherwax.com |
| Colette Woo (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP |

| |
|---|
| 1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4511<br>E-mail: woo@lowensteinweatherwax.com |
| Dennis Courtney (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4521<br>E-mail: courtney@lowensteinweatherwax.com |

**IV. Service Information Under 37 C.F.R. § 42.8(b)(4)(i-v)**

Please direct all correspondence to lead counsel and back-up counsel at the addresses shown above. Patent Owner also consents to electronic service by email to the email addresses shown above and to Solos_IPRs@lowensteinweatherwax.com.

Dated: July 9, 2026

Respectfully submitted,
Solos Technology Limited
By its attorneys,

/s/ Keegan Caldwell (Reg. No. 73731)
Keegan M. Caldwell
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4926
E-mail: keegan@caldwelllaw.com

Steve Wang (Reg. No. 79,880)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-776-4505
E-mail: steve@caldwelllaw.com

Jameson J. Pasek (*pro hac vice* forthcoming)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4914
E-mail: jameson@caldwelllaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 9, 2026, copies of the foregoing SUBMISSION OF MANDATORY NOTICES PURSUANT TO 37 C.F.R. § 42.8 were served pursuant to 37 C.F.R. § 42.6 on Petitioner by sending copies to Petitioner's counsel at the following email addresses designated for electronic service: MLB-Luxottica-IPR-339@morganlewis.com, PH-Meta-Solos-IPR@paulhastings.com, ali.razai@morganlewis.com, jacob.peterson@morganlewis.com, john.gaustad@morganlewis.com, lisanguyen@paulhastings.com, davidtennant@paulhastings.com, and gracewang@paulhastings.com.

/s/ Keegan Caldwell (Reg. No. 73731)
Keegan M. Caldwell
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4926
E-mail: keegan@caldwelllaw.com

**Appx. 75**

SLIP SHEET: PTAB TRIAL DIVISION CLERICAL ACTION / ADMINISTRATIVE TEXT ORDER

ISSUED JULY 31, 2026, BY DEPUTY CHIEF CLERK ANDREW KELLOGG

SUBSTANTIVE RECHARACTERIZATION AND UNILATERAL REJECTION OF STATUTORY NOTICE

**From:** Trials
**To:** Daitona Carter; mlb-luxottica-ipr-339@morganlewis.com; ph-meta-solos-ipr@paulhastings.com; Ali Razai; jacob.peterson@morganlewis.com; john.gaustad@morganlewis.com; lisanguyen@paulhastings.com; davidtennant@paulhastings.com; gracewang@paulhastings.com; Keegan; Steve; Jameson; weatherwax@lowensteinweatherwax.com; hendifar@lowensteinweatherwax.com; lowenstein@lowensteinweatherwax.com; woo@lowensteinweatherwax.com; courtney@lowensteinweatherwax.com; solos_iprs@lowensteinweatherwax.com
**Cc:** Trials
**Subject:** RE: Emergency Service & Filing Notice – Case No. IPR2026-00376 (Movant Daitona Carter)
**Date:** Friday, July 31, 2026 1:31:33 PM
**Attachments:** image001.png

---

Counsel,

Daitona Carter's submissions are regarded as requests for authorization to file motions in IPR2026-00376. These requests are denied because Daitona Carter is a non-party to the proceeding, and the Board's rules do not provide for the filing of motions by a non-party in an *inter partes* review.

Regards,

Andrew Kellogg,
Deputy Chief Clerk, Trials
Patent Trial and Appeal Board
USPTO
andrew.kellogg@uspto.gov
(571) 272-5366

1776-2026
UNITED STATES PATENT AND TRADEMARK OFFICE
Celebrating 250 years of life, liberty, and the pursuit of innovation

---

**From:** Daitona Carter <ipr@team.daitonacarter.com>
**Sent:** Monday, July 20, 2026 5:28 PM
**To:** Trials <Trials@USPTO.GOV>
**Cc:** mlb-luxottica-ipr-339@morganlewis.com; ph-meta-solos-ipr@paulhastings.com; Ali Razai <ali.razai@morganlewis.com>; jacob.peterson@morganlewis.com; john.gaustad@morganlewis.com; lisanguyen@paulhastings.com; davidtennant@paulhastings.com; gracewang@paulhastings.com; Keegan <keegan@caldwelllaw.com>; Steve <steve@caldwelllaw.com>; Jameson <jameson@caldwelllaw.com>; weatherwax@lowensteinweatherwax.com; hendifar@lowensteinweatherwax.com; lowenstein@lowensteinweatherwax.com; woo@lowensteinweatherwax.com; courtney@lowensteinweatherwax.com; solos_iprs@lowensteinweatherwax.com; PTAB <PTAB@USPTO.GOV>

**Subject:** Emergency Service & Filing Notice – Case No. IPR2026-00376 (Movant Daitona Carter)

Some people who received this message don't often get email from ipr@team.daitonacarter.com. Learn why this is important

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

To the Patent Trial and Appeal Board and Counsel of Record:

Please find attached Movant Daitona Carter's **NOTICE OF RELATED PROCEEDING PURSUANT TO 37 C.F.R. § 42.8(b)(2)** and accompanying **MOTION FOR ACCEPTANCE OF EMAIL FILING** in Case No. IPR2026-00376.

**Emergency Request for Email Acceptance & Section 508 Accommodation**

Movant is appearing *pro se* and faces severe electronic access constraints that completely prevent access to standard USPTO ID.me or P-TACTS accounts. Furthermore, Movant does not have telephone access due to severe safety and access constraints known to the parties.

Pursuant to Section 508 of the Rehabilitation Act (29 U.S.C. § 794d), 37 C.F.R. § 42.5, and 37 C.F.R. § 42.6(b)(1)(i), Movant respectfully requests that the Board:

- Accept the attached filings via email to preserve the administrative record and afford equal access to justice.
- Authorize that all future notices, orders, and service in this proceeding be transmitted directly via email to IPR@daitonacarter.com.
- Handle all communications and orders regarding this request via email, as telephonic communications are unavailable to Movant.

**Physical Delivery Confirmation:** A physical backup copy of this filing has been dispatched via FedEx to the PTAB Trial Division to ensure permanent preservation of the administrative record.

Respectfully submitted,

/s/ Daitona Carter
Movant *Pro Se*
Official Case Correspondence Address: IPR@daitonacarter.com

cc: General PTAB administration

**Appx. 78**

SLIP SHEET: EMERGENCY PETITION TO THE USPTO DIRECTOR

SUBMITTED PURSUANT TO 37 C.F.R. § 1.181 (FILED AUGUST 3, 2026)

PROTESTING CLERICAL OVERREACH AND EXHAUSTING REQUISITE AGENCY REMEDIES

August 3, 2026

TO: Office of the Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

**RE: EMERGENCY PETITION TO THE DIRECTOR UNDER 37 C.F.R. § 1.181**

PTAB Case No.: IPR2026-00376 (U.S. Patent No. 12,216,339)
Parallel Appeal: CAFC Appeal No. 26-1721
Petitioner: Daitona Carter, Pro Se

Dear Director,

Please find enclosed the Emergency Petition to the USPTO Director Under 37 C.F.R. § 1.181 to Invoke Supervisory Authority and Overrule Clerical Filing Blockage, accompanied by a formal Certificate of Service under 37 C.F.R. § 42.6(e) and supporting Exhibit A, B, C, D, E and F.

This emergency filing requests the immediate invocation of supervisory authority under United States v. Arthrex, Inc. to review a July 31, 2026 clerical action by the Trial Division that effectively shields a multi-forum matter from independent judicial and administrative review.

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se
IPR@daitonacarter.com

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE USPTO

| | |
|---|---|
| In re Parallel Board Proceeding:<br><br>LUXOTTICA OF AMERICA INC. and<br><br>META PLATFORMS, INC.,<br>Petitioners,<br><br>v.<br><br>SOLOS TECHNOLOGY LIMITED,<br>Patent Owner.<br>v.<br><br>DAITONA CARTER,<br><br>Movant (Movant-Appellant in<br>CAFC Appeal No. 26-1721). | PTAB Case No.: IPR2026-00376<br>U.S. Patent No.: 12,216,339 |

**EMERGENCY PETITION TO THE USPTO DIRECTOR UNDER 37 C.F.R. § 1.181**
**TO INVOKE SUPERVISORY AUTHORITY**
**AND OVERRULE CLERICAL FILING BLOCKAGE**

Movant Daitona Carter, appearing pro se, respectfully petitions the Director of the United States Patent and Trademark Office pursuant to 37 C.F.R. § 1.181(a)(3) to invoke extraordinary supervisory authority to review, vacate, and overrule a July 31, 2026 administrative action executed by the Deputy Chief Clerk of Trials.

As detailed below, the Deputy Chief Clerk exceeded ministerial authority by issuing a substantive legal determination denying Movant's emergency requests for Section 508 Rehabilitation Act accommodations and a statutory Notice of Related Proceeding. Movant requests that the Director vacate this clerical blockage, accept the underlying submissions, and transmit them to the assigned panel of Administrative Patent Judges to preserve the integrity of the agency record.

## I. STATEMENT OF EXTRAORDINARY CIRCUMSTANCES

The primary litigants in IPR2026-00376 have omitted a critical, active parallel federal appellate litigation before the United States Court of Appeals for the Federal Circuit from their mandatory disclosures: Solos Technology Limited v. Meta Platforms, Inc., et al. (In re Daitona Carter), Appeal No. 26-1721 (Exhibit D). This omission violates the continuous disclosure obligations set forth under 37 C.F.R. Section 42.8(b)(2) and the baseline Duty of Candor and Good Faith mandated by 37 C.F.R. Section 42.11.

To cure this omission, Movant served an Emergency Notice of Related Proceeding alongside an Emergency Motion for Leave to Submit Non-Electronic Filings Pursuant to 37 C.F.R. Section 42.6(b)(1)(i) and Section 508 of the Rehabilitation Act (29 U.S.C. Section 794d) on July 20, 2026 (Exhibit B).

On July 31, 2026, Deputy Chief Clerk Andrew Kellogg issued a formal administrative text response via electronic mail, addressed directly to Movant and primary counsel blocks, substantively ruling that Movant’s submissions "are regarded as requests for authorization to file motions... and are denied" (Exhibit A).

By recharacterizing a statutory Notice of Related Proceeding as an unauthorized motion and denying a Section 508 accessibility request on the merits, the Clerk exceeded ministerial capacity. The impropriety of this clerical lockout is exposed by the underlying federal record:

1. On June 26, 2026, Movant served her compliance-approved appellate opening brief targeting the core title derivation of the patent-in-suit (Exhibit C).

2. On July 30, 2026—less than twenty-four hours before the Clerk issued his denial—Patent Owner Solos actively participated in that same appellate dispute by submitting a comprehensive answering brief on the merits (Exhibit E).

The primary parties are actively litigating priority and inventorship against Movant in a higher federal court while simultaneously concealing that exact litigation from the Patent Trial and Appeal Board. By executing a threshold text lockout, the Clerk has permitted this omission to stand, leaving the assigned panel of Administrative Patent Judges entirely blind to a parallel federal appeal that directly impacts the validity and priority rights of U.S. Patent No. 12,216,339.

## II. GROUNDS FOR RELIEF UNDER 37 C.F.R. § 1.181

Under long-standing USPTO practice and the constitutional framework affirmed in United States v. Arthrex, Inc., 594 U.S. 1 (2021), the Director maintains absolute, supervisory authority to govern the conduct of administrative proceedings and review actions taken by clerks of the Board.

While automated portal protocols protect active dockets from arbitrary third-party intervention, they cannot be mechanically weaponized to suppress a parallel federal appeal or bypass federal disability mandates. Under 37 C.F.R. § 42.5, only Administrative Patent Judges possess the statutory authority to adjudicate requests for leave, determine non-party standing, or rule on compliance with electronic filing restrictions. Because a clerical officer lacks jurisdiction to issue a final denial on the merits, the July 31 administrative text response is an ultra vires act and a nullity as a matter of law. Supervisory intervention is necessary to protect the public interest in accurate, transparent patent rolls.

## III. PRAYER FOR RELIEF

To protect the administrative record and ensure equal access to justice, Petitioner respectfully requests that the Director:

1. **Invoke supervisory authority** under 37 C.F.R. § 1.181 to review and **VACATE** the Deputy Chief Clerk's July 31, 2026 administrative text denial;

2. **ORDER** the Trial Division to append Petitioner's July 20, 2026 submission, Section 508 accessibility motions, and accompanying Exhibits directly to the official case docket for independent evaluation by the panel of Administrative Patent Judges; and

3. **ORDER** the primary litigants to immediately amend their mandatory notices to reflect the active pendency of CAFC Appeal No. 26-1721.

Dated: August 3, 2026

Respectfully submitted,

By: /s/ Daitona Carter
Daitona Carter, Pro Se
Email: IPR@daitonacarter.com

## CERTIFICATE OF SERVICE

Pursuant to 37 C.F.R. § 42.6(e), the undersigned hereby certifies that on August 3, 2026, a true and correct copy of the foregoing Petition to the USPTO Director under 37 C.F.R. § 1.181 was served via electronic mail transmission upon the following designated recipients:

TO:

- Andrew Kellogg (Deputy Chief Clerk, Trials) — andrew.kellogg@uspto.gov
- Luxottica Lead Counsel Block — mlb-luxottica-ipr-339@morganlewis.com
- Meta Lead Counsel Block — ph-meta-solos-ipr@paulhastings.com
- Ali Razai — ali.razai@morganlewis.com
- Jacob Peterson — jacob.peterson@morganlewis.com
- John Gaustad — john.gaustad@morganlewis.com
- Lisa Nguyen — lisanguyen@paulhastings.com
- David Tennant — davidtennant@paulhastings.com
- Grace Wang — gracewang@paulhastings.com
- Keegan — keegan@caldwelllaw.com
- Steve — steve@caldwelllaw.com
- Jameson — jameson@caldwelllaw.com
- Lowenstein Counsel Block — weatherwax@lowensteinweatherwax.com
- Lowenstein Counsel Block — hendifar@lowensteinweatherwax.com
- Lowenstein Counsel Block — lowenstein@lowensteinweatherwax.com
- Lowenstein Counsel Block — woo@lowensteinweatherwax.com
- Lowenstein Counsel Block — courtney@lowensteinweatherwax.com
- Solos Lead Counsel Block — solos_iprs@lowensteinweatherwax.com

CC:

- PTAB Trials Case Management Intake — Trials@uspto.gov

Dated: August 3, 2026

Respectfully submitted,

By: /s/ Daitona Carter

Daitona Carter, Pro Se
Email: IPR@daitonacarter.com

# EXHIBIT INDEX

**EXHIBIT A:** Formal Email Notification from Andrew Kellogg, Deputy Chief Clerk of Trials, Patent Trial and Appeal Board, Dated July 31, 2026.

**EXHIBIT B**: Movant Daitona Carter's Emergency Notice of Related Proceeding in PTAB Case No. IPR2026-00376 Regarding Parallel Federal Appellate Litigation, Dated July 20, 2026.

**EXHIBIT C**: Movant Daitona Carter's Emergency Motion for Leave to Submit Non-Electronic Filings and for Accessibility Accommodations Pursuant to 37 C.F.R. Section 42.5 and Section 508 of the Rehabilitation Act, Dated July 20, 2026.

**EXHIBIT D:** Compliance-Approved Corrected Opening Brief of Movant-Appellant Daitona Carter in CAFC Appeal No. 26-1721, Filed June 26, 2026. (Attached to Exibit B)

**EXHIBIT E**: Docket Sheet Summary for the U.S. Court of Appeals for the Federal Circuit, Case No. 26-1721.

**EXHIBIT F:** Brief for Appellee Solos Technology Limited in CAFC Appeal No. 26-1721, Executed and Stamped July 30, 2026.

# EXHIBIT A

**From:** Trials
**To:** Daitona Carter; mlb-luxottica-ipr-339@morganlewis.com; ph-meta-solos-ipr@paulhastings.com; Ali Razai; jacob.peterson@morganlewis.com; john.gaustad@morganlewis.com; lisanguyen@paulhastings.com; davidtennant@paulhastings.com; gracewang@paulhastings.com; Keegan; Steve; Jameson; weatherwax@lowensteinweatherwax.com; hendifar@lowensteinweatherwax.com; lowenstein@lowensteinweatherwax.com; woo@lowensteinweatherwax.com; courtney@lowensteinweatherwax.com; solos_iprs@lowensteinweatherwax.com
**Cc:** Trials
**Subject:** RE: Emergency Service & Filing Notice – Case No. IPR2026-00376 (Movant Daitona Carter)
**Date:** Friday, July 31, 2026 1:31:33 PM
**Attachments:** image001.png

---

Counsel,

Daitona Carter's submissions are regarded as requests for authorization to file motions in IPR2026-00376. These requests are denied because Daitona Carter is a non-party to the proceeding, and the Board's rules do not provide for the filing of motions by a non-party in an *inter partes* review.

Regards,

Andrew Kellogg,
Deputy Chief Clerk, Trials
Patent Trial and Appeal Board
USPTO
andrew.kellogg@uspto.gov
(571) 272-5366

UNITED STATES PATENT AND TRADEMARK OFFICE
1776-2026
Celebrating 250 years of life, liberty, and the pursuit of innovation

---

**From:** Daitona Carter <ipr@team.daitonacarter.com>
**Sent:** Monday, July 20, 2026 5:28 PM
**To:** Trials <Trials@USPTO.GOV>
**Cc:** mlb-luxottica-ipr-339@morganlewis.com; ph-meta-solos-ipr@paulhastings.com; Ali Razai <ali.razai@morganlewis.com>; jacob.peterson@morganlewis.com; john.gaustad@morganlewis.com; lisanguyen@paulhastings.com; davidtennant@paulhastings.com; gracewang@paulhastings.com; Keegan <keegan@caldwelllaw.com>; Steve <steve@caldwelllaw.com>; Jameson <jameson@caldwelllaw.com>; weatherwax@lowensteinweatherwax.com; hendifar@lowensteinweatherwax.com; lowenstein@lowensteinweatherwax.com; woo@lowensteinweatherwax.com; courtney@lowensteinweatherwax.com; solos_iprs@lowensteinweatherwax.com; PTAB <PTAB@USPTO.GOV>

**Subject:** Emergency Service & Filing Notice – Case No. IPR2026-00376 (Movant Daitona Carter)

Some people who received this message don't often get email from ipr@team.daitonacarter.com. Learn why this is important

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

To the Patent Trial and Appeal Board and Counsel of Record:

Please find attached Movant Daitona Carter's **NOTICE OF RELATED PROCEEDING PURSUANT TO 37 C.F.R. § 42.8(b)(2)** and accompanying **MOTION FOR ACCEPTANCE OF EMAIL FILING** in Case No. IPR2026-00376.

**Emergency Request for Email Acceptance & Section 508 Accommodation**

Movant is appearing *pro se* and faces severe electronic access constraints that completely prevent access to standard USPTO ID.me or P-TACTS accounts. Furthermore, Movant does not have telephone access due to severe safety and access constraints known to the parties.

Pursuant to Section 508 of the Rehabilitation Act (29 U.S.C. § 794d), 37 C.F.R. § 42.5, and 37 C.F.R. § 42.6(b)(1)(i), Movant respectfully requests that the Board:

- Accept the attached filings via email to preserve the administrative record and afford equal access to justice.
- Authorize that all future notices, orders, and service in this proceeding be transmitted directly via email to IPR@daitonacarter.com.
- Handle all communications and orders regarding this request via email, as telephonic communications are unavailable to Movant.

**Physical Delivery Confirmation:** A physical backup copy of this filing has been dispatched via FedEx to the PTAB Trial Division to ensure permanent preservation of the administrative record.

Respectfully submitted,

/s/ Daitona Carter
Movant *Pro Se*
Official Case Correspondence Address: IPR@daitonacarter.com

cc: General PTAB administration

# EXHIBIT B

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

| | |
|---|---|
| **LUXOTTICA OF AMERICA INC.** and | ) |
| **META PLATFORMS, INC.**, | ) |
| Petitioner, | ) **Case No.: IPR2026-00376** |
| | ) **Patent No.: 12,216,339** |
| v. | ) |
| | ) |
| **SOLOS TECHNOLOGY LIMITED**, | ) |
| Patent Owner. | ) |

**MOVANT DAITONA CARTER'S EMERGENCY MOTION FOR LEAVE TO FILE NOTICE OF RELATED PROCEEDING PURSUANT TO 37 C.F.R. § 42.8(b)(2), FOR ACCESSIBILITY ACCOMMODATIONS, AND SUBMISSION OF EXHIBITS 3001–3003**

## PRELIMINARY STATEMENT & NON-PARTY STANDING

NOW COMES Movant Daitona Carter, appearing pro se, and respectfully moves the Patent Trial and Appeal Board (PTAB) under 37 C.F.R. § 42.5 and § 42.20 for leave to submit this Notice of Related Proceeding into the administrative record of Case No. IPR2026-00376.

Movant is the Appellant in active parallel appellate litigation before the U.S. Court of Appeals for the Federal Circuit in Solos Technology Limited v. Meta Platforms, Inc., et al. and Re in: Daitona Carter, Appeal No. 2026-1721.

Movant submits this motion to alert the Board that both Petitioners (Luxottica / Meta Platforms) and Patent Owner (Solos Technology) breached their continuing Duty of Candor and Good Faith under 37 C.F.R. § 42.11 by omitting CAFC Appeal No. 2026-1721 from their mandatory disclosures under 37 C.F.R. § 42.8.

Movant submits this filing as an interested party to preserve the administrative record, reserving all rights under PTAB rules and applicable law, including the right to seek formal intervention or further procedural relief as necessary.

**I. NOTICE OF PARALLEL FEDERAL APPELLATE PROCEEDING**

Under 37 C.F.R. § 42.8(b)(2), parties before the Board have a mandatory, continuing obligation to identify any judicial or administrative matter that may affect, or be affected by, a decision in the proceeding.

- **Active Appeal Before the Federal Circuit:** The fundamental validity, structural ownership, original derivation, and priority rights of U.S. Patent No. 12,216,339 are currently pending active review before the United States Court of Appeals for the Federal Circuit in ***Solos Technology Limited v. Meta Platforms, Inc., et al.*** **and Re in: Daitona Carter, Appeal No. 2026-1721**.
- **Omission in Mandatory Notices:**
    - On June 18, 2026, Petitioners Meta Platforms, Inc. and Luxottica of America Inc. initiated this proceeding (IPR2026-00376) challenging U.S. Patent No. 12,216,339 without disclosing the existence of active appellate proceedings in Appeal No. 2026-1721.

  - On July 9, 2026, Patent Owner Solos Technology Limited filed its Mandatory Notices under 37 C.F.R. § 42.8. In Section II ("Related Matters"), Patent Owner stated that it was *"not presently aware of any other judicial or administrative matters that would affect, or be affected by, a decision in this proceeding."*

- **Substantive Impact on IPR2026-00376:** The pending Federal Circuit appeal directly concerns the underlying intellectual property and priority rights of the subject patent. The omission of Appeal No. 2026-1721 creates an incomplete record before the Board regarding the threshold procedural and jurisdictional status of the subject patent.

**II. PROCEDURAL PRAYER FOR RELIEF**

To preserve agency resources, avoid conflicting federal rulings, and ensure a complete administrative record, it is respectfully requested that the Board:

1. Formally update the administrative record for Case No. IPR2026-00376 to reflect the pendency of **CAFC Appeal No. 2026-1721**;
2. Consider the active, parallel appellate proceedings under the Board's discretionary authority when evaluating institution decisions; and
3. Stay or defer institution of this proceeding pending the disposition of CAFC Appeal No. 2026-1721.

**DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date: July 20, 2026

/s/ Daitona Carter

Daitona Carter
Movant Pro Se

General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
Email: IPR@daitonacarter.com
Phone: None
(ALL SERVICE VIA EMAIL ONLY)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2026, a true and correct copy of the foregoing **Notice of Related Proceeding Pursuant to 37 C.F.R. § 42.8(b)(2)** was served via electronic mail on counsel of record for Petitioners and Patent Owner in Case No. IPR2026-00376:

**Counsel for Petitioner (Luxottica of America Inc. & Meta Platforms, Inc.):**

- MLB-Luxottica-IPR-339@morganlewis.com
- PH-Meta-Solos-IPR@paulhastings.com
- ali.razai@morganlewis.com
- jacob.peterson@morganlewis.com
- john.gaustad@morganlewis.com
- lisanguyen@paulhastings.com
- davidtennant@paulhastings.com
- gracewang@paulhastings.com

**Counsel for Patent Owner (Solos Technology Limited):**

- keegan@caldwelllaw.com

- steve@caldwelllaw.com
- jameson@caldwelllaw.com
- weatherwax@lowensteinweatherwax.com
- hendifar@lowensteinweatherwax.com
- lowenstein@lowensteinweatherwax.com
- woo@lowensteinweatherwax.com
- courtney@lowensteinweatherwax.com
- Solos_IPRs@lowensteinweatherwax.com

/s/ Daitona Carter

Daitona Carter
Movant Pro Se

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

| | |
|---|---|
| **LUXOTTICA OF AMERICA INC.** and | ) |
| **META PLATFORMS, INC.**, | ) |
| Petitioner, | ) **Case No.: IPR2026-00376** |
| | ) **Patent No.: 12,216,339** |
| v. | ) |
| | ) |
| **SOLOS TECHNOLOGY LIMITED**, | ) |
| Patent Owner. | ) |

**MOVANT DAITONA CARTER'S EXHIBIT LIST**
**PURSUANT TO 37 C.F.R. § 42.63(e)**

Movant Daitona Carter hereby submits the following Exhibit List in support of the Notice of Related Proceeding Pursuant to 37 C.F.R. § 42.8(b)(2):

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| EXHIBIT 3001 | Official Docket Summary Sheet for CAFC Appeal No. 2026-1721 (Solos Technology Ltd v. Meta Platforms, Inc., et al. and Daitona Carter.) |
| EXHIBIT 3002 | Appellant's Compliance-Approved Opening Brief in CAFC Appeal No. 2026-1721 (Submitted June 21, 2026 - Compliance Review Complete and Approved July 7, 2026 - Excerpts) |
| EXHIBIT 3003 | Movant's Notice of Appeal / Amended Notice of Appeal in CAFC Appeal No. 2026-1721 |

Respectfully submitted,

Date: July 20, 2026

/s/ Daitona Carter

Daitona Carter

Movant Pro Se
Email: IPR@daitonacarter.com

**EXHIBIT 3001**

Official Docket Summary Sheet for CAFC Appeal No. 2026-1721
(Solos Technology Ltd v. Meta Platforms, Inc., et al. and Daitona Carter)

**General Docket**
**United States Court of Appeals for the Federal Circuit**

**Court of Appeals Docket #:** 26-1721 **Docketed:** 04/22/2026
**Nature of Suit:** 830 Patent Infringement (Fed. Qst.)
Solos Technology Ltd. v. Meta Platforms, Inc.
**Appeal From:** United States District Court for the District of Massachusetts
**Fee Status:** In Forma Pauperis

**Case Type Information:**
**1)** Civil Private
**2)** -
**3)** -

**Originating Court Information:**
**District:** 0101-1 : 1:26-cv-10304-ADB
**Trial Judge:** Allison Dale Burroughs, Judge
**Date Filed:** 01/23/2026
**Date NOA Filed:** 04/20/2026
**Date Rec'd COA:** 04/21/2026

**Prior Cases:**
None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 26-136 | 26-1721 | 04/22/2026 | |

SOLOS TECHNOLOGY LTD.
Plaintiff - Appellee

Jameson Joseph Pasek, Litigation Counsel
Direct: 857-990-4914
Email: jameson@caldwelllaw.com
[LD NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Keegan Michael Caldwell, Attorney
Direct: 857-990-4926
Email: keegan@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Shixiong Wang, -
Direct: 857-776-4505
Email: steve@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

v.

META PLATFORMS, INC.
Defendant

META PLATFORMS TECHNOLOGIES, LLC
Defendant

OAKLEY, INC.
Defendant

| | |
|---|---|
| LUXOTTICA OF AMERICA, INC.<br>Defendant | |
| ESSILORLUXOTTICA USA, INC.<br>Defendant | |
| v. | |
| DAITONA CARTER<br>Movant - Appellant | Daitona Carter, -<br>Email: dddddc@tuta.com<br>[NTC Pro Se]<br>General Delivery, Main Post Office<br>2 Massachusetts Ave NE<br>Washington, DC 20002 |

SOLOS TECHNOLOGY LTD.,

Plaintiff - Appellee

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA USA, INC.,

Defendants

DAITONA CARTER,

Movant - Appellant

| | | |
|---|---|---|
| 04/22/2026 | 1<br>29 pg, 784.5 KB | Appeal docketed. Received: 04/21/2026. [1161693]<br>Fee/IFP is due on 05/06/2026. Entry of Appearance is due on 05/06/2026. Appellant's brief is due on 06/22/2026. [JSP] [Entered: 04/22/2026 11:45 AM] |
| 04/22/2026 | 2<br>13 pg, 236.51 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18. Service: 04/22/2026 by clerk. [1161778] [IMH] [Entered: 04/22/2026 04:13 PM] |
| 04/23/2026 | 3<br>7 pg, 1.32 MB | MOTION of Appellant Daitona Carter to correct or supplement. Service: 04/23/2026 by email. [1162213] [26-1721] [Daitona Carter] [Entered: 04/23/2026 06:33 PM] |
| 04/24/2026 | 4<br>4 pg, 73.9 KB | Notice of Physical Filing of the Supplemental Declaration and Exhibits T-1, T-2, and T-3 for Appellant Daitona Carter. Service: 04/24/2026 by email. [1162435] [26-1721] [Daitona Carter] [Entered: 04/24/2026 02:39 PM] |
| 04/27/2026 | 5<br>6 pg, 75.68 KB | MOTION of Appellant Daitona Carter for leave to proceed in Forma Pauperis. Service: 04/27/2026 by email. [1162774] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:12 PM] |
| 04/27/2026 | 6<br>3 pg, 941.55 KB | Notice of Unrepresented Person Appearance and Consent to Electronic Filing and Service for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162775] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:14 PM] |
| 04/27/2026 | 7<br>3 pg, 363.05 KB | Certificate of Interest for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162776] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:16 PM] |
| 04/27/2026 | 8<br>2 pg, 98.26 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [2], Doc No. [3], Doc No. [4], Doc No. [5], Doc No. [6], Doc No. [7]. Service: 04/27/2026 by email. [1162795] [26-1721] [Daitona Carter] [Entered: 04/27/2026 08:18 PM] |
| 04/28/2026 | 9<br>1 pg, 78.16 KB | Entry of Appearance for Jameson J. Pasek as counsel for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163137] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:22 PM] |
| 04/28/2026 | 10<br>3 pg, 89.01 KB | Certificate of Interest for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163138] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:25 PM] |
| 04/28/2026 | 11<br>60 pg, 19.84 MB | Status report for Appellant Daitona Carter. Service: 04/28/2026 by email. [1163140] [26-1721] [Daitona Carter] [Entered: 04/28/2026 09:55 PM] |
| 04/28/2026 | 12<br>2 pg, 79.08 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [11]. Service: 04/28/2026 by email. [1163145] [26-1721] [Daitona Carter] [Entered: 04/28/2026 11:41 PM] |
| 04/29/2026 | 13<br>2 pg, 62.42 KB | ORDER granting motion for leave to proceed in forma pauperis [5] filed by Appellant Daitona Carter. Service as of this date by the Clerk of Court. [1163189] [NL] [Entered: 04/29/2026 09:54 AM] |
| 04/30/2026 | 14<br>14 pg, 246.7 KB | RESPONSE of Appellee Solos Technology Ltd. to Doc No. [2]. Service: 04/30/2026 by email. [1163651] [26-1721] [Jameson Pasek] [Entered: 04/30/2026 12:17 PM] |
| 04/30/2026 | 15<br>57 pg, 21.1 MB | MOTION of Appellant Daitona Carter to expedite.. Service: 04/30/2026 by email. [1163905] [26-1721] [Daitona Carter] [Entered: 04/30/2026 11:55 PM] |
| 05/04/2026 | 16<br>1 pg, 76.67 KB | Entry of Appearance for Shixiong Wang as counsel for Appellee Solos Technology Ltd.. Service: 05/04/2026 by email. [1164544] [26-1721] [Shixiong Wang] [Entered: 05/04/2026 06:04 PM] |
| 05/06/2026 | 17<br>208 pg, 35.72 MB | REPLY of Appellant Daitona Carter to response [14]. Service: 05/06/2026 by email. [1165362] [26-1721] [Daitona Carter] [Entered: 05/06/2026 07:24 PM] |
| 05/07/2026 | 18<br>1 pg, 91.26 KB | Entry of Appearance for Keegan M. Caldwell as counsel for Appellee Solos Technology Ltd.. Service: 05/07/2026 by email. [1165704] [26-1721] [Keegan Caldwell] [Entered: 05/07/2026 06:58 PM] |
| 05/15/2026 | 19<br>135 pg, 24.52 MB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, for temporary injunction, to expedite., to expedite., Emergency Stay (18USC1595); Injunction vs Aria/ EagleEye/Neural SDK rollout; Constructive Trust for $22B; Funds for Independent Security/Secure Housing chosen by Appellant; Unseal ECF 92; Forensic Medical/Toxicological screening for life-safety emergency.. Service: 05/15/2026 by email. [1167468] [26-1721] [Daitona Carter] [Entered: 05/15/2026 01:46 PM] |
| 05/16/2026 | 20<br>7 pg, 126.62 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, EMERGENCY MOTION to Compel Appearance, Request for Ruling on Stay, and Request for ADA Service Accommodations.. Service: 05/16/2026 by email. [1167582] [26-1721] [Daitona Carter] [Entered: 05/16/2026 01:40 PM] |
| 05/16/2026 | 21<br>4 pg, 118.89 KB | Notice from Appellant Daitona Carter Appellant's Transcript Statement pursuant to FRAP 10(b)(1). Service: 05/16/2026 by email. [1167585] [26-1721] [Daitona Carter] [Entered: 05/16/2026 08:53 PM] |

| | | |
|---|---|---|
| 05/17/2026 | 22<br>3 pg, 118 KB | Citation of Supplemental Authority pursuant to Fed. R. App. P. 28(j) for Appellant Daitona Carter. Service: 05/17/2026 by email. [1167589] [26-1721] [Daitona Carter] [Entered: 05/17/2026 02:37 PM] |
| 05/18/2026 | 23<br>3 pg, 126.73 KB | ORDER The motions [2], [3] are denied except that ECF No. [6] at 1-2 is accepted for filing. Within seven days from the date of entry of this order, Ms. Carter is directed to comply with Federal Circuit Rule 15(a)(3) by providing her current address and telephone number. Failure to comply will result in dismissal of this appeal for failure to prosecute. Service as of this date by the Clerk of Court. [1167846] [NL] [Entered: 05/18/2026 04:15 PM] |
| 05/18/2026 | 24<br>5 pg, 75.68 KB | RESPONSE of Appellant Daitona Carter to the Court Order to set case manager tickler date [23] , Court Order [23] with MOTION to to seal document. Service: 05/18/2026 by email [1167882] [26-1721] [Daitona Carter] [Entered: 05/18/2026 06:13 PM] |
| 05/20/2026 | 25<br>29 pg, 1016.42 KB | Amended Notice of Appeal for Daitona Carter. Service: 05/17/2026 by email. [1168431] [JSP] [Entered: 05/20/2026 03:35 PM] |
| 05/21/2026 | 26<br>4 pg, 129.96 KB | Notice from Appellant Daitona Carter Supplemental Certificate of Service. Service: 05/21/2026 by email. [1168924] [26-1721] [Daitona Carter] [Entered: 05/21/2026 09:26 PM] |
| 05/22/2026 | 27<br>3 pg, 132.34 KB | ORDER filed denying motions [2], [15]. (Per Curiam). Service as of this date by the Clerk of Court. [1169040] [NL] [Entered: 05/22/2026 12:02 PM] |
| 06/21/2026 | 28<br>57 pg, 4.75 MB | OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174810] [26-1721] This document is non-compliant. See Doc No.[30] [Daitona Carter] [Entered: 06/21/2026 04:23 AM] |
| 06/21/2026 | 29<br>687 pg, 104.54 MB | MODIFIED ENTRY: APPENDIX FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174811] --[Edited 06/25/2026 by JSP - compliance review complete] [Daitona Carter] [Entered: 06/21/2026 04:30 AM] |
| 06/25/2026 | 30<br>2 pg, 225.75 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Daitona Carter, Opening Brief [28], is not in compliance with the rules of this court (see attached). Compliant document due on 07/02/2026. Unless ordered otherwise, the deadline for any responsive filing runs from service of the original version. Service as of this date by the Clerk of Court. [1175844] [JSP] [Entered: 06/25/2026 11:22 AM] |
| 06/26/2026 | 31<br>59 pg, 5.04 MB | MODIFIED ENTRY: CORRECTED OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/26/2026 by email. [1176313] --[Edited 07/06/2026 by IMH - Reason: compliance review complete] [Daitona Carter] [Entered: 06/26/2026 11:26 PM] |
| 06/29/2026 | 33<br>3 pg, 106.92 KB | ORDER filed accepting ECF No. [22] for filing. ECF No. [24] is granted only to the extent that the docket is updated to reflect the designated address for Ms. Carter. The motions, otherwise are denied, and ECF No. [24] is unsealed. (Per Curiam). Service as of this date by the Clerk of Court. [1176552] [NL] [Entered: 06/29/2026 03:47 PM] |

**EXHIBIT 3002**

Appellant's Compliance-Approved Opening Brief
in CAFC Appeal No. 2026-1721 (Submitted June 21, 2026 - Compliance Review Complete and Approved July 7, 2026 - Excerpts)

**No. 2026-1721**

# United States Court of Appeals for the Federal Circuit

SOLOS TECHNOLOGY LTD.,

*Plaintiff-Appellee*,

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA, USA, LLC,

*Defendants*,

DAITONA CARTER,

*Movant-Appellant*.

Appeal from the United States District Court for the District of Masschusetts
in 1:26cv–1034–ADB
Judge Allison D. Burroughs

# CORRECTED OPENING BRIEF OF MOVANT-APPELLANT DAITONA CARTER

JUNE 26, 2026

**DAITONA CARTER**
*Movant-Appellant Pro Se*
2 Massachusetts Ave NE
General Delivery, Main
Post Office
Washington, DC 20002
legal@daitonacarter.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... 2

TABLE OF AUTHORITIES ..... 5

Cases ..... 5

Statutes and Constitutional Provisions ..... 5

Rules and Regulations ..... 6

I. STATEMENT OF RELATED CASES ..... 7

II. JURISDICTIONAL STATEMENT ..... 8

III. STATEMENT OF THE ISSUES ..... 9

IV. STATEMENT OF THE CASE ..... 12

A. Nature of the Case and Coordinated Derivative Misappropriation Framework ..... 13

B. Factually Justified Pleading Timelines and Impossibility of Prior Administration ..... 14

C. The Three-Stage Administrative Lockout and Record Alteration Below ..... 15

D. Overview of Vested Property Interests and Patent Stacks ..... 16

E. Forensic Mapping of Movant's Technology and Ignored Exhibits ..... 17

F. Integration of Stolen Assets into Global Supply Chains ..... 17

A. Denial of Motion to Intervene (First Circuit Procedural Law) ..... 19

B. Substantive Patent Law Frameworks (Federal Circuit Law) ..... 19

C. Fraud on the Court, Rule 41 Dismissals, and Constitutional Due Process ..... 20

VII. SUMMARY OF ARGUMENT ........................................................................ 20

VIII. ARGUMENT ........................................................................................... 23

I. THE DISTRICT COURT MAINTAINED ANCILLARY JURISDICTION TO INVESTIGATE COORDINATED FRAUD ON THE COURT UNDER RULE 60(d)(3) .......... 23

II. THE REPLACEMENT OF FORENSIC PROOFS WITH "-1" PLACEHOLDERS CONSTITUTES AN INTENTIONAL SUPPRESSION OF EVIDENCE AND A FRAUD ON THE COURT UNDER RULE 60(d)(3) ................................................... 24

III. THE DISTRICT COURT COMMITTED A REVERSIBLE ERROR OF PATENT LAW BY DENYING INTERVENTION AND FORCING A PLEADING-STAGE LOCKOUT UNDER 35 U.S.C. § 256 ............................................................ 25

A. The Lower Court Misapplied Threshold Intervention Metrics by Forcing an Exhaustive Pre-Discovery Mini-Trial ........................................................... 25

B. Appellees' Reliance on the "BlueRadio" Motion to Dismiss is a Forensic Pretext to Short-Circuit Appellant's Intervention and Evade 35 U.S.C. § 256 Oversight ............. 26

C. The District Court's Finding of a "Factual Void" Constitutes Reversible Legal Error Under CAFC Pleading Standards ......................................................... 27

D. Appellees Cannot Mechanically Enforce Procedural Timelines While Actively Maintaining the Ongoing Criminal Obstacles That Cause Them ................................. 28

E. Contractual Privity is Not a Prerequisite for a Statutory Inventorship Claim Under Section 256 ............................................................................................. 29

F. The District Court Erred by Holding a Pro Se Intervenor to a Hyper-Technical Patent

Litigation Pleading Standard ........ 30

G. The District Court's "Catch-22" Ruling is a Reversible Abuse of Discretion ........ 31

H. The District Court Impermissibly Conducted a Premature "Mini-Trial" on the Merits via Text Order ........ 32

I. The District Court Committed a Reversible Abuse of Discretion by Categorizing Active Witness Tampering and Extrajudicial Containment as Irrelevant to the Adjudication of Title Under 35 U.S.C. § 256 ........ 32

J. The Lower Court Abused Its Discretion by Mooting Appellant's Pre-Emptive Security Motions and Ignoring Clear Evidence of Record Tampering ........ 35

K. Under *Fortress Iron*, the Exclusion of the True Creator Voids the Patent and Deprives the Court of the Power to Proceed ........ 36

IX. THE DISTRICT COURT VIOLATED FIFTH AMENDMENT PROCEDURAL DUE PROCESS THROUGH ITS COERCIVE ........ 36

"GRANT-and-TERMINATE" MANEUVER AND FILING MORATORIUM (Appx19) ........ 36

X. THE FEIGNED, NON-ADVERSARIAL NATURE OF THE UNDERLYING ACTIONS BARS APPELLEES FROM EQUITABLE RELIEF UNDER THE DOCTRINE OF UNCLEAN HANDS ........ 38

XII. TRANSNATIONAL TECHNOLOGY FEDERATION UNDER THE AUKUS PROCUREMENT STRUCTURE REQUIRES AN IMMEDIATE DIRECT MANDATE FOR INVENTORSHIP CORRECTION ........ 40

**A. Reassignment on Remand to the Southern District of New York (SDNY) is Mandated to Purge Systemic Conflicts** ..... 41

**B. Appellees Are Equitably Estopped from Asserting Procedural Bars Where the Patent Title Relies on Coercive Extraction and TVPA Violations** ..... 41

**XII. CONCLUSION AND PRAYER FOR RELIEF** ..... 44

**CERTIFICATE OF COMPLIANCE** ..... 45

**PROOF OF SERVICE** ..... 46

**ADDENDUM** ..... 48

**Appx12**– Electronic Order Denying Motion to Intervene ..... 49

**Appx15** – Electronic Order Denying Motion for Reconsideration and Stay ..... 52

**Appx19** – Electronic Order Denying Rule 60 Motion to Vacate ..... 55

## TABLE OF AUTHORITIES

### Cases


| | |
|---|---|
| *Apotex Inc. v. Daiichi Sankyo Co.*, 787 F.3d 1356 (Fed. Cir. 2015). | 24 |
| *Armstrong v. Manzo*, 380 U.S. 544 (1965). | 36 |
| *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544 (1st Cir. 2006) | 18 |
| *Blue Gentian, LLC v. Tristar Products, Inc.*, 54 F.4th 1360 (Fed. Cir. 2022). | 21, 30 |
| *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). | 23, 27 |
| *Erickson v. Pardus*, 551 U.S. 89 (2007). | 31 |
| *Fortress Iron, L.P. v. Digger Specialties, Inc.*, No. 24-2313 (Fed. Cir. Apr. 2, 2026). | *passim* |
| *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 64 (1st Cir. 2008) | 18 |
| *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 47 (1st Cir. 1995) | 19 |
| *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231 (Fed. Cir. 2018). | *passim* |
| *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). | *passim* |
| *Honeywell International Inc. v. Arkema Inc.*, 939 F.3d 1345 (Fed. Cir. 2019). | *passim* |
| *Hor v. Chu*, 699 F.3d 1331 (Fed. Cir. 2012). | *passim* |
| *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004 | 19 |
| *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517 (11th Cir. 1987). | 27 |
| *Liteky v. United States*, 510 U.S. 540 (1994). | 41 |
| *Media Technologies Licensing, LLC v. Upper Deck Co.*, 596 F.3d 1334, 1337 (Fed. Cir. 2010) | 18 |
| *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998). | 42 |
| *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945). | *passim* |
| *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551 (Fed. Cir. 1997). | *passim* |
| *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987). | 10 |
| *Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)* | 35 |
| *United States v. Robin*, 553 F.2d 8 (2d Cir. 1977). | 41 |
| *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575 (1946). | 24 |
| *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025). | 23 |


### Statutes and Constitutional Provisions


| | |
|---|---|
| U.S. Const. amend. V. | passim |
| 18 U.S.C. § 1595(b)(1). | 42 |

28 U.S.C. § 1295(a)(1). 10
28 U.S.C. § 1331. passim
28 U.S.C. § 1338(a). 10
28 U.S.C. § 2106. passim
35 U.S.C. § 101. passim
35 U.S.C. § 102. passim
35 U.S.C. § 256. passim

**Rules and Regulations**

48 C.F.R. § 52.222-50 42
Fed. R. App. P. 10(e) 30, 37
Fed. R. App. P. 32(a) passim
Fed. R. Civ. P. 24 passim
Fed. R. Civ. P. 24(a)(2) passim
Fed. R. Civ. P. 41(a)(1)(A)(i) passim
Fed. R. Civ. P. 59(e) 14
Fed. R. Civ. P. 60(b)(3) passim
Fed. R. Civ. P. 60(b)(6) 14
Fed. R. Civ. P. 60(d)(3) passim

## I. STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellant states that there are no known related cases pending in this or any other court that would directly impact the determination of this senior inventorship claim.

## II. JURISDICTIONAL STATEMENT

The District Court's statutory jurisdiction was originally invoked under 35 U.S.C. § 256 and 28 U.S.C. § 1338(a). The United States Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction under 28 U.S.C. § 1295(a)(1) over final decisions of United States District Courts where the claims arise under an Act of Congress relating to patents. This appeal is timely filed from the final judgment and a continuous matrix of summary, unreasoned text-only orders of dismissal issued at every single stage of the underlying proceeding, which collectively denied intervention, foreclosed reconsideration, and summarily dismissed Appellant's independent action for relief.

The District Court's electronic orders denying intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) constitute a final, appealable collateral order. Under the long-standing collateral order doctrine, a district court order denying intervention as of right is a final, appealable determination that is immediately reviewable by this Court. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377 (1987).

The Movant-Appellant's original Notice of Appeal was timely stamped on April 21,2026 and formally transmitted on April 22, 2026. To preserve absolute structural review over the expanding matrix of electronic docket closures and text orders below, Appellant formally filed an Amended Notice of Appeal on May 17, 2026. The submission of both the initial and amended notices completely preserves Appellant's substantial rights, placing this entire record squarely within the jurisdiction of the Federal Circuit.

## III. STATEMENT OF THE ISSUES

1. **Issue One:** Whether the District Court committed a manifest error of law and abused its discretion by denying Appellant's Motion to Intervene under Rule 24 and entertaining a premature Motion to Dismiss, where the principal litigants deployed a pre-textual procedural device—the "BlueRadio" 2004 Bluetooth timeline—as a forensic fraud to engineer an artificial dismissal, thereby intentionally blocking judicial review of Appellant's senior priority status, true inventorship, and 65 technical exhibits Appx201-357.
2. **Issue Two:** Whether the District Court abused its discretion and committed a structural error of law by holding that a voluntary dismissal under Rule 41 strips it of all ancillary jurisdiction, using an unreasoned, text-only order at every stage of the litigation to block Appellant's Motion to Intervene, Motion for Reconsideration, and Motion to Vacate under Federal Rule of Civil Procedure 60(d)(3) (Appx12, Appx15, and Appx19).
3. **Issue Three:** Whether the District Court abused its discretion and denied due process by applying a hyper-technical, final patent litigation pleading standard to a *pro se* civilian's Motion to Intervene, failing to liberally construe the threshold pleadings as required by Supreme Court precedent.
4. **Issue Four:** Whether the District Court committed a reversible legal error by establishing a "Catch-22" logical contradiction—holding that Appellant cannot intervene because she lacks a formal, issued patent title, while simultaneously locking the door to the only forum where Appellant can invoke 35 U.S.C. § 256 to prove that Appellees criminally misappropriated her unpatented work to procure that very title.

5. **Issue Five:** Whether the District Court abused its discretion by conducting a premature, summary "mini-trial" on the merits via an unreasoned text order, ignoring the mandatory rule that all well-pleaded factual allegations in a motion to intervene must be accepted as true.
6. **Issue Six:** Whether, in light of this Court's recent precedential decision in *Fortress Iron, L.P. v. Digger Specialties, Inc.* (Apr. 2, 2026), a District Court lacks jurisdictional authority to proceed over a patent title dispute when it has active notice that the true, unjoined creator has been denied her mandatory notice and statutory right to contest the title under 35 U.S.C. § 256(b).
7. **Issue Seven:** Whether the District Court violated Appellant's Fifth Amendment Procedural Due Process rights by executing a coercive "Grant-and-Terminate" maneuver, wherein the court granted Appellant leave to file an expanded reply but simultaneously terminated the entire proceeding before the authorized reply could be docketed (Appx15).
8. **Issue Eight:** Whether the total non-appearance and failure to file entries of appearance by the corporate Defendants at the Federal Circuit, paired with their absolute lower-court silence regarding the technical record, entities the present Senior Inventor to a direct appellate mandate for inventorship correction under 35 U.S.C. § 256(b) or an outright invalidation of the patents-in-suit under 35 U.S.C. §§ 101/102.
9. **Issue Nine:** Did the District Court commit a reversible error of law by adopting a prevailing party's Plaintiff-Appellant's briefs verbatim (Appx655), thereby abdicating its statutory obligation to perform an independent judicial analysis?
10. **Issue Ten**: Did the Clerk of Court directly violate the mandatory, non-discretionary filing duties prescribed under Federal Rule of Civil Procedure 5(d)(4) by intercepting and rejecting Appellant's emergency filings?

## IV. STATEMENT OF THE CASE

This appeal arises from a structural procedural lockout executed at the district level to insulate corporate litigants from an independent inventorship claim. On January 23, 2026, Plaintiff Solos Technology Limited filed an infringement action against Meta Platforms, Inc. over five technology patents. On March 27, 2026, Appellant Daitona Carter, proceeding *pro se*, served a timely Motion to Intervene and a Proposed Complaint under FRCP 24(a)(2), asserting prior conception, reduction to practice, and sole inventorship under 35 U.S.C. § 256.

On March 30, 2026, Docket Clerk Caetlin McManus commanded Appellant to *"refrain from emailing more documents to the Court"* until the judge rules on the Motion to Intervene (Appx52). Appellant complied with this restriction while navigating ongoing mail tam- pering, physical threats, and active electronic data spoliation by third-party services and platforms within the Appellees ,financial and share legal network.

Following Appellant's extensive external campaign and explicit threat to execute an extraordinary Writ of Mandamus to enforce compliance with FRCP 5(d)(4), the clerk's office backpedaled on April 7, 2026, attempting to re-characterize the communication lockout. The Appellant was provided ECF access on April 7, and would lose access again without notice, prior to the roll out of the Appellant's trademark "ARIA" (Appx109) and other tech- nological work into the US ARMY under the "US Project ARIA" on April 28 thus pre- venting the ability to file an immediate injunction and requiring the $0 IFPS Movant to solicit funds to have the April 29, 2026 filings hand delivered just hours before being DENIED, MOOTED and TERMINATED.

The Appellant formally apprised the lower court of ongoing unauthorized electronic intrusions, file manipulations, and targeted harassment affecting the litigation ma-

terials on or about April 13,2026. Appellant submitted a formal application for Protective Orders, Witness Protection and Status Conference outlining specific technical safeguards to preserve record integrity and halt adversarial misconduct. The lower court summarily denied and mooted this request on April 15, 2026, citing a "litigation choice". Subsequently, when Appellant submitted the foundational "proof of creation" sketches alongside a Motion for Reconsideration, the unauthorized file substitutions/swapping occurred as predicted (relating to the thermal eye tracking and lenses/display and other technical notes swapped out of order), resulting in the corrupted record now appearing at Appx201-357. The electronic manip- ulation of Appellant's files has remained unhalted and continuous throughout these pro- ceedings in addition to physical incidents.

Appellant moved for reconsideration and relief from judgment under Rules 59(e) and 60(b)(3), 60(b)(6), and 60(d)(3) (Appx15, Appx19). The District Court summarily denied all remaining relief via consecutive Electronic Orders Appx15 and Appx19 (ECF Nos. 107 and 113), implemented a pre-filing strike injunction, and explicitly passed jurisdiction to this Court (Appx15, Appx19).

**A. Nature of the Case and Coordinated Derivative Misappropriation Framework**

This litigation is a non-adversarial, collusive sham engineered between the Plaintiff proxy entity and five corporate Defendants. The lawsuit functions not as a genuine intellectual property dispute, but as an automated laundering mechanism to "clean title" on a stolen smart-glasses and behavioral prediction logic architecture. While foundational audio processing case study was published openly in 2009 for the music industry, the core consumer full-stack software and hardware prototype models were built in strict confidentiality between 2013 and 2017 (Appx191-196, Appx134-136, Appx472, and Appx666).

A tier-1 defense contractor, acting as the operational system integrator for the multi-party network, intercepted this confidential architecture via cyber-surveillance and physical extraction. The aggregator subsequently fragmented the architecture across global military networks. This includes the UK Ministry of Defence—where the original supplier retains a twenty percent equity stake in the spin-off entity—and United States Armed Forces programs of record.

Following explicit notice delivered to the corporate Defendant-Appellees' Chief Executive Officer and current Chief Technology Officer (former Vice President of Facebook Reality Labs) at Meta Platforms (f/k/a Facebook) in 2021 (Appx189 and Appx312), the conspirators attempted to mask the derivation by routing the asset through downstream acquisitions of international startups, running lab notes through Italy via European financing conduits between 2022 and 2024. Simultaneously, the Defendants systematically weaponized Appellant's senior common law trademark—originally registered via a 2019 validation plat- form entry —deploying it across active military frameworks in the United States, United Kingdom, and Australia.

The conspirators maintained structural silence until Appellant prepared to commercialize the consumer eyewear product independently. To pre-empt regulatory exposure and insulate their global defense contracts, the parties filed a feigned patent lawsuit, maintaining total silence regarding the underlying technology and trademark infringement.

**B. Factually Justified Pleading Timelines and Impossibility of Prior Administration**

To satisfy the timeliness and diligence requirements of Federal Rule of Civil Procedure 24(a), any administrative delay in asserting these senior inventorship claims was dictated by an absolute, extrajudicial impossibility of performance. Appellant did not sleep on her protectable rights; rather, the physical and electronic capacity to compile ev-

idence, access federal dockets, or file public administration reports was entirely blocked by active, hostile external containment operations executed by the background beneficiaries of the derived technology.

Based on the technical extraction of data occurring prior to the Defendants' public 2020 commercialization announcement, Appellant was subjected to severe, non-consensual communication fencing and digital isolation that has persisted for more than a decade. Between 2022 and the present, this containment mutated into continuous, acute physical interventions and systematic forced isolation designed to strip the true creator of the physical capacity to approach a court of law. Because Appellant was subjected to severe duress and complete financial strangulation, the filing of standard corporate records or immediate filing histories during this window was a structural impossibility.

This absolute barrier to performance was broken on March 26 and March 27, 2026, when Appellant utilized the certified evidence platform to serve formal electronic notice of her 35 U.S.C. § 256 senior inventorship claims on all defense contractors and suppliers. This electronic service triggered a mandatory, non-discretionary federal reporting obligation regarding data conversion under applicable Department of Defense (DOD) acquisition regulations. Because this absolute duress was broken the exact moment Appellant secured emergency email and ADA filing access from the District Clerk on March 30, 2026, the intervention is timely as a matter of law.

**C. The Three-Stage Administrative Lockout and Record Alteration Below**

The moment Appellant attempted to protect her senior inventorship rights under 35 U.S.C. § 256, the District Court instituted a total administrative lockout. Rather than issuing reasoned, written opinions subject to regular appellate scrutiny, the district judge utilized unreasoned, summary text-only orders at every single stage of the proceeding, sys-

tematically stripping Appellant of a meaningful opportunity to be heard across three distinct filings.

First, the court denied Appellant's Motion to Intervene as a matter of right under Rule 24(a)(2) via an initial gate-keeping text-only entry, declaring the core priority architecture to be "generalized work" while simultaneously locking sixty-five (65) technical forensic files behind restricted "-1" placeholders (Appx201).

Second, upon Appellant moving for Reconsideration to expose this administrative contradiction, the court deployed a shortcut by issuing a subsequent unreasoned text-only order to evade its mandatory duty to review the uncorrupted cryptographic hashes.

Third, when Appellant filed a Motion to Vacate Mootness, Order for Relief, and an Independent Action under Rule 60(d)(3) to expose the multi-forum corporate fraud, the court issued its final text-only entry, falsely claiming a Rule 41 voluntary dismissal eviscerated its continuous inherent power to investigate a fraud on the court.

This universal text-only lockout was paired with the explicit suppression of physical evidence. By summarily carving out the raw, physical proof of the extrajudicial containment campaign, the court acted as if it possessed outside knowledge of facts hidden from the inventor, using an arbitrary procedural shortcut to blind the record to the violent enforcement mechanisms protecting the stolen asset. The corporate Defendant-Appellees' subsequently failed to register or file entries of appearance before the Federal Circuit, leaving the fraudulent Plaintiff-Appellee as the sole active participant defending an entirely uncontested inventorship record.

**D. Overview of Vested Property Interests and Patent Stacks**

The Movant's underlying property interest spans an extensive, multi-decade technological reduction to practice from 2009 through 2019, covering the exact directional

audio, adaptive beamforming, multimodal acoustic control, and neuromuscular EMG input stacks that form the core of the multi-billion dollar dispute between Plaintiff Solos Technology Limited and Defendant Meta Platforms, Inc.

Beyond the core Solos audio patents, the Movant's property interest expands into Meta's neuromuscular input stack, which has been directly targeted in active litigation, including Meta U.S. Patent No. 12,210,681 (forearm surface electrodes capturing EMG muscle signals to translate neural intents into clicks) and U.S. Patent No. 7,596,393 (wrist-worn multiple-sensor EMG configurations) (Appx282, Appx302,and Appx323) .

**E. Forensic Mapping of Movant's Technology and Ignored Exhibits**

The record catalogs the exact, claim-level forensic evidence and physical exhibits that the District Court completely ignored by rubber-stamping the Appellees' text-only orders. Appellant has provided an exhaustive mapping of her original architecture to the specific patent stacks in dispute. This forensic mapping bridges her 2009 directional audio frameworks and her 2013–2017 confidential full-stack prototypes directly to the asserted claims (Appx122-191 and Appx218-356, and 657).

By utilizing unreasoned text-only entries, the lower court avoided conducting a proper side-by-side technical comparison, thereby refusing to acknowledge that Appellant’s proprietary code and architectural blueprints form 100% of the codebase of the contested patent stacks.

**F. Integration of Stolen Assets into Global Supply Chains**

This case involves a patent infringement dispute between Department of Defense (DoD) contractors over technology integrated into domestic and global defense frameworks. However, both the Plaintiff and the Defendant are bad-faith actors with unclean hands. The underlying technology consists of proprietary, unpatented operational meth-

ods originally developed by Appellant, a civilian. Appellees acquired this technology through independent criminal activity, integrated it into the DOD supply chain, and subsequently filed fraudulent patent applications to "wash" the stolen asset.

Appellant moved to intervene as of right under Federal Rule of Civil Procedure 24(a) to protect her foundational intellectual property, halt the fraudulent commercial litigation, and assert a claim for correction of inventorship under 35 U.S.C. § 256. The District Court summarily barred Appellant from entering the case via a brief text order, creating an unconscionable procedural lockout that insulated this supply-chain asset wash from independent judicial review.

## V. STATEMENT OF THE STANDARD OF REVIEW

### A. Denial of Motion to Intervene (First Circuit Procedural Law)

This Court applies the regional law of the First Circuit when reviewing a district court's procedural rulings on intervention. See, e.g., *Media Technologies Licensing, LLC v. Upper Deck Co.*, 596 F.3d 1334, 1337 (Fed. Cir. 2010). The United States Court of Appeals for the First Circuit reviews a district court's denial of a Motion to Intervene as of right under Federal Rule of Civil Procedure 24(a)(2) for an abuse of discretion. See, e.g., *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544 (1st Cir. 2006); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 64 (1st Cir. 2008). A district court abuses its discretion if it applies an incorrect legal standard, ignores a material factor, or commits a clear error of judgment. *B. Fernandez & Hnos.*, 440 F.3d at 544. To the extent the District of Massachusetts applied premature structural hurdles, or conducted a premature "mini-trial" on the merits at the threshold stage without allowing discovery or an evidentiary hearing, those actions are reviewed under this regional abuse of discretion standard. See *Honeywell International Inc. v. Arkema Inc.*, 939 F.3d 1345, 1349 (Fed. Cir. 2019).

### B. Substantive Patent Law Frameworks (Federal Circuit Law)

While regional circuit law governs the threshold procedural intervention mechanics, this Court reviews underlying interpretations of substantive patent law and statutory authority under 35 U.S.C. § 256(b) and 35 U.S.C. §§ 101/102 de novo, applying exclusive Federal Circuit law without deference to the court below. See *Hor v. Chu*, 699 F.3d 1331, 1334 (Fed. Cir. 2012). Questions regarding an inventor's continuous rights despite corporate shuffles or transnational transfers are legal questions reviewed de novo. See *Blue Gentian, LLC v. Tristar Products, Inc.*, 54 F.4th 1360, 1365 (Fed. Cir. 2022). Fur-

thermore, whether a patent that omits a true creator is void and invalid as a matter of law because it cannot be legally corrected under 35 U.S.C. § 256 is a pure question of law reviewed de novo. See *Barrette Outdoor Living, Inc. v. Fortress Iron, LP*, 24-1231, (Fed. Cir. Oct. 17, 2025).

**C. Fraud on the Court, Rule 41 Dismissals, and Constitutional Due Process**

Whether the District of Massachusetts violated a pro se appellant's procedural due process rights by enforcing text-only entries, implementing administrative lockouts, or hiding code behind restricted placeholders is a constitutional question reviewed de novo. See *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004). Additionally, whether the district court failed to exercise its continuous ancillary jurisdiction to investigate a collusive Rule 41 dismissal or an out-of-court asset transfer constituting a fraud on the court under Rule 60(d)(3) involves questions of law regarding judicial integrity that are reviewed de novo under First Circuit guidance. See, e.g., *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 47 (1st Cir. 1995); *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1240 (Fed. Cir. 2018).

## VII. SUMMARY OF ARGUMENT

A federal court is never a passive rubber stamp for a clandestine, out-of-court asset transfer. Under Federal Rule of Civil Procedure 60(d)(3), a court maintains continuous ancillary jurisdiction to protect the integrity of the judicial machinery from collusive manipulation. Because the Plaintiff proxy entity and the five corporate Defendant-Appellees feigned adversity while sharing an identity of interest to extinguish Appellant's rights, the underlying Rule 41 dismissal is a structural nullity.

The District Court built its dismissal orders on a logical and legal contradiction that mirrors the premature structural hurdles reversed by this Court in *Honeywell International Inc. v. Arkema Inc.*, 939 F.3d 1345, 1349 (Fed. Cir. 2019). It dismissed Appellant's

proofs as "generalized work" via text-only entries while simultaneously enforcing an administrative lockout that actively suppressed her raw code and sketches from judicial view behind restricted "-1" placeholders.

Furthermore, under the governing frameworks of *Hor v. Chu*, 699 F.3d 1331 (Fed. Cir. 2012), *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551 (Fed. Cir. 1997), and *Blue Gentian, LLC v. Tristar Products, Inc.*, 54 F.4th 1360 (Fed. Cir. 2022), an inventor's rights are not severed merely because an unfaithful intermediary or defense contractor repurposes consumer code for a separate, unforeseen military sector or executes transnational corporate shuffles.

Because the true Senior Inventor is physically present before this panel, the multi-forum corporate Defendant-Appellees' have completely defaulted on appeal, and the Plaintiff's title is built upon an original theft that triggers the Doctrine of Unclean Hands as defined in *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231 (Fed. Cir. 2018) and *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945), this Court should bypass an appearance-of-bias remand. The Federal Circuit must exercise its direct statutory authority under 35 U.S.C. § 256(b) or 35 U.S.C. §§ 101/102 to either order an outright correction of the patent rolls or declare the fraudulently procured assets void ab initio.

The District Court's summary exclusion of Appellant via text order is a textbook abuse of discretion and a severe violation of procedural due process. First, the court failed to hold Appellant's *pro se* motion to the less stringent standards required by law, improperly demanding full-scale patent litigation proofs at the absolute threshold of the case. Second, the court created an unconstitutional procedural barrier by using the Appellees' possession of a fraudulently obtained patent title as the sole legal justification to block the true creator from challenging that title. Third, the District Court violated Rule

24 by conducting a premature "mini-trial" on the merits without discovery or an evidentiary hearing. Finally, under this Court's controlling precedent in *Fortress Iron, L.P. v. Digger Specialties, Inc.* (Fed. Cir. Apr. 2, 2026), a patent that omits a true inventor and cannot be legally corrected under § 256 is void and invalid as a matter of law. By blocking the true creator, the District Court actively presided over a legally dead asset, requiring this Court to vacate the text order and issue a direct mandate.

## VIII. ARGUMENT

### I. THE DISTRICT COURT MAINTAINED ANCILLARY JURISDICTION TO INVESTIGATE COORDINATED FRAUD ON THE COURT UNDER RULE 60(d)(3)

The District Court erred as a matter of law by acting as though a voluntary dismissal completely eviscerates its jurisdictional capacity to address systemic corruption. A voluntary dismissal with prejudice is a final adjudication on the merits that remains fully subject to review under Rule 60. The Supreme Court has explicitly confirmed that a voluntary threshold dismissal under Rule 41 does not strip a federal court of its power to act under Rule 60. *Waetzig v. Halliburton Energy Services, Inc*., 604 U.S. 305, 307 (2025).

Under Rule 60(d)(3), the court's authority to set aside an action for a fraud that defiles the court itself is absolute, perpetual, and unlimitable by procedural timelines. These inherent powers flow directly from the nature of the institution and are entirely necessary to prevent the judicial machinery from providing cover to collusive schemes. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991); *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238 (1944).

When parties coordinate to foster a deceptive appearance of adversity to validate a stolen asset while avoiding an active jurisdictional inquiry, the court retains ancillary jurisdiction to void the proceeding. This absolute institutional duty is commanded by the Supreme Court's definitive holding in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co*., 324 U.S. 806, 816 (1945). Because a patent is an item of vital public interest, any collusive deployment of a federal courtroom designed to settle, suppress perjury, or "wash" an asset known to be derived from an unfaithful employee's theft of sketches constitutes an unbypasable fraud on the court. Under the *Precision Instrument*

mandate, the public interest requires the court to look completely past the superficial procedural agreements of the litigants. The court must activate its absolute equitable authority to refuse shelter to the collusive scheme.

This critical intervention standard is further backed by this Court's framework in *Apotex Inc. v. Daiichi Sankyo Co.*, 787 F.3d 1356 (Fed. Cir. 2015), recognizing that a proposed intervenor establishes Article III standing and an absolute right to enter a patent dispute when the collusive litigation of primary parties threatens to erect fraudulent legal barriers against the true developer. Because the active litigants here possess total unclean hands, their feigned adversity is a structural nullity. The trial court's refusal to inspect this structural collusion below constitutes a reversible abuse of discretion.

## II. THE REPLACEMENT OF FORENSIC PROOFS WITH "-1" PLACEHOLDERS CONSTITUTES AN INTENTIONAL SUPPRESSION OF EVIDENCE AND A FRAUD ON THE COURT UNDER RULE 60(d)(3)

A tribunal's judgment must be vacated under Rule 60(d)(3) when the integrity of the judicial process has been completely subverted by an unconscionable scheme engineered by officers of the court. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). Fraud on the court occurs when the mechanisms of justice are actively manipulated to shield an ongoing wrong from judicial scrutiny.

The record in this case provides clear and convincing evidence of intentional structural suppression rather than an automated technical failure:

1. **The Target of Suppression:** The 65 files uploaded on April 17, 2026 (Appx201-2018), contained the primary forensic proofs of prior conception including lab notes and direct corporate notice to the Meta Platform's Ap-

pellees' CEO and CTO. This evidence completely destroyed the Appellees' claim that the Appellant lacked a protectable property interest under Rule 24.

2. **The Manufactured Glitch:** By withholding these 65 files behind blank "-1" placeholders (Appx198), officers of the court permitted the Plaintiff-Appellee to write a false narrative. The District Court then rubber-stamped the Plaintiff-Appellees' talking points verbatim (Appx662), claiming the Appellant's motions were "conclusory."
3. **The Timing of Exposure:** The sudden release and appearance of these identical files on or about June 5, 2026—coinciding exactly with the transmission of the record to the CAFC—proves the files were fully intact within the system. They were deliberately gatekept from the active docket to prevent independent judicial evaluation during the intervention and reconsideration phases.

As established by the procedural strategy in *Trump v. IRS*, a proceeding is completely corrupted when institutional actors use administrative pretexts to alter timelines and hide operational facts from the court record. To penalize a pro se litigant by dismissing her case while the court's own administration actively suppresses her evidence is a severe violation of Fifth Amendment Due Process that demands immediate reversal.

## III. THE DISTRICT COURT COMMITTED A REVERSIBLE ERROR OF PATENT LAW BY DENYING INTERVENTION AND FORCING A PLEADING-STAGE LOCKOUT UNDER 35 U.S.C. § 256

### A. The Lower Court Misapplied Threshold Intervention Metrics by Forcing an Exhaustive Pre-Discovery Mini-Trial

The lower court committed a manifest error of patent law by transforming the liberal gate-keeping standard of Fed. R. Civ. P. 24(a)(2) into an aggressive, un-bypasable barrier (Appx12). Rule 24(a) merely requires a proposed intervenor to assert a "significantly protectable interest" that may be practically impaired if the litigation proceeds in their absence. It does not require an independent creator to completely win her case or satisfy an ultimate trial-stage evidentiary standard of proof at the threshold pleading stage.

In *Honeywell International Inc. v. Arkema Inc.*, 939 F.3d 1345, 1349 (Fed. Cir. 2019), this Court explicitly reversed a denial of a party's right to protect its intellectual property interests, reinforcing that courts cannot use procedural technicalities to block a real party in interest from defending its technology. Much like the impermissible prejudgment reversed in *Honeywell*, the District Court below improperly forced an exhaustive "mini-trial" on the merits before discovery could even begin (Appx15).

By merging initial intervention standards with final trial metrics and suppressing the active file, the District Court engineered an unconscionable, systemic Catch-22: The Movant is permanently locked out of the courtroom because she does not possess deep, claim-level discovery materials; yet she is entirely denied the ability to conduct discovery because she has been locked out of the courtroom.

**B. Appellees' Reliance on the "BlueRadio" Motion to Dismiss is a Forensic Pretext to Short-Circuit Appellant's Intervention and Evade 35 U.S.C. § 256 Oversight**

Appellees seek to leverage a pending Motion to Dismiss—predicated on an unrelated 2004 "BlueRadio" timeline—to execute a procedural exit before Appellant's senior inventorship can be adjudicated. Under controlling Supreme Court authority, a federal court's inherent jurisdiction to investigate maneuvers designed to compromise the integrity of the tribunal cannot be defeated by a premature dismissal.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).
- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Where principal litigants attempt to deploy procedural screens to establish a false appearance of adversity, an excluded senior inventor possesses a substantial legal interest to intervene as of right under Rule 24(a).

- *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987).

As this Court explicitly held in *Hor v. Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012), the clock for an inventorship correction claim under 35 U.S.C. § 256 accrues only upon the formal issuance of the patent. Furthermore, *Hor* establishes that where a named patentee or corporate proxy utilizes unclean hands to intentionally hide applications, manipulate dockets, or mislead the tribunal, that party is completely barred from using the passage of time, laches, or delay defenses to throw the victim out of court.

The primary parties are attempting to do exactly what *Hor* prohibits: deploying a 2004-era Bluetooth "walkie-talkie" timeline as an artificial legal shield to convince the court that the technology has a linear history separate from Appellant. This procedural mechanism is being used to escape judicial review of Appellant's senior priority status and to rush the proceeding toward a non-adversarial exit before the 65 technical exhibits (Appx198) can be forensically examined.

**C. The District Court's Finding of a "Factual Void" Constitutes Reversible Legal Error Under CAFC Pleading Standards**

The lower court's denial of intervention rests on a flagrant mischaracterization of foundational technology. Treating an ancient 2004 Bluetooth framework (Appx621) as the linear lin- eage of modern edge-computed, egocentric AI architectures represents a forensic decep- tion.

By summarily ignoring 65 technical exhibits (Appx198) documenting Appellant's structural reduction to practice between 2009 and 2019, the District Court committed a manifest abuse of discretion. Under 35 U.S.C. § 256, a true inventor's statutory right to protect their intellectual property cannot be extinguished by an engineered procedural lockout.

Under the Doctrine of Unclean Hands and the strict baseline affirmed in *Gilead Sciences, Inc. v. Merck & Co.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018), serious pre-litigation business misconduct forfeits a party's right to assert or profit from the resulting intellectual property. Because both primary parties here possess unclean hands derived from an unauthorized server exfiltration, this original derivation creates an infectious unenforceability that taints the entire patent family.

The complete absence of a true, un-coerced inventive relationship between the named filers and the technology invalidates the entire patent family as a matter of law under 35 U.S.C. § 101 and § 102. The District Court's decision to skip a review of documents under protective order and in-camera review (Appx52) and embrace the Defendant-Appellees' push for a BlueRadio-based dismissal permitted the principal litigants to fake an adversarial impasse. This Court must invoke its inherent power to halt the pending dismissal proceedings, reverse the Rule 24 denial, and un-moot the technical record.

**D. Appellees Cannot Mechanically Enforce Procedural Timelines While Actively Maintaining the Ongoing Criminal Obstacles That Cause Them**

The District Court's summary denial of intervention entirely ignored the ongoing nature of the extrajudicial containment deployed against Appellant, refusing to address the fundamental why behind Appellant's situational constraints. Appellees' entire defensive posture relies on a deliberate severing of cause and effect: they demand strict compliance with complex appellate and district court technicalities, while completely obscuring the ongoing witness tampering, asset extraction, and structural isolation that legally prevent perfect procedural symmetry.

The United States Supreme Court has established that a party is completely barred from utilizing procedural rules to profit from an inequitable situation that they themselves are actively maintaining. *Precision Instrument*, 324 U.S. 806, 814 (1945). Where an unrepresented inventor faces continuous corporate and physical interference, the state-sector failures to halt the underlying offense operate as a continuous *Force Majeure* event (Appx554). Equity requires this Court to look directly at the root cause of the delay, unmoot the 65 technical and related exhibits, and reject the enforcement of rigid pleading timelines to prevent the judicial machinery from being used to bury an ongoing theft.

**E. Contractual Privity is Not a Prerequisite for a Statutory Inventorship Claim Under Section 256**

Under *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1555 (Fed. Cir. 1997), this Court established that 35 U.S.C. § 256 serves as an absolute property-preservation shield to prevent corporate forfeiture of independent creations. *Stark* commands that a victim-inventor's right to enter a lawsuit and correct a title remains fully protected regardless of how deceptive, dirty, or fraudulent the stealing corporations were. Under the *Stark* standard, only the omitted true inventor must possess clean hands; the deceptive intent or

corporate restructuring loops executed by the stealing intermediaries cannot operate to sever the property rights of the true developer.

Similarly, under *Blue Gentian, LLC v. Tristar Products, Inc*., 54 F.4th 1360 (Fed. Cir. 2022), a correction of inventorship claim does not require a voluntary employment or contractual relationship. Derivation can be established through an involuntary, indirect pipeline where an aggregator accesses a creator's digital environment. By demanding a strict, public 1-to-1 comparison of an explicitly unshared, confidential 2013–2019 full stack (Appx662) at the initial pleading stage, the lower court created an impossible closed loop: it blocked access to the discovery tools required to expose the data-harvesting logs, while simultaneously punishing Appellant for lacking those exact files.

Appellant has satisfied this standard via the 65 technical forensic attachments (i.e speechAnalyser.py). Under the cryptographic verification standard of Federal Rule of Appellate Procedure 10(e), these uncorrupted repositories provide objective, independent mathematical corroboration of senior conception. Because the record stands un-rebutted by any factual filing from the Appellees, there is no triable issue of fact remaining, legally mandating this Court to issue an outright correction of the patent rolls.

**F. The District Court Erred by Holding a Pro Se Intervenor to a Hyper-Technical Patent Litigation Pleading Standard**

The District Court committed a threshold legal error by evaluating Appellant's motion under the rigid, sophisticated standard expected of registered patent attorneys. Under long-standing Supreme Court precedent, a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.

- *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Appellant's motion clearly detailed the unauthorized server extraction of her unpatented work, its structural laundering through defense channels, and its subsequent

fraudulent transformation into the patents-in-suit. By ignoring these substantive, structural claims and dismissing the motion on technical procedural formalities, the District Court abused its discretion.

This hyper-technical enforcement operates in tandem with a broader procedural lockout. Appellate courts recognize that enforcing complex formatting tracks and rigid pleading timelines against an unrepresented litigant—while simultaneously ignoring the extrajudicial containment arrays that cause those situational limitations—violates the fundamental tenets of equity. The lower court completely severed cause and effect by demanding a flawless procedural performance while permitting Appellees to hide behind their structural connections to bury the underlying theft.

**G. The District Court's "Catch-22" Ruling is a Reversible Abuse of Discretion**

The District Court locked the courtroom door utilizing a circular, contradictory legal paradox. The court held that Appellant could not intervene under Rule 24(a) because she does not currently hold the formal, issued patent title. Yet, the entire purpose of Appellant's intervention is to invoke 35 U.S.C. § 256 to correct the fraudulent inventorship and strip the title from the stealing entities.

This Court has established that a proposed intervenor only needs to show a "significantly protectable interest" in the property or transaction that is the subject of the action. A civilian whose proprietary designs, processes, methods, strategy and case work, forms 100% of the architecture and claims of a contested military patent possesses an absolute, protectable property interest. To allow defense contractors to use the fruit of their criminal acquisition—the fraudulent patent title—as a shield to prevent the victim from entering the court is an egregious abuse of judicial equity.

Under the doctrine of unclean hands established in *Gilead Sciences, Inc. v. Merck & Co.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018), serious pre-litigation misconduct forfeits a

party's right to assert or profit from the resulting intellectual property. Appellees cannot use procedural rules to profit from an inequitable situation that they themselves are actively maintaining through continuous witness tampering and asset exploitation.

### H. The District Court Impermissibly Conducted a Premature "Mini-Trial" on the Merits via Text Order

When reviewing a motion to intervene under Rule 24, a district court must accept all well-pleaded factual allegations in the intervention motion as true. It is procedurally improper to weigh evidence, judge credibility, or adjudicate the ultimate merits of the underlying title dispute at the intervention stage.

The District Court's use of a summary text order to conduct a "mini-trial" deprived Appellant of basic Due Process. The court demanded that Appellant conclusively prove complex technical inventorship before being granted party status or being allowed to conduct federal discovery. This premature adjudication flipped the Federal Rules of Civil Procedure on their head, effectively imposing a trial-stage standard of proof at the threshold pleading gate.

This procedural shortcut mirrors the error reversed in *Honeywell International Inc. v. Arkema Inc.*, 939 F.3d 1345, 1349 (Fed. Cir. 2019), where this Court made clear that procedural technicalities cannot be weaponized to lock a real party in interest out of defending its technology. By forcing an exhaustive evaluation before discovery could begin, the lower court permitted the principal litigants to deploy a pre-textual "BlueRadio" timeline to finalize their artificial title-laundering scheme.

**I. The District Court Committed a Reversible Abuse of Discretion by Categorizing Active Witness Tampering and Extrajudicial Containment as Irrelevant to the Adjudication of Title Under 35 U.S.C. § 256**

The District Court committed a threshold error of law by holding that the severe physical battery, forced harboring, and ongoing confinement documented in Appellant's motions were entirely unrelated to the underlying patent dispute. Appellees seek to insulate their procedural maneuvers by claiming that extrajudicial coercion and the active suppression of an inventor's person are independent criminal matters that fall outside the jurisdiction of a Title 35 civil proceeding. This assertion is fundamentally wrong as a matter of law. The United States Supreme Court has explicitly established that a civil federal courtroom cannot blind itself to ongoing bad-faith behavior or coercive tactics utilized by principal litigants to secure, clean, or protect an intellectual property asset (*Precision Instrument*, 324 U.S. 806, 814 (1945); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)). The *Precision Instrument* mandate commands that a civil court must apply the Doctrine of Unclean Hands to deny enforcement or clearance to any asset whose possession relies on a continuous sequence of unconscionable conduct. Because a patent is an item of vital public interest (Appx476-534), any coordinated effort to deploy the au- tomated machinery of a federal court to settle or wash a title—while actively keeping the true senior inventor under physical duress and electronic containment to prevent her entry—constitutes a direct fraud on the court.

The record demonstrates that the District Court was on explicit notice that Appellant was being subjected to continuous physical harm and forced confinement designed specifically to block her from accessing counsel and entering the case. Appellant's emergency application for protective intervention was not an extrinsic grievance; it was a direct documentation of the unlawful containment arrays that prevented her from satisfying the court's rigid procedural timelines. By summarily labeling the physical forensic evidence and images of severe civil and criminal battery as "unrelated," and failing to refer

the matter to the United States Marshals Service or appropriate federal protective channels, the district judge committed a profound error of equity. A civil tribunal completely abdicates its structural duty when it punishes a *pro se* litigant for filing delays that are actively engineered by the adverse corporate thieves. Appellees cannot deploy physical, electronic, and financial violence to trap an inventor outside the legal system, and then stand before an Article III tribunal to argue that her situational limitations require a procedural lockout. Because these un-rebutted extrajudicial interventions represent a continuous *Force Majeure* event, Appellees are equitably estopped from asserting any timeline-based or independent-action bars to her intervention.

Under the strict inventorship boundaries reaffirmed by this Court in *Fortress Iron, L.P. v. Digger Specialties, Inc*. (Fed. Cir. Apr. 2, 2026), a patent that incorrectly lists its inventors and cannot be lawfully corrected under Section 256 is fundamentally invalid. The primary parties cannot use a "BlueRadio" procedural decoy or an unrecorded out-of-court agreement to sanitize an asset whose chain of custody is permanently broken by the ongoing containment of its creator. Because the lower court's text-only orders across Documents 90, 107, and 113 operated to systematically insulate a fraudulent title wash while vital evidence remained restricted behind "-1" system indicators, this Court must invoke its plenary authority under 28 U.S.C. § 2106 to vacate the orders below, reverse the lockout, and protect the integrity of the federal patent system.

As shown on the first page of the Samsung Patent No. 10.886,417 B2 (Appx188), the Appellant sketched and invented the transparent display only required for the "see-through" TV, but modern smart glasses "lens," Samsung's transparent TV patent is a direct copu of this text and design, which is already a matter of public record. In December 2020 (three days) before the Federal Trade Commission initiated its case against the Defendent-Appelle, Meta, critical evidence on Linkedin was actively suppressed via restriction to hide data and cause spoilation. "M-82" (Appx94), the golden egg keep being deleted and denied admission to the court. CAFC also denied the correctio via early motion.

**J. The Lower Court Abused Its Discretion by Mooting Appellant's Pre-Emptive Security Motions and Ignoring Clear Evidence of Record Tampering**

To intervene as of right, an applicant must demonstrate that disposing of the action may, as a practical matter, impair or impede their ability to protect their interest. Fed. R. Civ. P. 24(a)(2). Here, Appellant's proprietary interest centers on unique, high-utility technical data establishing priority of creation and Senior Inventorship. As documented at Appx68, Appx71, Appx74, and Appx130, the material physical evidence of Appellant's priority has been altered or replaced and swapped with non-authenticated data within the record. Allowing the underlying litigation to proceed to final judgment on a corrupted evidentiary foundation permanently impairs Appellant's ability to defend her global proprietary rights, effectively stripping her of her intellectual property without due process of law.

A lower court abuses its discretion when it fails to consider relevant, highly significant factors or makes a clear error of judgment. In the context of intervention as of right, a court must evaluate whether the existing proceedings can provide a fair and adequate forum for the proposed intervenor's claims. Fed. R. Civ. P. 24(a).

The burden of showing inadequate representation under *Rule 24(a)(2)* is minimal and is satisfied if the applicant shows that representation of his interest "may be" inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972).The existing state and corporate litigants in the lower court are entirely unaligned with, and structurally hostile to, Appellant's priority claims. This misalignment is made manifest by the existing parties' failure to monitor, preserve, or correct the fraudulent manipulation of the evidentiary record below. Because the existing parties have actively permitted or failed to contest the systematic erasure of Appellant's foundational "seniorship" sketches, they cannot—and will not—adequately represent or defend Appellant's rights in this action. Intervention is legally required to restore adversarial integrity to these proceedings.

**K. Under *Fortress Iron*, the Exclusion of the True Creator Voids the Patent and Deprives the Court of the Power to Proceed**

This Court's recent decision in *Fortress Iron, L.P. v. Digger Specialties, Inc.*, No. 24-2313 (Fed. Cir. Apr. 2, 2026) fundamentally alters the jurisdictional landscape of this case. Writing for a unanimous panel, Circuit Judge Alan D. Lourie explicitly reaffirmed the absolute structural necessity of proper inventorship, noting that a patent which incorrectly lists its inventors and cannot be corrected according to law is invalid.

Judge Lourie further dismantled the notion that courts can treat excluded creators as minor procedural afterthoughts, stating that omitted inventors occupy the central role in the patent process, and emphasizing that being named on a patent carries legal, financial, and ownership consequences that an inventor has a right to contest.

Because the underlying lawsuit lacks genuinely adverse parties and instead operates as an artificial corporate vehicle designed to launder a stolen patent title, the entire proceeding below is a structural nullity. The trial court's 95-minute summary mooting of Appellant's 65 technical exhibits (Appx201 lowe district ECF No. 92) left a profound chain-of-custody defect entirely unaddressed. Under the clear mandates of *Fortress Iron* and *Hor v. Chu*, 699 F.3d 1331 (Fed. Cir. 2012), the complete absence of a true, uncoerced inventive relation- ship invalidates the entire patent family as a matter of law under 35 U.S.C. §§ 101 and 102, requiring this Court to intervene and halt the engineered procedural lockout.

## IX. THE DISTRICT COURT VIOLATED FIFTH AMENDMENT PROCEDURAL DUE PROCESS THROUGH ITS COERCIVE "GRANT-and-TERMINATE" MANEUVER AND FILING MORATORIUM (Appx19)

The lower court's reliance on unreasoned text-only orders to dispose of every major motion at every single stage of the litigation constitutes a structural due process violation. While text-only orders are administratively permissible for routine scheduling adjustments, they cannot be deployed as a universal procedural shield to summarily eviscerate complex constitutional claims, extrajudicial containment evidence, and senior inventorship title under 35 U.S.C. § 256. By failing to provide a single syllable of written legal reasoning for any of its definitive rulings, the District Court effectively insulated its shortcuts from regular appellate scrutiny, necessitating a complete vacatur of all text-only entries and a mandatory reassignment under 28 U.S.C. § 2106.

A right to respond that cannot be physically exercised is an outright constitutional nullity. The lower court violated the fundamental tenets of Procedural Due Process under *Armstrong v. Manzo*, 380 U.S. 544 (1965) by executing a simultaneous "Grant-and-Terminate" timing trick. By issuing an electronic order that granted Appellant leave to file an expanded reply, while simultaneously terminating the entire civil action within the exact same hour, the court effectively gagged Appellant from placing critical conflict disclosures onto the permanent record.

This procedural gag was compounded by an unvarnished corruption of the physical record. The court dismissed Appellant's priority claims as "generalized concepts" while its own CM/ECF system systematically locked and suppressed 65 highly specific technical exhibits (Appx201). The active spoliation of the PACER docket—converting valid electronic files picturing (i.e speechAnalyser.py) and explicit optical sketches into "-1" indicators during transmission—was an extrajudicial attempt to hide the explicit derivation trail (Appx129-356). A federal court cannot legally or logically declare evidence

"conclusory" while actively executing a system lockout that bars itself from inspecting that exact evidence. This Court must evaluate this appeal on a corrected record under FRAP 10(e).

The District Court completed its structural lockout in Appx19 by issuing a sweeping pre-filing moratorium and explicitly threatening to terminate the pro se Movant's electronic filing privileges. While a trial court possesses broad discretion to manage its daily docket, that authority is strictly limited to evenhanded, constitutional measures. It cannot be weaponized as an unreviewable shield to permanently insulate a structural error from appellate review.

The court utilized the Movant's continuous, valid objections to the "mini-trial" error as a pretext to silence her entirely. Stripping a pro se patent owner of her right to file during an active appeal is a flagrant violation of Fifth Amendment Due Process and the fundamental right of meaningful access to the courts. It represents an egregious mechanism of total exclusion designed to protect a collusive corporate arrangement from outside scrutiny.

## X. THE FEIGNED, NON-ADVERSARIAL NATURE OF THE UNDERLYING ACTIONS BARS APPELLEES FROM EQUITABLE RELIEF UNDER THE DOCTRINE OF UNCLEAN HANDS

The hyper-technical pleading barriers deployed by the Plaintiff proxy entity below cannot be viewed in isolation; they represent a bad-faith framework designed to execute an artificial, non-probable cause litigation to split the spoils of an exfiltrated consumer product architecture. Neither primary party could satisfy the statutory elements of inventorship, which is why the corporate Defendants stood entirely mute below and have now completely failed to enter an appearance before the Federal Circuit.

To satisfy the timeliness and diligence requirements of Federal Rule of Civil Procedure 24(a), any administrative delay in asserting these senior inventorship claims was dictated by an absolute, extrajudicial impossibility of performance. Appellant did not sleep on her protectable rights; rather, the physical and electronic capacity to compile evidence or file public reports was entirely blocked by active, hostile containment operations executed by the background beneficiaries of the derived technology.

As this Court explicitly held in *Hor v. Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012), the clock for an inventorship correction claim under 35 U.S.C. § 256 does not run from when the original theft or server exfiltration occurred, nor does it run from the application filing date. The statutory window accrues only upon the formal issuance of the patent. Furthermore, *Hor* establishes that where a named patentee or corporate proxy utilizes unclean hands to intentionally hide applications, manipulate dockets, or mislead the tribunal, that party is completely barred from using the passage of time, laches, or delay defenses to throw the victim out of court. A multi-decade or multi-year corporate shell game cannot lock a true creator out of an Article III tribunal when the underlying delay was forced by the wrongdoers' own deceptive concealment.

Under the Doctrine of Unclean Hands and the strict baseline affirmed in *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018), serious pre-litigation business misconduct—including the unauthorized extraction of code and the deployment of hostile containment arrays—forfeits a party's right to assert or profit from the resulting intellectual property. Because both primary parties here possess completely unclean hands derived from an unauthorized server exfiltration, this original derivation creates an infectious unenforceability that taints the entire patent family.

The complete absence of a true, un-coerced inventive relationship between the named filers and the technology invalidates the entire patent family as a matter of law un-

der 35 U.S.C. § 101 and § 102. If the Plaintiff's fragmentation and global dispersion of the architecture have rendered a clean untangling of the claims impossible, the underlying patents must be declared void ab initio.

## XII. TRANSNATIONAL TECHNOLOGY FEDERATION UNDER THE AUKUS PROCUREMENT STRUCTURE REQUIRES AN IMMEDIATE DIRECT MANDATE FOR INVENTORSHIP CORRECTION

The final, definitive proof of structural collusion within the underlying litigation lies in the systematic weaponization of pre-announcement timelines to insulate positioning and preemptively control the field. The District Court committed a manifest error of law by transforming a liberal threshold intervention standard into an aggressive pleading-stage barrier. This procedural lockout effectively prevented any independent judicial review of the technology's true derivation trail before the assets were dispersed globally.

By treating Appellant's 65 technical forensic attachments (i.e. speechAnalyser.py) as a "factual void," the original tribunal permitted the principal litigants to fake an adversarial impasse. This engineered lockout cleared the path for the corporate defendants to fragment and federate the exfiltrated consumer product architecture directly across global military networks, including the UK Ministry of Defence and the Australian Defence Force under the trilateral AUKUS alliance.

Because the technology stack is currently being integrated into international sovereign procurement dockets under the duplication of Appellant's senior common law trademark and blueprints, a remand to a forensically compromised district docket would cause severe procedural prejudice. Under the express supervisory powers granted by 28 U.S.C. § 2106, this Court is fully empowered to bypass a futile remand. The uncontested technical record requires this Court to issue a direct mandate to the Director of the USPTO to

correct the patent rolls under 35 U.S.C. § 256(b), establishing Appellant as the sole rightful inventor.

**A. Reassignment on Remand to the Southern District of New York (SDNY) is Mandated to Purge Systemic Conflicts**

Should this Court determine that any portion of this patent dispute requires a factual remand rather than a direct statutory mandate to the USPTO, venue must be transferred. Reassignment on remand to an uncompromised circuit footprint—specifically the Southern District of New York—is structurally demanded under 28 U.S.C. § 2106 because the original tribunal's systematic text-only gatekeeping, electronic closures, and verbatim rubber-stamping (Appx665) meet the three-part disqualification criteria set forth in *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977).

The record reflects deep institutional conflicts tying the Appellees to the original local forum. The head partner of the Defendant-Appellee's law firm is Brad Bondi—the biological brother of the former U.S. Attorney General, whose sudden dismissal directly coincided with the Appellant's initial filings. Concurrently, the Defendant's in-house legal lead, Ethan Davis, operated within the upper echelons of the DOJ during these continuous violations, resigning a mere six days before the Movant's underlying property interests were systematically targeted. To expect an objective evaluation in the original district is a structural impossibility; transfer to the SDNY is required to restore public trust and preserve the absolute appearance of judicial impartiality under *Liteky v. United States*, 510 U.S. 540, 554 (1994).

**B. Appellees Are Equitably Estopped from Asserting Procedural Bars Where the Patent Title Relies on Coercive Extraction and TVPA Violations**

The District Court's summary enforcement of pleading deadlines constitutes a reversible error of law because it completely ignored its mandatory obligation to safeguard

the overarching public policy and statutory prerequisites of the United States. Appellees seek to insulate their procedural maneuvers by claiming that the severe exploitation underlying this dispute is entirely irrelevant to a Title 35 patent litigation framework, suggesting that Appellant's sole remedy is to initiate a separate, independent civil action. This assertion is fundamentally wrong as a matter of law and represents a bad-faith attempt to finalize a structural lockout.

The United States Supreme Court has explicitly established that because a patent is an item of vital public interest affected with a paramount public interest, a civil court cannot blind itself to unconscionable, coercive, or illegal procurement methods used to secure or protect an intellectual property asset.

- *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).
- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

The *Precision Instrument* mandate dictates that a civil court must apply the Doctrine of Unclean Hands to refuse enforcement or clearance of any asset acquired via inequitable behavior.

The record establishes that the Appellees did not arrive at the claimed invention through independent human conception or lawful collaboration under 35 U.S.C. § 101. Rather, the foundational technology was procured by the physical and situational extraction of the Inventor herself, under conditions explicitly documented in the lower court as violating the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1595. Under longstanding patent principles, an intellectual property title cannot be separated from the human mind that conceived it. Because the technology was derived from the forced extraction of a human creator, the corporate defendants could not legally execute a valid declaration of inventorship before the USPTO. The application they filed was a systemic fraud

from day one, creating a profound chain-of-custody defect that breaks the chain of title *ab initio* under *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998) and *Fortress Iron, L.P. v. Digger Specialties, Inc.* (Fed. Cir. Apr. 2, 2026).

Furthermore, under federal procurement mandates, including FAR 52.222-50, the government maintains an absolute zero-tolerance policy regarding human exploitation within its supply chains. By utilizing summary, text-only orders to lock out a recognized TVPA claimant who holds a direct property interest in the underlying unpatented work, the District Court failed its equitable duty.

Appellees cannot capture an inventor, strip her of resources, deploy institutional and law enforcement connections to block her from launching an independent action, and then argue in this forum that she must seek a separate remedy. The record establishes that Appellant engaged in continuous, active diligence to secure legal counsel and institutional assistance as early as 2021, long before the physical battery and extrajudicial containment arrays were initiated.

Equity does not demand a futile act. Where an unrepresented creator's continuous, pre-injury attempts to retain counsel were systematically neutralized, and her electronic capacity to initiate an independent case remains blocked by the wrongdoers' own containment arrays and local systemic interference, forcing her out of the primary action is an absolute denial of Due Process under the Fifth Amendment. Because the Appellees' ongoing extrajudicial containment was the sole root cause of Appellant's situational filing limitations, Appellees are equitably estopped from asserting any procedural, timeline-based, or independent-action bars to her intervention. This Court must invoke its plenary authority under 28 U.S.C. § 2106 to vacate the lower court's text orders, reverse the procedural lockout, and protect the integrity of the federal patent system.

## XII. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Movant-Appellant respectfully requests that this Court:

1. **VACATE** the District Court's text-only dismissal and gatekeeping orders across Appx12, Appx15, and Appx19 as a manifest abuse of discretion and a structural fraud on the court that violated the Movant's Fifth Amendment Due Process rights;

- **REVERSE** the erroneous denial of the Movant-Appellant's Motion to Intervene under Federal Rule of Civil Procedure 24(a)(2), validating her documented, colorable property interests in the asserted patents;
- **ISSUE A DIRECT MANDATE** pursuant to 28 U.S.C. § 2106 instructing the Director of the United States Patent and Trademark Office (USPTO) to immediately correct the inventorship record under 35 U.S.C. § 256(b) by adding the Appellant as the sole true inventor of U.S. Patent Nos. 10,306,389; 10,651,866; 11,082,055; 11,871,174; and 12,216,339 based on the uncontradicted forensic, source-code, and prototype evidence; and
- **ORDER A REMAND AND TRANSFER** directing that any necessary ancillary, continuing compliance, or further evidentiary proceedings be stripped from the compromised forum and reassigned to an uncompromised jurisdiction under a newly designated district judge within the U.S. District Court for the Southern District of New York (SDNY).

Dated: June 14, 2026

Respectfully submitted,

**/s/ Daitona Carter**
**DAITONA CARTER,** *Movant-Appellant Pro Se*
2 Massachusetts Ave NE, General Delivery, Main Post Office
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the brief exempted by Federal Circuit Rule 32(b), this brief contains exactly 9,796 words as calculated by the word count function of the word processing system used to prepare this brief.

- This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, 14-point Times New Roman, using OnlyOffice.

Dated: June 18, 2026

Respectfully submitted,

/s/ Daitona Carter
**DAITONA CARTER**
*Movant-Appellant Pro Se*
2 Massachusetts Ave NE
General Delivery, Main Post Office
Washington, DC 20002
legal@daitonacarter.com

## PROOF OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and Fed. Cir. R. 25(e), I certify that on June 19, 2026, I served a true and correct copy of the foregoing Opening Brief upon the following counsel of record using the methods indicated below:

**I. Via Electronic Filing (CM/ECF System):**

The following registered counsel for the **Plaintiff-Appellee** will receive automated service via the court's generated Notice of Electronic Filing (NEF):

**Counsel for Solos Technology Limited:**

Jameson J. Pasek
Caldwell Law
200 Clarendon Street, 59th Floor Boston, MA 02116
Email: jameson@caldwelllaw.com

**II. Via Mail Service:**

Appellant became aware that the previously a malware-modified version was served via Fedex on June 19, 2026. This finalized version was served electronically via email on June 21, 2026 to correct the record and prevent further spoliation. Per the Court's notication this verison cures the Notice of Non Compliance adhering to the pagination requirements of Fed. Cir. R. 28(c)(2) for the Addendum material. I have added Appx in front of the page number corresponding with the Electronic Text-Only Orders from in the Appendix.

Because the following counsel for the Defendant-Appellees are not registered for electronic filing, I served them by depositing copies of the Corrected Opening Brief via Mail and a electronic copy as follows:

**Counsel for Defendant (Meta Platforms, Inc and Meta Platforms Technologies, LLC):**
Lisa K. Nguyen
Paul Hastings LLP
1117 S. California Ave
Palo Alto, CA 94304
Email: lisanguyen@paulhastings.com

**Counsel for Defendants (Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, Inc., ):**
Ali S. Razai
Morgan, Lewis & Bockius LLP
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Email: ali.razai@morganlewis.com

Pursuant to the Crime Victims' Rights Act (CVRA) and FAR 52.222-50 compliance protocols, automated duplicate copy packages will be concurrently dispatched via verified administrative delivery channels to the Department of Justice Office of the Inspector General (DOJ OIG) and the Department of Defense Office of the Inspector General (DOD OIG) to satisfy mandatory trilateral reporting constraints.

Date: June 26, 2026

Signature: /s/ Daitona Carter
Daitona Carter
Movant-Appellant Pro Se
2 Massachusetts Ave NE
General Delivery, Main Post Office
Washington, DC 20002
Phone Number: NONE
Email: legal@daitonacarter.com (Designated Service Proxy)
Primary Service Method: Electronic Service Only via US-Appellate-ECF Gateway

**EXHIBIT 3003**

Movant's Notice of Appeal / Amended Notice of Appeal
in CAFC Appeal No. 2026-1721

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**DAITONA CARTER,**
Appellant,

v.

**SOLOS TECHNOLOGY LIMITED,**
**META PLATFORMS, INC., et al.,**
Appellees.

**Case No.: 2026-26-136**

(Appeal from U.S. District Court for the District of Massachusetts, Case No. 1:26-cv-10304-ADB)

## NOTICE OF APPEAL

TO THE CLERK OF THE DISTRICT COURT AND THE CLERK OF THIS COURT:

TAKE NOTICE that Appellant, Daitona Carter, hereby appeals to the United States Court of Appeals for the Federal Circuit from the Final Order entered by the United States District Court for the District of Massachusetts on April 15, 2026 (ECF No. 58), which:

Denied Appellant's Motion to Intervene; and Summarily Terminated Appellant's Motion for Witness Protection and Referral to the U.S. Marshals.

### I. BASIS FOR APPEAL

The District Court abused its discretion for the following reasons:

1. Improper Termination of Safety Motion: The Court erroneously terminated Appellant's Motion for Witness Protection solely because she was denied intervention. Safety motions addressing credible threats of physical battery and spoliation are independent of party status. The Court has a duty to protect individuals from violence regardless of their procedural standing.



EXHIBIT 3003 - 2

2. Failure to Consider New Evidence: The denial of intervention was based on an incomplete record. Appellant has since filed 100 Exhibits proving her status as the source of derivation and/or joint inventor under 35 U.S.C. §§ 116 and 256. The Court failed to review this evidence before terminating the case.
3. Procedural Impropriety: The Court issued its denial and termination orders merely 49 minutes after Appellant's Writ of Mandamus was docketed, suggesting a rush to dismiss the case and eliminate safety protections before Appellant could cure the record.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) as this appeal arises from a final decision of a district court in a civil action where the jurisdiction of the district court was based, in whole or in part, on an Act of Congress relating to patents.

## III. RELIEF REQUESTED

Appellant requests that this Court:

Reverse the District Court's denial of intervention and the termination of the safety motion; Remand the case with instructions to reinstate the Motion for Witness Protection and hold an evidentiary hearing on over 60 exhibits; and Grant such other relief as is just and proper.

Respectfully submitted,
/s/ Daitona Carter
Daitona Carter, Pro Se
[Contact Information Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]
**Date: April 20, 2026**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2026, I served a true and correct copy on all counsel of record by electronic mail at the following addresses:

Counsel for Solos Technology Limited:

Ali S. Razai, ali.razai@morganlewis.com
Vanessa Green, vanessa.green@morganlewis.com
Andrew V. Devkar, andrew.devkar@morganlewis.com
Brandon G. Smith, brandon.g.smith@morganlewis.com
Leslie Y. Garcia, leslie.y.garcia@morganlewis.com
Office Calendar Department, occalendardepartment@morganlewis.com
Katherine W. Soule, katherine.soule@morganlewis.com
Katie Thompson, katie.thompson@morganlewis.com
Counsel for Facebook, Inc./Meta Platforms, Inc.:

Eric E. Lancaster, ericlancaster@paulhastings.com
Cecilia Acosta, ceciliaacosta@paulhastings.com
Raye Jones, rayejones@paulhastings.com
Lisa K. Nguyen, lisanguyen@paulhastings.com
Matthias Kamber, matthiaskamber@paulhastings.com
Jerrice Thomas, jerricethomas@paulhastings.com
Stephanie Nicole Adamakos, stephanieadamakos@paulhastings.com
Counsel for Ray-Ban, Inc.:

Jameson J. Pasek, jameson@caldwelllaw.com
Keegan Michael Caldwell, keegan@caldwelllaw.com
Shixiong Wang, steve@caldwelllaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2026, at New York, New York.

/s/ Daitona Carter

Daitona Carter, Pro Se
[Contact Information Withheld Pursuant to TVPA and 18 U.S.C. § 3521 Safety Referral]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**SOLOS TECHNOLOGY LTD.,**
*Plaintiff,*

**v.**

**META PLATFORMS, INC., et al.,**
*Defendants.*

**Case No.: 1:26-cv-10304-ADB**
Judge Allison D. Burroughs

**In re: DAITONA CARTER**
*Proposed Intervenor/Movant.*

**AMENDED NOTICE OF APPEAL**

Notice is hereby given that **Daitona Carter**, Pro Se, appeals to the **United States Court of Appeals for the Federal Circuit** from the Final Order entered on May 8, 2026 [ECF No. 113], which denied her Motion to Vacate under Rules 60(b)(3), 60(b)(6), and 60(d)(3), and imposed a filing injunction.

This appeal also includes all prior orders integrated into the final judgment, specifically [ECF No. 90] and [ECF No. 107], regarding original inventorship rights and the denial of intervention.

This Amended Notice of Appeal is filed as a matter of right pursuant to **Federal Rule of Appellate Procedure 3 and 4**, and is a mandatory jurisdictional prerequisite for the Court of Appeals. As a notice that divests the District Court of jurisdiction over the matters appealed, it does not constitute a 'request for intervention' or 'materials related' to a pending motion, and therefore does not require prior leave of the Court under the order entered at [ECF 113].

Respectfully submitted,

/s/ Daitona Carter

DAITONA CARTER, Pro Se
Proposed Intervenor/Movant
General Delivery Delivery Points
Authenticated via CM/ECF MAD-Portal
E-Service/E-Filing Portal Access Only

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing **Amended Notice of Appeal** to be electronically filed with the Clerk of the Court for the U.S. District Court, District of Massachusetts, using the **CM/ECF system**.

I certify that the CM/ECF system will automatically generate and send a **Notice of Electronic Filing (NEF)** to all registered participants and counsel of record in this case, which constitutes service under the Federal Rules of Civil Procedure and the local rules of this Court.

Dated: May 17, 2026

Respectfully submitted,

/s/ Daitona Carter
DAITONA CARTER, Pro Se
Proposed Intervenor/Movant
General Delivery Delivery Points
Authenticated via CM/ECF MAD-Portal
E-Service/E-Filing Portal Access Only

**EXHIBIT C**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

| | |
|---|---|
| **LUXOTTICA OF AMERICA INC.** and | ) |
| **META PLATFORMS, INC.**, | ) |
| Petitioner, | ) **Case No.: IPR2026-00376** |
| | ) **Patent No.: 12,216,339** |
| v. | ) |
| | ) |
| **SOLOS TECHNOLOGY LIMITED**, | ) |
| Patent Owner. | ) |

**MOVANT DAITONA CARTER'S EMERGENCY MOTION FOR LEAVE TO SUBMIT NON-ELECTRONIC FILINGS AND FOR ACCESSIBILITY ACCOMMODATIONS PURSUANT TO 37 C.F.R. § 42.5, § 42.6(b)(1)(i), AND SECTION 508**

NOW COMES Movant Daitona Carter, appearing pro se, and respectfully moves the Patent Trial and Appeal Board (PTAB) for authorization to submit filings via electronic mail and for accommodation of severe electronic and telephonic access constraints.

## I. REASON FOR REQUEST & ACCOMMODATION NEED

Movant is appearing pro se and faces severe electronic access constraints that completely prevent access to, or verification of, standard USPTO ID.me or P-TACTS accounts.

Movant does not have telephone access due to severe safety and access constraints known to the parties in related matters.

Pursuant to Section 508 of the Rehabilitation Act (29 U.S.C. § 794d), federal executive agencies are mandated to provide individuals with severe access constraints equal access to administrative channels.

## II. RELIEF REQUESTED

Pursuant to 37 C.F.R. § 42.5 (Board authority to waive rules) and 37 C.F.R. § 42.6(b)(1)(i) (Motion for acceptance of non-electronic filing), Movant respectfully requests that the Board enter an Order:

- Accepting Non-Electronic/Email Filings: Granting Movant permission to submit all filings in Case No. IPR2026-00376 via electronic mail (IPR@daitonacarter.com) and/or physical delivery.
- Authorizing Direct Email Service: Directing all parties and the Board to transmit all future orders, notices, and service strictly via email to IPR@daitonacarter.com.
- Conducting Proceedings via Email Orders: Directing that any status conferences or communications be conducted via written email correspondence, as telephonic communications are unavailable.

Respectfully submitted,

Date: July 20, 2026

/s/ Daitona Carter

Daitona Carter
Movant Pro Se

General Delivery, Main Post Office

2 Massachusetts Ave NE
Washington, DC 20002
Email: IPR@daitonacarter.com
Phone: None
(ALL SERVICE VIA EMAIL ONLY)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2026, a true and correct copy of the foregoing **Motion For Non-Electronic Filings And For Accessibility Accommodations Pursuant To 37 C.F.R. § 42.5, § 42.6(b)(1)(i), and Section 508** was served via electronic mail on counsel of record for Petitioners and Patent Owner in Case No. IPR2026-00376:

**Counsel for Petitioner (Luxottica of America Inc. & Meta Platforms, Inc.):**

- MLB-Luxottica-IPR-339@morganlewis.com
- PH-Meta-Solos-IPR@paulhastings.com
- ali.razai@morganlewis.com
- jacob.peterson@morganlewis.com
- john.gaustad@morganlewis.com
- lisanguyen@paulhastings.com
- davidtennant@paulhastings.com
- gracewang@paulhastings.com

**Counsel for Patent Owner (Solos Technology Limited):**

- keegan@caldwelllaw.com
- steve@caldwelllaw.com
- jameson@caldwelllaw.com
- weatherwax@lowensteinweatherwax.com
- hendifar@lowensteinweatherwax.com
- lowenstein@lowensteinweatherwax.com
- woo@lowensteinweatherwax.com
- courtney@lowensteinweatherwax.com
- Solos_IPRs@lowensteinweatherwax.com

/s/ Daitona Carter

Daitona Carter
Movant Pro Se

**EXHIBIT D**

EXPLANATORY COVER SHEET AND EXHIBIT INDEX

| | |
|---|---|
| DOCUMENT DESCRIPTION: | Compliance-Approved Corrected Opening Brief of Movant-Appellant Daitona Carter in the U.S. Court Of Appeals For The Federal Circuit, Appeal No. 26-1721, filed June 26, 2026. |
| TOTAL PAGE COUNT: | 57 Pages attached to Exhibit B |
| NOTICE TO REVIEWER: | Pursuant to general petition guidelines, the following pages comprise the unaltered, compliance-approved Appellate text record delivered from the Federal Circuit CM/ECF System and stands bound by this cover sheet. |

# EXHIBIT E

EXPLANATORY COVER SHEET AND EXHIBIT INDEX

| | |
|---|---|
| DOCUMENT DESCRIPTION: | Docket Summary Sheets for U.S. Court Of Appeals For The Federal Circuit, Case No. 26-1721 (SOLOS V. META ET AL.). |
| TOTAL PAGE COUNT: | 9 Pages |
| NOTICE TO REVIEWER: | Pursuant to general petition guidelines, the following pages comprise the unaltered Appellate Docket Sheet Summary for the U.S. Court Of Appeals For The Federal Circuit, Case No. 26-1721 from the CAFC CM/ECF database. |

**General Docket**
**United States Court of Appeals for the Federal Circuit**

**Court of Appeals Docket #:** 26-1721 **Docketed:** 04/22/2026
**Nature of Suit:** 830 Patent Infringement (Fed. Qst.)
Solos Technology Ltd. v. Meta Platforms, Inc.
**Appeal From:** United States District Court for the District of Massachusetts
**Fee Status:** In Forma Pauperis

**Case Type Information:**
**1)** Civil Private
**2)** -
**3)** -

**Originating Court Information:**
**District:** 0101-1 : 1:26-cv-10304-ADB
**Trial Judge:** Allison Dale Burroughs, Judge
**Date Filed:** 01/23/2026
**Date NOA Filed:** 04/20/2026
**Date Rec'd COA:** 04/21/2026

**Prior Cases:**
None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 26-136 | 26-1721 | 04/22/2026 | |

SOLOS TECHNOLOGY LTD.
Plaintiff - Appellee

Jameson Joseph Pasek, Litigation Counsel
Direct: 857-990-4914
Email: jameson@caldwelllaw.com
[LD NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Keegan Michael Caldwell, Attorney
Direct: 857-990-4926
Email: keegan@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street
59th Floor
Boston, MA 02116

Shixiong Wang, -
Direct: 857-776-4505
Email: steve@caldwelllaw.com
[COR NTC Retained]
Caldwell Law
200 Clarendon Street

| | |
|---|---|
| | 59th Floor<br>Boston, MA 02116 |
| v. | |
| META PLATFORMS, INC.<br>Defendant | |
| META PLATFORMS TECHNOLOGIES, LLC<br>Defendant | |
| OAKLEY, INC.<br>Defendant | |
| LUXOTTICA OF AMERICA, INC.<br>Defendant | |
| ESSILORLUXOTTICA USA, INC.<br>Defendant | |
| v. | |
| DAITONA CARTER<br>Movant - Appellant | Daitona Carter, -<br>Email: dddddc@tuta.com<br>[NTC Pro Se]<br>General Delivery, Main Post Office<br>2 Massachusetts Ave NE<br>Washington, DC 20002 |

SOLOS TECHNOLOGY LTD.,

Plaintiff - Appellee

v.

META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, OAKLEY, INC., LUXOTTICA OF AMERICA, INC., ESSILORLUXOTTICA USA, INC.,

Defendants

DAITONA CARTER,

Movant - Appellant

| | | |
|---|---|---|
| 04/22/2026 | 1<br>29 pg, 784.5 KB | Appeal docketed. Received: 04/21/2026. [1161693]<br>Fee/IFP is due on 05/06/2026. Entry of Appearance is due on 05/06/2026. Appellant's brief is due on 06/22/2026. [JSP] [Entered: 04/22/2026 11:45 AM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Notice of Docketing | 4 | 268.55 KB |
| 2 | Civil Case Docketed | 25 | 515.95 KB |

| | | |
|---|---|---|
| 04/22/2026 | 2<br>13 pg, 236.51 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18. Service: 04/22/2026 by clerk. [1161778] [IMH] [Entered: 04/22/2026 04:13 PM] |
| 04/23/2026 | 3<br>7 pg, 1.32 MB | MOTION of Appellant Daitona Carter to correct or supplement. Service: 04/23/2026 by email. [1162213] [26-1721] [Daitona Carter] [Entered: 04/23/2026 06:33 PM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Motion to supplement the record to include District Court Document 92 and associ | 4 | 78.92 KB |
| 2 | Exhibit S Notice of Electronic Filing for District Court Document 92 | 3 | 1.25 MB |

| | | |
|---|---|---|
| 04/24/2026 | 4<br>4 pg, 73.9 KB | Notice of Physical Filing of the Supplemental Declaration and Exhibits T-1, T-2, and T-3 for Appellant Daitona Carter. Service: 04/24/2026 by email. [1162435] [26-1721] [Daitona Carter] [Entered: 04/24/2026 02:39 PM] |
| 04/27/2026 | 5<br>6 pg, 75.68 KB | MOTION of Appellant Daitona Carter for leave to proceed in Forma Pauperis. Service: 04/27/2026 by email. [1162774] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:12 PM] |
| 04/27/2026 | 6<br>3 pg, 941.55 KB | Notice of Unrepresented Person Appearance and Consent to Electronic Filing and Service for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162775] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:14 PM] |
| 04/27/2026 | 7<br>3 pg, 363.05 KB | Certificate of Interest for Appellant Daitona Carter. Service: 04/27/2026 by email. [1162776] [26-1721] [Daitona Carter] [Entered: 04/27/2026 06:16 PM] |
| 04/27/2026 | 8<br>2 pg, 98.26 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [2], Doc No. [3], Doc No. [4], Doc No. [5], Doc No. [6], Doc No. [7]. Service: 04/27/2026 by email. [1162795] [26-1721] [Daitona Carter] [Entered: 04/27/2026 08:18 PM] |
| 04/28/2026 | 9<br>1 pg, 78.16 KB | Entry of Appearance for Jameson J. Pasek as counsel for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163137] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:22 PM] |

| | | |
|---|---|---|
| 04/28/2026 | 10<br>3 pg, 89.01 KB | Certificate of Interest for Appellee Solos Technology Ltd.. Service: 04/28/2026 by email. [1163138] [26-1721] [Jameson Pasek] [Entered: 04/28/2026 08:25 PM] |
| 04/28/2026 | 11<br>60 pg, 19.84 MB | Status report for Appellant Daitona Carter. Service: 04/28/2026 by email. [1163140] [26-1721] [Daitona Carter] [Entered: 04/28/2026 09:55 PM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Status Report | 5 | 112.65 KB |
| 2 | Supplemental Memorandum and Notice of Candor.pdf | 10 | 205.36 KB |
| 3 | Exhibit L Forensic Documentation of Financial Interdependence.pdf | 3 | 192.12 KB |
| 4 | Select Injuries - others areas private | 42 | 19.34 MB |

| | | |
|---|---|---|
| 04/28/2026 | 12<br>2 pg, 79.08 KB | Corrected Certificate of Service filed by Appellant Daitona Carter to Doc No. [11]. Service: 04/28/2026 by email. [1163145] [26-1721] [Daitona Carter] [Entered: 04/28/2026 11:41 PM] |
| 04/29/2026 | 13<br>2 pg, 62.42 KB | ORDER granting motion for leave to proceed in forma pauperis [5] filed by Appellant Daitona Carter. Service as of this date by the Clerk of Court. [1163189] [NL] [Entered: 04/29/2026 09:54 AM] |
| 04/30/2026 | 14<br>14 pg, 246.7 KB | RESPONSE of Appellee Solos Technology Ltd. to Doc No. [2]. Service: 04/30/2026 by email. [1163651] [26-1721] [Jameson Pasek] [Entered: 04/30/2026 12:17 PM] |
| 04/30/2026 | 15<br>57 pg, 21.1 MB | MOTION of Appellant Daitona Carter to expedite.. Service: 04/30/2026 by email. [1163905] [26-1721] [Daitona Carter] [Entered: 04/30/2026 11:55 PM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Motion | 5 | 112.01 KB |
| 2 | Forensic Map of Financial Interdependence and Identity of Interest | 3 | 192.12 KB |
| 3 | Breakins (not inclusive) Targeting | 3 | 101.14 KB |
| 4 | Forensic Proof of District Court System | 4 | 1.37 MB |
| 5 | Evidence of Physical Battery | 42 | 19.34 MB |

| | | |
|---|---|---|
| 05/04/2026 | 16<br>1 pg, 76.67 KB | Entry of Appearance for Shixiong Wang as counsel for Appellee Solos Technology Ltd.. Service: 05/04/2026 by email. [1164544] [26-1721] |

| | | |
|---|---|---|
| | | [Shixiong Wang] [Entered: 05/04/2026 06:04 PM] |
| 05/06/2026 | 17 208 pg, 35.72 MB | REPLY of Appellant Daitona Carter to response [14]. Service: 05/06/2026 by email. [1165362] [26-1721] [Daitona Carter] [Entered: 05/06/2026 07:24 PM] |
| 05/07/2026 | 18 1 pg, 91.26 KB | Entry of Appearance for Keegan M. Caldwell as counsel for Appellee Solos Technology Ltd.. Service: 05/07/2026 by email. [1165704] [26-1721] [Keegan Caldwell] [Entered: 05/07/2026 06:58 PM] |
| 05/15/2026 | 19 135 pg, 24.52 MB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, for temporary injunction, to expedite., to expedite., Emergency Stay (18USC1595); Injunction vs Aria/EagleEye/Neural SDK rollout; Constructive Trust for $22B; Funds for Independent Security/Secure Housing chosen by Appellant; Unseal ECF 92; Forensic Medical/Toxicological screening for life-safety emergency.. Service: 05/15/2026 by email. [1167468] [26-1721] [Daitona Carter] [Entered: 05/15/2026 01:46 PM] |
| 05/16/2026 | 20 7 pg, 126.62 KB | MOTION of Appellant Daitona Carter for an emergency stay pending appeal under Rule 8/18, EMERGENCY MOTION to Compel Appearance, Request for Ruling on Stay, and Request for ADA Service Accommodations.. Service: 05/16/2026 by email. [1167582] [26-1721] [Daitona Carter] [Entered: 05/16/2026 01:40 PM] |
| 05/16/2026 | 21 4 pg, 118.89 KB | Notice from Appellant Daitona Carter Appellant's Transcript Statement pursuant to FRAP 10(b)(1). Service: 05/16/2026 by email. [1167585] [26-1721] [Daitona Carter] [Entered: 05/16/2026 08:53 PM] |
| 05/17/2026 | 22 3 pg, 118 KB | Citation of Supplemental Authority pursuant to Fed. R. App. P. 28(j) for Appellant Daitona Carter. Service: 05/17/2026 by email. [1167589] [26-1721] [Daitona Carter] [Entered: 05/17/2026 02:37 PM] |
| 05/18/2026 | 23 3 pg, 126.73 KB | ORDER The motions [2], [3] are denied except that ECF No. [6] at 1-2 is accepted for filing. Within seven days from the date of entry of this order, Ms. Carter is directed to comply with Federal Circuit Rule 15(a)(3) by providing her current address and telephone number. Failure to comply will result in dismissal of this appeal for failure to prosecute. Service as of this date by the Clerk of Court. [1167846] [NL] [Entered: 05/18/2026 04:15 PM] |
| 05/18/2026 | 24 5 pg, 75.68 KB | RESPONSE of Appellant Daitona Carter to the Court Order to set case manager tickler date [23] , Court Order [23] with MOTION to to seal document. Service: 05/18/2026 by email [1167882] [26-1721] [Daitona Carter] [Entered: 05/18/2026 06:13 PM] |
| 05/20/2026 | 25 29 pg, 1016.42 KB | Amended Notice of Appeal for Daitona Carter. Service: 05/17/2026 by email. [1168431] [JSP] [Entered: 05/20/2026 03:35 PM] |
| 05/21/2026 | 26 4 pg, 129.96 KB | Notice from Appellant Daitona Carter Supplemental Certificate of Service. Service: 05/21/2026 by email. [1168924] [26-1721] [Daitona Carter] [Entered: 05/21/2026 09:26 PM] |
| 05/22/2026 | 27 3 pg, 132.34 KB | ORDER filed denying motions [2], [15]. (Per Curiam). Service as of this date by the Clerk of Court. [1169040] [NL] [Entered: 05/22/2026 12:02 PM] |
| 06/21/2026 | 28 57 pg, 4.75 MB | OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174810] [26-1721] This document is non- |

| | | |
|---|---|---|
| | | compliant. See Doc No.[30] [Daitona Carter] [Entered: 06/21/2026 04:23 AM] |
| 06/21/2026 | 29 687 pg, 104.54 MB | MODIFIED ENTRY: APPENDIX FILED by Appellant Daitona Carter. Service: 06/21/2026 by email. [1174811] --[Edited 06/25/2026 by JSP - compliance review complete] [Daitona Carter] [Entered: 06/21/2026 04:30 AM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Appendix | 196 | 26.18 MB |
| 2 | Appendix (Part 3 ) for Movant-Appellant Daitona Carter | 162 | 26.1 MB |
| 3 | Appendix (Part 4 ) for Movant-Appellant Daitona Carter | 329 | 52.27 MB |

| | | |
|---|---|---|
| 06/25/2026 | 30 2 pg, 225.75 KB | NOTICE OF NON-COMPLIANCE: The submission of Appellant Daitona Carter, Opening Brief [28], is not in compliance with the rules of this court (see attached). Compliant document due on 07/02/2026. Unless ordered otherwise, the deadline for any responsive filing runs from service of the original version. Service as of this date by the Clerk of Court. [1175844] [JSP] [Entered: 06/25/2026 11:22 AM] |
| 06/26/2026 | 31 59 pg, 5.04 MB | MODIFIED ENTRY: CORRECTED OPENING BRIEF FILED by Appellant Daitona Carter. Service: 06/26/2026 by email. [1176313] --[Edited 07/06/2026 by IMH - Reason: compliance review complete] [Daitona Carter] [Entered: 06/26/2026 11:26 PM] |

| Document | Description | Pages | Size |
|---|---|---|---|
| 1 | Opening Brief | 57 | 4.88 MB |
| 2 | NOTICE OF CORRECTION REGARDING MOVANT-APPELLANT'S OPENING BRIEF | 2 | 154.98 KB |

| | | |
|---|---|---|
| 06/29/2026 | 33 3 pg, 106.92 KB | ORDER filed accepting ECF No. [22] for filing. ECF No. [24] is granted only to the extent that the docket is updated to reflect the designated address for Ms. Carter. The motions, otherwise are denied, and ECF No. [24] is unsealed. (Per Curiam). Service as of this date by the Clerk of Court. [1176552] [NL] [Entered: 06/29/2026 03:47 PM] |
| 07/20/2026 | 34 208 pg, 6.99 MB | Notice of Related Case Information for Appellant Daitona Carter. Service: 07/20/2026 by email. [1180354] [26-1721] [Daitona Carter] [Entered: 07/20/2026 03:22 PM] |
| 07/30/2026 | 35 28 pg, 309.73 KB | RESPONSE BRIEF FILED by Appellee Solos Technology Ltd.. Service: 07/30/2026 by email. (PENDING COMPLIANCE REVIEW) [1182714] [26-1721] [Jameson Pasek] [Entered: 07/30/2026 11:28 AM] |
| 07/30/2026 | 36 154 pg, 35.88 MB | SUPPLEMENTAL APPENDIX FILED by Appellee Solos Technology Ltd.. Service: 07/30/2026 by email. (PENDING COMPLIANCE REVIEW) |

[1182717] [26-1721] [Jameson Pasek] [Entered: 07/30/2026 11:31 AM]

**EXHIBIT F**

EXPLANATORY COVER SHEET AND EXHIBIT INDEX

| | |
|---|---|
| DOCUMENT DESCRIPTION: | The response answering Brief for Plaintiff-Appellee SOLOS TECHNOLOGY LIMITED in CAFC Appeal No. 26-1721, Authored By Jameson J. Pasek, Esq |
| TOTAL PAGE COUNT: | 28 Pages |
| NOTICE TO REVIEWER: | Pursuant to general petition guidelines, the following comprise the unaltered response from Patent Owner's merits response delivered to the Federal Circuit footprint on July 30, 2026, unaltered by Movant-Appellant. |

**No. 2026-1721**

---

# United States Court of Appeals for the Federal Circuit

---

SOLOS TECHNOLOGY LTD.,

*Plaintiff-Appellee*,

v.

META PLATFORMS, INC., et al.

*Defendants*,

DAITONA CARTER,

*Movant-Appellant*.

---

Appeal from the United States District Court for the District of Massachusetts
No. 1:26-cv-10304-ADB, Hon. Allison D. Burroughs

---

**BRIEF FOR APPELLEE SOLOS TECHNOLOGY LIMITED**

---

July 30, 2026

JAMESON J. PASEK
CALDWELL LAW LLC
200 Clarendon Street, 59th Floor
Boston, MA 02116
(857) 990-4914
jameson@caldwelllaw.com

*Counsel for Plaintiff-Appellee Solos Technology Limited*

**TABLE OF CONTENTS**

STATEMENT OF RELATED CASES ........ 1
STATEMENT OF THE ISSUES ........ 1
STATEMENT OF THE CASE AND FACTS ........ 2
SUMMARY OF THE ARGUMENTS ........ 7
ARGUMENT ........ 9
I. STANDARD OF REVIEW ........ 9
II. THE DISTRICT COURT PROPERLY DENIED INTERVENTION UNDER RULES 24(a)(2) AND 24(b) ........ 10
A. Carter Failed to Establish a Significantly Protectable Interest Required to Intervene under Rule 24(a) ........ 10
B. Intervention Would Have Significantly Expanded the Scope of the Litigation, Hindering the Timely Resolution Required Under Rule 24(b) ........ 13
III. CARTER'S OPENING BRIEF DOES NOT DEMONSTRATE ANY ABUSE OF DISCRETION ........ 15
IV. CARTER'S SUBSEQUENT FILINGS, EVEN IF CONSIDERED, DO NOT ESTABLISH REVERSIBLE ERROR ........ 19
CONCLUSION ........ 22
CERTIFICATE OF COMPLIANCE ........ 23
CERTIFICATE OF SERVICE ........ 24

Case: 26-1521 Document: 1-3 Page: 54 Filed: 07/30/2026

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*BearBox LLC v. Lancium LLC*,
125 F.4th 1101 (Fed. Cir. 2025)....21

*Biltcliffe v. CitiMortgage, Inc.*,
772 F.3d 925 (1st Cir. 2014)....20

*Blue Gentian, LLC v. Tristar Products, Inc.*,
70 F.4th 1351 (Fed. Cir. 2023)....17

*Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*,
134 F.3d 1085 (Fed. Cir. 1998)....10

*Daggett v. Comm'n on Govtl. Ethics and Election Practices*,
172 F.3d 104 (1st Cir. 1999)....13

*Donaldson v. United States*,
400 U.S. 517 (1971)....10

*Eli Lilly & Co. v. Aradigm Corp.*,
376 F.3d 1352 (Fed. Cir. 2004)....11, 12

*Ethicon, Inc. v. U.S. Surgical Corp.*,
135 F.3d 1456 (Fed. Cir. 1998)....5, 11

*Flynn v. Hubbard*,
782 F.2d 1084 (1st Cir. 1986)....10

*Fortress Iron, LP v. Digger Specialties, Inc.*,
171 F.4th 1310 (Fed. Cir. 2026)....18

*Global Health Solutions LLC v. Selner*,
148 F.4th 1363 (Fed. Cir. 2025)....21

*Honeywell Int'l Inc. v. Arkema Inc.*,
939 F.3d 1345 (Fed. Cir. 2019)....17

*Ofori v. Ruby Tuesday, Inc.*,
205 F. App'x 851 (1st Cir. 2006)....20

*Palmer v. Champion Mortg.*,
465 F.3d 24 (1st Cir. 2006) ....................20

*Pannu v. Iolab Corp.*,
155 F.3d 1344 (Fed. Cir. 1998) ....................17

*Pei-Herng Hor v. Ching-Wu Chu*,
699 F.3d 1331 (Fed. Cir. 2012) ....................17

*Pub. Serv. Co. of New Hampshire v. Patch*,
136 F.3d 197 (1st Cir. 1998) ....................10

*Securities and Exch. Comm'n v. LBRY, Inc.*,
26 F.4th 96 (1st Cir. 2022) ....................9

*Stauffer v. Brooks Brothers, Inc.*,
619 F.3d 1321 (Fed. Cir. 2010) ....................9

*T-Mobile Northeast LLC v. Town of Barnstable*,
969 F.3d 33 (1st Cir. 2020) ....................13, 14

*Travelers Indem. Co. v. Dingwell*,
884 F.2d 629 (1st Cir. 1989) ....................10, 13

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*,
573 F.3d 1290 (Fed. Cir. 2009) ....................11

**Statutes**

35 U.S.C. § 256 .................... *Passim*

**Rules**

Fed. R. Civ. P. 24 .................... *Passim*

Fed. R. Civ. P. 59 ....................20

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellee Solos Technology Limited states that the following proceeding arises from the same civil action previously before this Court: *In re Daitona Carter*, No. 2026–136 (Fed. Cir.), decided Apr. 30, 2026 (per curiam) (nonprecedential). Appellee is unaware of any other case pending in this or any other tribunal that will directly affect or be directly affected by this Court's decision in this appeal.

## STATEMENT OF THE ISSUES

1. Whether the district court abused its discretion in denying Appellant's motion to intervene as of right under Federal Rule of Civil Procedure 24(a) ("Rule 24(a)") after concluding that Appellant failed to allege a significantly protectable interest in the patents-in-suit. (SAppx1–3).[1]

2. Whether the district court abused its discretion in denying permissive intervention under Federal Rule of Civil Procedure 24(b) ("Rule 24(b)") after

---

[1] Appellant failed to include Appellee in determining the contents of the Appendix. Appellee therefore submits a Supplemental Appendix and while certain documents reproduced in the Supplemental Appendix also appear in the Appendix, Appellee is reproducing those documents to provide complete and legible copies of the district court record. In particular, the district court's Electronic Orders denying intervention, reconsideration and Appellant's motion to vacate are being reproduced because the corresponding copies contained in the Appendix include apparent character-encoding and formatting artifacts (e.g., HTML rendering errors) that are not present in the official district court docket entries.

determining that intervention would substantially expand the scope of the underlying patent infringement action and hinder efficient resolution. (SAppx1–3).

3. Whether Appellant's filings, submitted after the district court denied intervention, cure Appellant's deficiencies underlying the district court's denial of intervention, or otherwise demonstrate an abuse of discretion. (SAppx4–6, SAppx7–9).

## STATEMENT OF THE CASE AND FACTS

On January 23, 2026, Plaintiff-Appellee Solos Technology Limited ("Solos") commenced a patent infringement action in the United States District Court for the District of Massachusetts against Meta Platforms, Inc., Meta Platforms Technologies, LLC, Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, Inc., alleging infringement of U.S. Patent Nos. 10,306,389; 10,651,866; 11,082,055; 11,871,174; and 12,216,339 (collectively, the "Patents-in-Suit"). Compl., *Solos Tech. Ltd. v. Meta Platforms, Inc.*, No. 1:26-cv-10304-ADB (D. Mass. Jan. 23, 2026), ECF No. 1 (SAppx10–48). Appellant Daitona Carter ("Carter") was not an original party to the action and asserted no interest in the litigation during its initial proceedings.

On March 27, 2026, more than two months after this action commenced and while the parties were actively litigating the pleadings, Appellant Daitona Carter

(“Carter”), proceeding pro se, moved to intervene pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively under Rule 24(b). Mot. to Intervene, ECF No. 58 (Mar. 27, 2026) (Appx54–60). Carter alleged that she possessed prior conception and reduction to practice of technologies embodied in the Patents-in-Suit and sought to intervene for purposes of pursuing correction of inventorship under 35 U.S.C. § 256. *Id*. at 3–5 (Appx56–58); Proposed Compl. in Intervention ¶¶ 5–8, ECF No. 58-1 (Mar. 27, 2026) (Appx62–64).

Solos opposed intervention, explaining that Carter had failed to establish any legally protectable interest relating to the Patents-in-Suit. Pl.’s Opp’n to Mot. to Intervene, ECF No. 82 (Apr. 10, 2026) (Appx111–121). Solos argued that Carter failed to allege non-conclusory facts demonstrating that she contributed to the conception of any claim of any Patent-in-Suit; failed to identify any collaboration with the named inventors; failed to connect her allegations to any specific claim limitation; and instead relied upon generalized assertions concerning independent technological work and unrelated events. *Id*. at 2–6 (Appx112–116). Solos further argued that permissive intervention would alter the nature of the litigation by injecting new inventorship and ownership disputes, expanding the scope of the case, and hindering resolution of the infringement claims pending between the existing parties. *Id*. at 7–9 (Appx117–119).

In addition to seeking intervention, Carter filed numerous ancillary motions seeking relief unrelated to the merits of the pending patent infringement action. Those filings included a motion for a protective order seeking leave to redact personal information from her filings; a motion for witness protection and technical safeguards requesting relief from alleged electronic interference and financial restrictions; a motion requesting judicial notice of purported prior litigation and regulatory matters; a motion seeking *in camera* review of materials relating to alleged witness intimidation and electronic suppression of evidence; and an emergency motion requesting ADA accommodations and electronic filing privileges asserting physical, financial, and technological barriers. ECF Nos. 59–62, 65 (Mar. 27–30, 2026) (SAppx49–57).

Moreover, between April 8 and April 13, 2026, Carter continued to supplement the record in support of her motion to intervene through additional memoranda expanding her inventorship and standing allegations, notices of supplemental authority identifying purported legal developments and alleged conflicts of interest, supplemental affidavits and evidentiary submissions offering additional factual allegations regarding inventorship, proposed supplemental exhibits, and motions seeking leave to supplement the record with additional evidence and demonstrative materials. ECF Nos. 70, 72–74 (Apr. 8, 2026)

(SAppx58–73); ECF Nos. 77–80 (Apr. 9–10, 2026) (SAppx74–92); ECF No. 83 (Apr. 10, 2026) (Appx74–78); ECF No. 84-85 (Apr. 13, 2026) (SAppx93–109).

On April 13, 2026, the district court granted Carter's motions for leave to file the supplemental materials identified in ECF Nos. 84 and 85 and directed her to electronically file those materials through the Court's CM/ECF system before the court ruled on her motion to intervene. Electronic Order, ECF No. 86 (Apr. 13, 2026) (SAppx2). Thus, before ruling on intervention, the district court considered not only Carter's original motion and proposed complaint, but also the numerous supplemental filings she submitted over the ensuing weeks.

On April 15, 2026, the district court denied Carter's motion to intervene. Electronic Order, ECF No. 90 (Apr. 15, 2026) (SAppx2–3). The district court held that Carter failed to establish a significantly protectable interest sufficient to support intervention as of right because neither her motion, proposed complaint, nor her "many other filings" contained non-conclusory allegations demonstrating that she contributed to "the formation... of a definite and permanent idea" of the inventions claimed in the Patents-in-Suit, as required to demonstrate inventorship under 35 U.S.C. § 256. *Id.* (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)) (SAppx2–3). The district court also found that permissive intervention under Rule 24(b) was unwarranted because intervention would not only

expand the scope of the litigation to encompass an inventorship dispute but would also unduly hinder the efficient resolution of the underlying action. (SAppx2–3). As such, the district court denied Carter's remaining pending motions as moot. (SAppx3).

Following entry of the April 15, 2026 order denying intervention, Carter filed several post-order motions. On April 17, 2026, Carter filed an Emergency Motion for Reconsideration and Relief from Order. ECF No. 91 (Apr. 17, 2026) (Appx124–128). Then, on April 20, 2026, Carter filed an Emergency Motion to Vacate and Stay Proceedings. ECF No. 95 (Apr. 20, 2026) (Appx462–464).

Before the district court ruled on either of those post-order motions, Carter sought appellate review of the April 15, 2026 intervention order in two separate proceedings. First, Carter filed a petition for a writ of mandamus with this Court, which was docketed on April 15, 2026, the same day the district court entered the order denying intervention. *In re Carter*, No. 26-136 (Fed. Cir.), Dkt. Nos. 1–2 (Apr. 15, 2026). Second, on April 20, 2026, while her motions for reconsideration and to vacate remained pending before the district court, Carter filed a Notice of Appeal identifying the April 15, 2026 order denying intervention. Notice of Appeal, ECF No. 97 (Apr. 20, 2026) (SAppx110–113). This appeal was docketed on April 22, 2026. Accordingly, when Carter invoked this Court's jurisdiction, the district court

had entered only the April 15, 2026 order denying intervention. Carter's post-order motions remained pending before the district court and were resolved only after the mandamus proceeding and this appeal had already been initiated.

After filing both her petition for writ of mandamus and her notice of appeal, Carter continued filing additional notices, declarations, purported evidentiary submissions, and post-order motions in the district court, including ECF No. 103 (Apr. 24, 2026) (SAppx114–116); ECF No. 106 (Apr. 29, 2026) (SAppx117–119); and ECF No. 110 (May 4, 2026) (SAppx120–151). The district court entered separate orders resolving those post-order motions, concluding that Carter's additional submissions did not cure the deficiencies identified in the April 15, 2026 intervention order and repeated arguments previously rejected. Electronic Orders, ECF No. 107 (Apr. 29, 2026) (SAppx5–6). The district court further directed that Carter obtain leave of court before filing additional materials and warned that continued filings could result in termination of filing privileges. ECF No. 113 (May 8, 2026) (SAppx8–9).

## SUMMARY OF THE ARGUMENTS

The district court properly concluded that Carter failed to establish a legally protectable interest relating to the Patents-in-Suit. Although Carter alleged that she conceived technologies generally related to smart eyewear and sought correction of

inventorship under 35 U.S.C. § 256, she failed to allege non-conclusory facts demonstrating that she contributed to the conception of any specific claim of any Patent-in-Suit. Thus, Carter failed to satisfy the threshold requirements for intervention. Accordingly, the district court properly denied intervention as of right under Rule 24(a).

The district court also acted within its discretion in denying permissive intervention under Rule 24(b). Rule 24(b) authorizes a district court to deny intervention where intervention would expand the litigation, delay its resolution, or prejudice the original parties. Carter's proposed intervention would have transformed a patent infringement action into a separate inventorship and ownership dispute involving new factual allegations, additional claims, and collateral issues, including allegations of witness intimidation, electronic interference, regulatory and financial misconduct, requests for protective orders, judicial notice of unrelated matters, *in camera* proceedings, and other procedural relief distinct from the infringement claims pending between the existing parties. The district court therefore concluded that permissive intervention was unwarranted.

Carter then attempted to avoid such dispositive deficiencies by relying on events that occurred after the district court denied intervention. Even assuming Carter's subsequent post-order filings and arguments are considered, they do not

provide a basis to disturb the district court's denial of intervention. Before denying intervention, the district court afforded Carter multiple opportunities to supplement her motion and considered numerous additional materials. After Carter initiated both a petition for writ of mandamus and this appeal, she continued filing several motions, declarations, and evidentiary submissions. The district court subsequently concluded that those later filings did not cure the deficiencies identified in its April 15, 2026 order and repeated arguments previously considered and rejected.

Accordingly, whether this Court confines its review to the April 15, 2026 intervention order or also considers the district court's subsequent post-order rulings, affirmance is warranted.

## ARGUMENT

### I. STANDARD OF REVIEW

This Court reviews the district court's denial of intervention by applying the regional circuit's law governing Rule 24. *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010). In the First Circuit, a district court's denial of a motion to intervene under Rule 24 is reviewed for abuse of discretion. *Securities and Exch. Comm'n v. LBRY, Inc.*, 26 F.4th 96, 98 (1st Cir. 2022). A district court abuses its discretion when it applies an incorrect legal standard, relies on clearly erroneous

findings of fact, or commits a clear error of judgment. *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

## II. THE DISTRICT COURT PROPERLY DENIED INTERVENTION UNDER RULES 24(a)(2) AND 24(b)

### A. Carter Failed to Establish a Significantly Protectable Interest Required to Intervene under Rule 24(a)

Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right only where the proposed intervenor demonstrates "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The asserted interest must be "significantly protectable" rather than remote, speculative, or contingent. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Applying First Circuit law, a proposed intervenor must demonstrate a direct, substantial, and legally protectable interest in the subject of the litigation to intervene as of right under Rule 24(a)(2). *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (citing *Flynn v. Hubbard*, 782 F.2d 1084, 1092 (1st Cir. 1986) (Coffin, J., concurring) (noting that the interest must be "direct, substantial, and legally protectable"); *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 206 (1st Cir. 1998) (affirming denial of intervention where applicants failed to demonstrate a "significantly protectable interest").

Where, as here, the asserted interest is predicated on alleged inventorship, Carter must plausibly allege facts that, if proven, establish inventorship under Federal Circuit law. Because "[c]onception is the touchstone of inventorship," *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (internal citations omitted), and *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009), an alleged inventor must demonstrate a contribution to the conception of the claimed invention itself. Thus, joint inventorship exists only where the alleged inventor made a contribution—that is "not insignificant in quality"—to a specific claim, rather than to the general field of technology. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358–60 (Fed. Cir. 2004).

Carter invoked 35 U.S.C. § 256 and asserted that she conceived technology generally relating to smart eyewear. Carter alleged that she independently researched smart-eyewear technology, developed prototypes and related products, pursued commercialization efforts, communicated with various companies and investors, and believed others later incorporated aspects of her work into commercially available products. Carter further asserted that she possessed confidential technical information, conceived certain concepts before the named inventors, and had been excluded from inventorship. (Appx55–58). Carter repeatedly supplemented those

allegations through additional memoranda, declarations, affidavits, and evidentiary submissions. (SAppx66–82; Appx74–109, 200–594).

None of Carter's allegations, however, identified a single asserted patent claim, explained how any alleged contribution corresponded to a specific claim limitation, identified collaboration with any named inventor, or connected Carter's asserted work to the conception of the claimed inventions. *Eli Lilly*, 376 F.3d at 1358–60 (one does not qualify as a joint inventor by explaining concepts or contributing to the current state of the art). Carter likewise failed to identify any named inventor or describe collaborative efforts.

Therefore, the district court concluded that Carter failed to satisfy that threshold requirement. Neither her original motion, her proposed complaint in intervention, nor the numerous supplemental filings identified any specific patent claim, claim limitation, or inventive concept to which Carter allegedly contributed. Recognizing these deficiencies, the district court concluded that Carter had failed to allege non-conclusory facts demonstrating that she contributed to "the formation... of a definite and permanent idea" of the inventions claimed in the Patents-in-Suit and thus failed to establish a significantly protectable interest sufficient to support intervention as of right. Electronic Order, ECF No. 90 (Apr. 15, 2026) (SAppx2–3).

### B. Intervention Would Have Significantly Expanded the Scope of the Litigation, Hindering the Timely Resolution Required Under Rule 24(b)

Permissive intervention under Rule 24(b) is committed to the district court's broad discretion. Even where a proposed intervenor presents a claim sharing common questions of law or fact with the underlying action, Rule 24(b)(3) expressly requires the district court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In making that determination, a district court "can consider almost any factor rationally relevant" to the intervention decision and "enjoys very broad discretion" in granting or denying permissive intervention. *Daggett v. Comm'n on Govtl. Ethics and Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999) ("the district court enjoys a reasonable measure of latitude under Rule 24(a)(2) as well as Rule 24(b)(2)"); *Travelers Indem.*, 884 F.2d at 641.

The district court applied those principles here. Citing *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 42 (1st Cir. 2020), the court concluded that allowing Carter to intervene "would not only substantially expand the scope of the action to include disputes over inventorship; it would also 'unduly hinder the efficient resolution' of this case." Electronic Order, ECF No. 90 (Apr. 15, 2026) (SAppx2–3). That conclusion was well supported by the record. As discussed above,

Carter's proposed intervention would have transformed the patent infringement action into a sprawling dispute involving numerous unrelated allegations of fraud, cyber harassment, constitutional violations, and government misconduct. (Appx200–594).

The subsequent course of proceedings confirms the district court's assessment. Before the court ruled on intervention, Carter had already filed numerous ancillary motions, supplemental memoranda, declarations, affidavits, evidentiary submissions, and proposed supplemental pleadings, many addressing issues far removed from the infringement claims—albeit issues that remained unsupported and difficult to discern (e.g., allegations of witness intimidation, harassment, financial misconduct, confinement, data suppression, and conflicts of interest). (SAppx51–57). The district court properly concluded that permitting intervention would fundamentally expand the litigation and impede the efficient resolution of the existing parties' patent infringement claims.

The district court's reliance on *T-Mobile* was particularly apt. There, the First Circuit affirmed the denial of permissive intervention because the proposed intervenors failed to demonstrate that their participation would meaningfully assist the litigation and because adding additional parties would unnecessarily complicate and delay the proceedings. *T-Mobile*, 969 F.3d at 41–42. The court explained that

Rule 24(b)(3) expressly authorizes district courts to deny intervention where additional parties would "unduly delay or prejudice the adjudication of the original parties' rights" and reaffirmed that district courts possess "very broad discretion" in making that determination. *Id.* The same reasoning applies with even greater force here, where Carter sought not merely to participate in the existing infringement dispute but to inject entirely new inventorship, ownership, and collateral factual controversies.

Accordingly, the district court acted well within the broad discretion afforded by Rule 24(b) in concluding that Carter's proposed intervention would expand the litigation and unduly hinder the efficient resolution of the underlying action.

## III. CARTER'S OPENING BRIEF DOES NOT DEMONSTRATE ANY ABUSE OF DISCRETION

The precise contours of Carter's arguments are not always readily apparent. Nevertheless, even construing the Appellant's brief liberally, none of the arguments identify an incorrect legal standard, a clearly erroneous factual finding, or a clear error of judgment in the district court's Rule 24 analysis. Carter contends that the district court abused its discretion by conducting a premature "mini-trial" on inventorship, applying a "hyper-technical" patent pleading standard to her motion to intervene, creating a purported "Catch-22" that foreclosed relief under 35 U.S.C. §

Case: 26-1573 Document: 2-3 Page: 121 Filed: 03/18/2026

256, relying upon Appellees' purported "BlueRadios" arguments to short-circuit intervention, and issuing electronic text orders that allegedly denied her procedural due process. Appellant's Brief at 25–32. Carter further argues that the district court ignored evidence of fraud on the court, witness tampering, record manipulation, constitutional violations, and other alleged misconduct that, in her view, independently warranted intervention or other relief. *Id*. at 23–43. Rather than addressing the legal basis upon which the district court denied intervention, Carter's arguments either mischaracterize the court's ruling or concern issues that have no bearing on whether Carter satisfied the requirements for intervention under Rule 24.

Indeed, much of Carter's brief is devoted to matters unrelated to the issue before this Court, let alone demonstrating abuse of discretion. Beyond her inventorship allegations and the issues referenced above, Carter references alleged cyber intrusions, constitutional violations, criminal misconduct, Department of Defense procurement programs, AUKUS-related technology transfers, trademark disputes, government reporting obligations, and requests for reassignment to another district judge. Those allegations are not material in any way to the question presented by this appeal. The district court was not asked to adjudicate claims of fraud, determine criminal liability, resolve constitutional questions, or decide ownership of unrelated technology. Rather, it was asked to determine whether Carter had satisfied

the requirements for intervention under Rule 24. Those collateral allegations do not identify any asserted patent claim, any claim limitation, any contribution to the conception of a claimed invention, or any other fact demonstrating a significantly protectable interest in the subject matter of this patent infringement action.

Nor do the authorities cited throughout Carter's brief demonstrate that the district court abused its discretion. Each addresses a different substantive issue and/or arises in a materially different procedural posture. For example, *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998), addresses the substantive requirements for joint inventorship following a patent infringement trial; *Honeywell Int'l Inc. v. Arkema Inc.*, 939 F.3d 1345 (Fed. Cir. 2019), concerns the Patent Trial and Appeal Board's authority to permit correction of inventorship during post-grant review proceedings; and *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331 (Fed. Cir. 2012), addresses laches and other equitable defenses in an action for correction of inventorship under 35 U.S.C. § 256. None concerns the improper denial of intervention under Rule 24 or undermines the district court's conclusion that Carter failed to plausibly allege a significantly protectable interest.

Likewise, *Blue Gentian, LLC v. Tristar Products, Inc.*, 70 F.4th 1351 (Fed. Cir. 2023), affirmed a judgment correcting inventorship after an evidentiary hearing established that the alleged joint inventor made a significant contribution to at least

one claimed invention, and *Fortress Iron, LP v. Digger Specialties, Inc.*, 171 F.4th 1310 (Fed. Cir. 2026), addressed whether inventorship could be corrected under § 256 after summary judgment established that an omitted co-inventor should be added to an issued patent. Each of those decisions concerns the substantive merits of inventorship or the statutory mechanisms for correcting inventorship after a cognizable inventorship dispute had been established. This appeal presents a different and antecedent procedural question: whether the district court abused its discretion in concluding that Carter failed to allege facts establishing the significantly protectable interest required to intervene under Rule 24(a). None of the authorities cited by Carter suggest that the district court applied an incorrect legal standard or otherwise abused its discretion in denying intervention.

Ultimately, Carter's opening brief neither engages with the reasoning underlying the district court's order nor identifies reversible error in its application of Rule 24. Instead, the brief interweaves collateral allegations, legal theories unrelated to intervention, and authorities addressing the substantive merits of inventorship rather than the threshold requirements for intervention. Carter fails therefore to identify any incorrect legal standard, clearly erroneous factual finding, or clear error of judgment that could warrant reversing the district court's denial of intervention.

## IV. CARTER'S SUBSEQUENT FILINGS, EVEN IF CONSIDERED, DO NOT ESTABLISH REVERSIBLE ERROR

Carter's numerous post-order submissions, even assuming they are considered, do not undermine the district court's April 15, 2026 order denying intervention. Before ruling on Carter's motion, the district court afforded her multiple opportunities to supplement the record and expressly considered not only Carter's original motion and proposed complaint, but also the numerous memoranda, declarations, affidavits, evidentiary submissions, and supplemental pleadings Carter filed during the ensuing weeks. (SAppx66–92). The district court therefore decided the intervention motion on a fully developed record rather than limiting its review to Carter's initial filings.

After the district court denied intervention, Carter continued filing additional motions, declarations, notices, and evidentiary materials despite having already initiated both a petition for writ of mandamus and the present appeal. (SAppx117–151). Those submissions reiterated Carter's prior assertions regarding third-party misconduct and various collateral grievances, while expanding into additional allegations unrelated to the requirements for intervention under Rule 24. Like Carter's earlier filings, they failed to identify any claim limitation reflecting her

purported inventive contribution or collaboration with the named inventors that would plausibly establish inventorship under governing Federal Circuit law.

The district court expressly considered those subsequent submissions and concluded they provided no basis to disturb its April 15, 2026 order. Applying the Rule 59(e) standard, the court explained that reconsideration is an "extraordinary remedy" available only upon newly discovered evidence or a manifest error of law, and that "'simple disagreement with the court's decision is not a basis for reconsideration.'" Electronic Order, ECF No. 107 (Apr. 29, 2026) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), and *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 853 (1st Cir. 2006)) (SAppx5–6). The court further found that Carter "ha[d] not sufficiently shown that anything contained in the filings qualifies as 'newly discovered'" evidence within the meaning of Rule 59(e), citing *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 931 (1st Cir. 2014). (SAppx5–6). Notably, the court concluded that Carter's additional submissions "do[] not cure the defect identified in the Court's prior order, namely, that Carter has not sufficiently alleged that she conceived of or contributed to the conception of the inventions at issue in this litigation." *Id.*

In reaching that conclusion, moreover, the court relied on recent Federal Circuit precedent reaffirming that inventorship requires evidence of conception and

a significant contribution to at least one claimed invention. *See Global Health Solutions LLC v. Selner*, 148 F.4th 1363, 1371 (Fed. Cir. 2025) (to establish derivation, a party must show conception of the claimed invention and communication of that conception); *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1118 (Fed. Cir. 2025) (an alleged joint inventor must demonstrate a significant contribution to the conception or reduction to practice of at least one claim arising from joint inventive activity). The district court agreed with Appellee that Carter's allegations reflected, at most, "'generalized work in smart glasses technology, software concepts, or prior projects,' without identifying any 'concrete, claim-level contributions.'" (SAppx6).

Indeed, the district court reached this same conclusion after Carter continued filing additional materials. It encouraged Carter to refrain from submitting repetitive filings and warned that continued abuse of the electronic filing system could result in termination of CM/ECF filing privileges. Electronic Orders, ECF Nos. 107 (Apr. 29, 2026), 113 (May 8, 2026) (SAppx4–9). Those orders underscore that the district court considered Carter's post-order submissions on their merits and reasonably concluded that they neither presented newly discovered evidence nor remedied the dispositive deficiency underlying the denial of intervention.

Case: 26-1573 Document: 2-3 Page: 127 Filed: 08/18/2026

Accordingly, even if this Court were to consider Carter's post-order submissions in evaluating the April 15, 2026 order, those filings provide no basis for reversal.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellee Solos Technology Limited respectfully requests that this Court affirm the district court's denial of Appellant's Motion to Intervene.

Dated: July 30, 2026

Respectfully submitted,

/s/ Jameson J. Pasek
JAMESON J. PASEK
CALDWELL LAW LLC
200 Clarendon Street, 59th Floor
Boston, MA 02116
(857) 990-4914
jameson@caldwelllaw.com

*Counsel for Plaintiff-Appellee Solos Technology Limited*

Case: 26-1573 Document: 15 Page: 127 Filed: 07/30/2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. Cir. R. 32(b)(1) because it contains 4,309 words, excluding the parts exempted by Fed. Cir. R. 32(b)(2) and Fed. R. App. P. 32(f). The undersigned relied upon the word count feature of a word processing system in preparing this certificate as permitted by Fed. R. App. P. 32(g). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ Jameson J. Pasek
JAMESON J. PASEK
CALDWELL LAW LLC
200 Clarendon Street, 59th Floor
Boston, MA 02116
(857) 990-4914
jameson@caldwelllaw.com

## CERTIFICATE OF SERVICE

I, Jameson J. Pasek, hereby certify that on July 30, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which provides notice of such filing to all registered participants.

/s/ Jameson J. Pasek
JAMESON J. PASEK
CALDWELL LAW LLC
200 Clarendon Street, 59th Floor
Boston, MA 02116
(857) 990-4914
jameson@caldwelllaw.com

**Appx. 94**

SLIP SHEET: LUXOTTICA PETITION COVER AND MANDATORY NOTICES

CASE NO. IPR2026-00412 (FILED AUGUST 7, 2026)

TRACKING COLLATERAL DUPLICATE DOCKET EXPANSIONS AGAINST U.S. PATENT NO. 11,082,055

Filed: August 7, 2026

Filed on behalf of **Luxottica of America Inc.** and **Meta Platforms, Inc.**

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

LUXOTTICA OF AMERICA INC. AND META PLATFORMS, INC.,
Petitioners,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

Case IPR2026-00412
Patent 11,082,055

# PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 11,082,055

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

LUXOTTICA OF AMERICA INC. AND META PLATFORMS, INC.,
Petitioners,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

IPR2026-00412
Patent 11,082,055

RESPONDENT SOLOS TECHNOLOGY LIMITED'S MANDATORY NOTICES PURSUANT TO 37 C.F.R. § 42.8

Pursuant to 37 C.F.R. § 42.8, Patent Owner Solos Technology Limited ("Patent Owner"), through the undersigned counsel, submits the following mandatory notices in connection with the Petition for Inter Partes Review, Case No. IPR2026-00412 (the "Petition").

**I. Real Party in Interest Under 37 C.F.R. § 42.8(b)(1)**

The Real-Party-in-Interest is Solos Technology Limited.

**II. Related Matters Under 37 C.F.R. § 42.8(b)(2)**

Patent Owner is aware of the following related matters: *Solos Technology Limited v. Meta Platforms, Inc., et al.*, Case No. 1:26-cv-10304, pending in the United States District Court for the District of Massachusetts; and IPR2026-00420 pending before the Patent Trial and Appeal Board. Patent Owner is not presently aware of any other judicial or administrative matters that would affect, or be affected by, a decision in this proceeding.

**III. Lead and Back-Up Counsel Under 37 C.F.R. § 42.8(b)(3)**

| Lead Counsel |
| --- |
| Keegan M. Caldwell (Reg. No. 73,731)<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-990-4926<br>E-mail: keegan@caldwelllaw.com |

| Back-up Counsel |
| --- |
| Steve Wang (Reg. No. 79,880)<br>steve@caldwelllaw.com<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-776-4505 |
| Jameson J. Pasek (*pro hac vice* forthcoming)<br>CALDWELL<br>200 Clarendon Street, 59th Floor<br>Boston, MA 02116<br>Telephone: 857-990-4914<br>E-mail: jameson@caldwelllaw.com |
| Kenneth Weatherwax (Reg. No. 54,528)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4503<br>E-mail: weatherwax@lowensteinweatherwax.com |
| Parham Hendifar (Reg. No. 71,470)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4500<br>E-mail: hendifar@lowensteinweatherwax.com |
| Nathan Lowenstein (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4502<br>E-mail: lowenstein@lowensteinweatherwax.com |

| |
|---|
| Colette Woo (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4511<br>E-mail: woo@lowensteinweatherwax.com |
| Dennis Courtney (*pro hac vice* forthcoming)<br>LOWENSTEIN & WEATHERWAX LLP<br>1016 Pico Blvd.,<br>Santa Monica, CA 90405<br>Telephone: 310-307-4521<br>E-mail: courtney@lowensteinweatherwax.com |

## IV. Service Information Under 37 C.F.R. § 42.8(b)(4)(i-v)

Please direct all correspondence to lead counsel and back-up counsel at the addresses shown above. Patent Owner also consents to electronic service by email to the email addresses shown above and to Solos_IPRs@lowensteinweatherwax.com.

Dated: August 11, 2026

Respectfully submitted,
Solos Technology Limited
By its attorneys,

/s/ Keegan Caldwell (Reg. No. 73731)
Keegan M. Caldwell
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4926
E-mail: keegan@caldwelllaw.com

Steve Wang (Reg. No. 79,880)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-776-4505
E-mail: steve@caldwelllaw.com

Jameson J. Pasek (*pro hac vice* forthcoming)
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4914
E-mail: jameson@caldwelllaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2026, copies of the foregoing SUBMISSION OF MANDATORY NOTICES PURSUANT TO 37 C.F.R. § 42.8 were served pursuant to 37 C.F.R. § 42.6 on Petitioner by sending copies to Petitioner's counsel at the following email addresses designated for electronic service: MLB-Luxottica-IPR-055-1@morganlewis.com, PH-Meta-Solos-IPR@paulhastings.com, ali.razai@morganlewis.com, jacob.peterson@morganlewis.com, jack.hendershott@morganlewis.com, lisanguyen@paulhastings.com, davidtennant@paulhastings.com, josephrumpler@paulhastings.com, and gracewang@paulhastings.com.

/s/ Keegan Caldwell (Reg. No. 73731)
Keegan M. Caldwell
CALDWELL
200 Clarendon Street, 59th Floor
Boston, MA 02116
Telephone: 857-990-4926
E-mail: keegan@caldwelllaw.com

**Appx. 138**

SLIP SHEET: META PLATFORMS PETITION COVER AND MANDATORY NOTICES

CASE NO. IPR2026-00420 (FILED AUGUST 7, 2026)

PROVING SYMMETRICAL NON-DISCLOSURE OF PENDING APPELLATE CHALLENGE UNDER PENALTY OF PERJURY

Filed: August 7, 2026

Filed on behalf of **Meta Platforms, Inc.** and **Luxottica of America Inc.**

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

META PLATFORMS, INC. AND LUXOTTICA OF AMERICA INC.,
Petitioners,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

---

Case IPR2026-00420
U.S. Patent No. 11,082,055

---

**PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 11,082,055**

Trials@uspto.gov
571-272-7822

Paper 5

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

LUXOTTICA OF AMERICA INC. AND META PLATFORMS, INC.,
Petitioner,

v.

SOLOS TECHNOLOGY LIMITED,
Patent Owner.

---

IPR2026-00420
Patent 11,082,055

---

Mailed: August 10, 2026

Before Paula Conn, *Trial Paralegal*

NOTICE OF FILING DATE ACCORDED TO PETITION
AND
TIME FOR FILING PATENT OWNER PRELIMINARY RESPONSE

The petition for *inter partes* review, filed in the above proceeding has been accorded the filing date of August 7, 2026.

Patent Owner may file a brief requesting discretionary denial within two months from the date of this notice and Petitioner may file a brief opposing Patent Owner's discretionary denial request within three months of from the date of this notice. For more information, parties may consult the

Interim Director Discretionary Process webpage, which is available at https://www.uspto.gov/patents/ptab/interim-director-discretionary-process.

Patent Owner may file a preliminary response to the petition no later than three months from the date of this notice. The preliminary response is limited to setting forth the reasons why the requested review should not be instituted. Patent Owner may also file an election to waive the preliminary response to expedite the proceeding. For more information, please consult the Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012), which is available on the Board Web site at http://www.uspto.gov/PTAB.

Patent Owner is advised of the requirement to submit mandatory notice information under 37 C.F.R. § 42.8(a)(2) within 21 days of service of the petition. Mandatory notices include identifying any other judicial or administrative matter that would affect, or be affected by, a decision in the proceeding. 37 C.F.R. § 42.8(b)(2). Such administrative matters include requests for certificates of correction.

The parties are encouraged to use the heading on the first page of this Notice for all future filings in the proceeding.

In general, all represented parties must designate a lead counsel and at least one back-up counsel, and lead counsel must be a registered practitioner. 37 C.F.R. § 42.10(a). The Board, however, may permit a party to proceed without back-up counsel upon a showing of good cause, so long as lead counsel is a registered practitioner. *Id*. Once a party has designated a registered practitioner as lead counsel pursuant to 37 C.F.R. § 42.10(a) and filed a power of attorney for lead counsel if required by 37 C.F.R. § 42.10(b), that party is authorized to file a motion seeking leave to proceed

without back-up counsel. Such a motion shall not be filed earlier than 21 days after service of the petition, which is the time for filing patent owner mandatory notices. A party that files such a motion need not designate back-up counsel unless and until its motion to proceed without back-up counsel is denied. The parties are advised that the types of good cause sufficient to permit a party to proceed without back-up counsel are limited. *See* Expanding Opportunities To Appeal Before the Patent Trial and Appeal Board, 89 C.F.R. 82172, 82174 (Oct. 10, 2024), which is available at https://www.federalregister.gov/d/2024-23319. The parties are also advised that permission to proceed without back-up counsel may be revoked at the Board's discretion at any time during a proceeding. *See id*. For example, permission to proceed without back-up counsel may be revoked if the absence of back-up counsel causes scheduling problems or impedes Board proceedings. *See id*.

Once a party has designated a registered practitioner as lead counsel pursuant to 37 C.F.R. § 42.10(a) and filed a power of attorney for lead counsel if required by 37 C.F.R. § 42.10(b), that party is also authorized to file one or more motions for *pro hac vice* recognition of back-up counsel pursuant to 37 C.F.R. § 42.10(c)(1) and/or one or more notices of intent to designate a provisionally recognized PTAB attorney as back-up counsel pursuant to 37 C.F.R. § 42.10(c)(2). A motion or notice seeking *pro hac vice* recognition shall not be filed earlier than 21 days after service of the petition, which is the time for filing patent owner mandatory notices.

A motion for *pro hac vice* recognition filed pursuant to 37 C.F.R. § 42.10(c)(1) shall be accompanied by the fee set forth in 37 C.F.R. § 42.15(e). Such motion must:

a. Contain a statement of facts showing there is good cause for the Board to recognize counsel *pro hac vice* during the proceeding; and

b. Be accompanied by an affidavit or declaration in which the individual seeking *pro hac vice* recognition attests to the following:

i. Membership in good standing of the Bar of at least one State or the District of Columbia;

ii. No suspensions or disbarments from practice before any court or administrative body;

iii. No application for admission to practice before any court or administrative body ever denied;

iv. No sanctions or contempt citations ever imposed by any court or administrative body;

v. The individual seeking to appear has read and will comply with the Office Patent Trial Practice Guide and the Board's Rules of Practice for Trials set forth in 37 CFR part 42;

vi. The individual will be subject to the USPTO Rules of Professional Conduct set forth in 37 CFR 11.101 *et seq.* and disciplinary jurisdiction under 37 CFR 11.19(a);

vii. All other proceedings before the Office for which the individual has applied to appear *pro hac vice* in the last three years; and

viii. Familiarity with the subject matter at issue in the proceeding.[1]

If the affiant or declarant is unable to provide any of the information requested above or make the required statements or representations under oath, the individual must provide a full explanation of the circumstances as part of the affidavit or declaration. A party must also file a power of attorney for the person seeking *pro hac vice* recognition pursuant to 37 C.F.R. § 42.10(b).

A notice of intent to designate a provisionally recognized PTAB attorney as back-up counsel filed pursuant to 37 C.F.R. § 42.10(c)(2) must:

(a) Identify the registered practitioner who will serve as lead counsel;

(b) Identify the most recent prior proceeding in which the person seeking to appear was recognized *pro hac vice* by order of the Patent Trial and Appeal Board pursuant to a motion of the type described in 37 C.F.R. § 42.10(c)(1); and

(c) Be accompanied by Certification in the form of an affidavit or declaration in which the individual seeking *pro hac vice* recognition attests to the following:

i. Membership in good standing of the Bar of at least one State or the District of Columbia;

ii. No suspensions or disbarments from practice before any court or administrative body;

[1] The type of familiarity referenced in the Board's rules regarding *pro hac vice* admission is legal familiarity; technical familiarity, though expected, is not required. *See* Expanding Opportunities To Appear Before the Patent Trial and Appeal Board, 89 F.R. 82172, 82175 (Oct. 10, 2024); 37 C.F.R. § 42.10(c)(1).

iii. No application for admission to practice before any court or administrative body ever denied;

iv. No sanctions or contempt citations ever imposed by any court or administrative body;

v. The individual seeking to appear has read and will comply with the Office Patent Trial Practice Guide and the Board's Rules of Practice for Trials set forth in 37 CFR part 42;

vi. The individual will be subject to the USPTO Rules of Professional Conduct set forth in 37 CFR 11.101 *et seq.* and disciplinary jurisdiction under 37 CFR 11.19(a);

vii. All other proceedings before the Office for which the individual has applied to appear *pro hac vice* in the last three years; and

viii. Familiarity with the subject matter at issue in the proceeding.

The Certification should be a separate document that is filed as an exhibit.

If the affiant or declarant is unable to provide the information requested above or make the required statements or representations under oath, or if the affiant or declarant does not qualify as a provisionally recognized PTAB attorney pursuant to 37 C.F.R. § 42.10(c)(2), the procedure set forth in 37 C.F.R. § 42.10(c)(2) is not available, and *pro hac vice* recognition may only be obtained via the process set forth in 37 C.F.R. § 42.10(c)(1). *See* 37 C.F.R. § 42.10(c)(2)(iv). A party must also file a power of attorney for the person seeking *pro hac vice* recognition pursuant to 37 C.F.R. § 42.10(b). *Pro hac vice* recognition will not be effective until the party files an updated mandatory notice after the expiration of the applicable time period (5 or 10 days) set forth in 37 C.F.R. § 42.10(c)(2)(iii).

The parties are also reminded that unless otherwise permitted by 37 C.F.R. § 42.6(b)(2), all filings in this proceeding must be made electronically in the Patent Trial Appeal Case Tracking System (P-TACTS), accessible from the Board Web site at http://www.uspto.gov/PTAB. To file documents, users must first obtain a user ID by registering with MyUSPTO. Information regarding how to register with MyUSPTO and use P-TACTS is available at the Board Web site at https://www.uspto.gov/patents/ptab/patent-trial-and-appeal-case-tracking-system-p-tacts.

The parties may request a conference call as needed. An email requesting a conference call with the Board shall: (a) copy all parties, (b) indicate generally the relief being requested or the subject matter of the conference call, (c) include multiple times when all parties are available, (d) state whether the opposing party opposes any relief requested, and (e) if opposed, either certify that the parties have met and conferred telephonically or in person in an attempt to reach agreement, or explain why such meet and confer did not occur. If a party is unable to include any of the above information, the party shall explain in the email why doing so was not possible. The email may not contain substantive argument and, unless otherwise authorized, may not include attachments. *See* Trial Practice Guide at 9–10. If practicable, in order to ensure emails are consistent with the above, the parties shall send a single, joint email that includes items (a)–(e).

If there are any questions pertaining to this notice, please contact the Patent Trial and Appeal Board at trials@uspto.gov or 571-272-7822.

FOR PETITIONER:

Lisa Nguyen
David Tennant
Joseph Rumpler
Grace Wang
PAUL HASTINGS LLP
lisanguyen@paulhastings.com
davidtennant@paulhastings.com
josephrumpler@paulhastings.com
gracewang@paulhastings.com

Ali Razai
Jacob Peterson
MORGAN LEWIS & BOCKIUS LLP
ali.razai@morganlewis.com
jacob.peterson@morganlewis.com

FOR PATENT OWNER:

Caldwell LLC
200 Clarendon Street
59th Floor
Boston, MA 02116

## NOTICE CONCERNING ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Patent Trial and Appeal Board (PTAB) strongly encourages parties who are considering settlement to consider alternative dispute resolution as a means of settling the issues that may be raised in an AIA trial proceeding. Many AIA trials are settled prior to a Final Written Decision. Those considering settlement may wish to consider alternative dispute resolution techniques early in a proceeding to produce a quicker, mutually agreeable resolution of a dispute or to at least narrow the scope of matters in dispute. Alternative dispute resolution has the potential to save parties time and money.

Many non-profit organizations, both inside and outside the intellectual property field, offer alternative dispute resolution services. Listed below are the names and addresses of several such organizations. The listings are provided for the convenience of parties involved in cases before the PTAB; the PTAB does not sponsor or endorse any particular organization's alternative dispute resolution services. In addition, consideration may be given to utilizing independent alternative dispute resolution firms. Such firms may be located through a standard keyword Internet search.

| **CPR INSTITUTE FOR DISPUTE RESOLUTION** | **AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION (AIPLA)** | **AMERICAN ARBITRATIO N ASSOCIATIO N (AAA)** | **WORLD INTELLECTUA L PROPERTY ORGANIZATI ON (WIPO)** | **AMERICAN BAR ASSOCIATION (ABA)** |
|---|---|---|---|---|
| Telephone: (212) 949-6490 | Telephone: (703) 415-0780 | Telephone: (212) 484-3266 | Telephone: 41 22 338 9111 | Telephone : (202) 662-1000 |
| Fax: (212) 949-8859 | Fax: (703) 415-0786 | Fax: (212) 307-4387 | Fax: 41 22 733 5428 | N/A |
| 575 Lexington Ave | 241 18th Street, South, Suite 700 | 140 West 51st Street | 34, chemin des Colombettes | 1050 Connecticut Ave, NW |
| New York, NY 10022 | Arlington, VA 22202 | New York, NY 10020 | CH-1211 Geneva 20, Switzerland | Washington D.C. 20036 |
| www.cpradr.org | www.aipla.org | www.adr.org | www.wipo.int | www.americanbar.org |

If parties to an AIA trial proceeding consider using alternative dispute resolution, the PTAB would like to know whether the parties ultimately decided to engage in alternative dispute resolution and the reasons why or why not. If the parties actually engage in alternative dispute resolution, the PTAB

would be interested to learn what mechanism (e.g., arbitration, mediation, etc.) was used and the general result. Such a statement from the parties is not required but would be helpful to the PTAB in assessing the value of alternative dispute resolution to parties involved in AIA trial proceedings. To report an experience with ADR, please forward a summary of the particulars to the following email address: PTAB_ADR_Comments@uspto.gov

**APPX.**

SLIP SHEET: E-MAIL SENT BY DEPUTY CHIEF CLERK ANDREW KELLOGG

E-MAIL SENT BY DEPUTY CHIEF CLERK ANDREW KELLOGG (AUGUST 13, 2026)

**From:** Trials <trials@uspto.gov>
**Sent:** 2026-08-13 14:29:03 UTC
**To:** ipr <ipr@team.daitonacarter.com>, John A. Squires, Under Secretary and Director <director@uspto.gov>, and ptabpetitions@uspto.gov, CC: Trials <trials@uspto.gov>, Kellogg, Andrew <andrew.kellogg@uspto.gov>, mlb-luxottica-ipr-339@morganlewis.com, ph-meta-solos-ipr@paulhastings.com, solos_iprs@lowensteinweatherwax.com, Ali Razai <ali.razai@morganlewis.com>, jacob.peterson@morganlewis.com, john.gaustad@morganlewis.com, lisanguyen@paulhastings.com, davidtennant@paulhastings.com, gracewang@paulhastings.com, Keegan <keegan@caldwelllaw.com>, Steve <steve@caldwelllaw.com>, Jameson <jameson@caldwelllaw.com>, weatherwax@lowensteinweatherwax.com, hendifar@lowensteinweatherwax.com, lowenstein@lowensteinweatherwax.com, woo@lowensteinweatherwax.com, and courtney@lowensteinweatherwax.com
**Subject:** Official Correspondence - 37 CFR 1.181 Petition

Good morning,

The Office received a Petition to the Director under 37 CFR § 1.181 for Supervisory Review regarding IPR2026-00376 from non-party Daitona Carter.

The request relates to a matter pending before the Patent Trial and Appeal Board (PTAB). Please note that petitions involving actions of the PTAB fall under 37 CFR § 41.3. *See* 37 CFR § 1.181(3). Accordingly, the Petition is being treated as a petition for supervisory review by the Chief Administrative Patent Judge under 37 CFR § 41.3(a). No fee is required for a petition seeking supervisory review. 37 CFR § 41.3(c).

The Petition is accepted for review and will be considered in due course.

Regards,

Andrew Kellogg,

Deputy Chief Clerk, Trials

Patent Trial and Appeal Board

USPTO

andrew.kellogg@uspto.gov

(571) 272-5366

UNITED STATES PATENT AND TRADEMARK OFFICE

1776-2026

Celebrating 250 years of life, liberty, and the pursuit of innovation

---

**From:** Daitona Carter <ipr@team.daitonacarter.com>
**Sent:** Monday, August 3, 2026 3:12 PM
**To:** John A. Squires, Under Secretary and Director <Director@uspto.gov>; ptabpetitions@uspto.gov
**Cc:** Trials <Trials@USPTO.GOV>; Kellogg, Andrew <Andrew.Kellogg@USPTO.GOV>; mlb-luxottica-ipr-339@morganlewis.com; ph-meta-solos-ipr@paulhastings.com; solos_iprs@lowensteinweatherwax.com; Ali Razai <ali.razai@morganlewis.com>; jacob.peterson@morganlewis.com; john.gaustad@morganlewis.com; lisanguyen@paulhastings.com; davidtennant@paulhastings.com; gracewang@paulhastings.com; Keegan <keegan@caldwelllaw.com>; Steve <steve@caldwelllaw.com>; Jameson <jameson@caldwelllaw.com>; weatherwax@lowensteinweatherwax.com; hendifar@lowensteinweatherwax.com; lowenstein@lowensteinweatherwax.com; woo@lowensteinweatherwax.com; courtney@lowensteinweatherwax.com; ipr <ipr@team.daitonacarter.com>
**Subject:** Official Correspondence - 37 CFR 1.181 Petition

You don't often get email from ipr@team.daitonacarter.com. Learn why this is important

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

August 3, 2026

TO: Office of the Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

RE: EMERGENCY PETITION TO THE DIRECTOR UNDER 37 C.F.R. § 1.181

PTAB Case No.: IPR2026-00376 (U.S. Patent No. 12,216,339)
Parallel Appeal: CAFC Appeal No. 26-1721
Petitioner: Daitona Carter, Pro Se

Dear Director,

Please find attached for immediate filing the Emergency Petition to the USPTO Director Under 37 C.F.R. § 1.181 to Invoke Supervisory Authority and Overrule Clerical Filing Blockage, accompanied by a formal Certificate of Service under 37 C.F.R. § 42.6(e) and supporting Exhibits A, B, C, D, E, and F.

This emergency filing requests the immediate invocation of supervisory authority under United States v. Arthrex, Inc. to review a July 31, 2026 clerical action by the Trial Division that effectively shields a multi-forum fraud from independent judicial and administrative review.

The complete filing package is submitted herewith for formal review and processing.

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se
IPR@daitonacarter.com

**Appx. 182**

SLIP SHEET: EMERGENCY SUPPLEMENTAL STATEMENT TO THE USPTO DIRECTOR

SUBMITTED PURSUANT TO 37 C.F.R. § 1.181 (DATED AUGUST 12, 2026)

FORMAL DISCLOSURE OF CONTINUOUS MANDATORY NOTICE OMISSIONS AND MULTI-FORUM EVASION

August 13, 2026

TO: Office of the Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office
P.O. Box 1450, Alexandria, VA 22313-1450

**RE: EMERGENCY AMENDED SUPPLEMENTAL SUBMISSION TO THE USPTO DIRECTOR PURSUANT TO 37 C.F.R. § 1.181**

PTAB Case No.: IPR2026-00376 (U.S. Patent No. 12,216,339)
IPR2026-00412/IPR2026-00420 (U.S. Patent No. 11,082,055)
Parallel Appeal: CAFC Appeal No. 26-1721
Petitioner: Daitona Carter, Pro Se

Dear Director,

Please find enclosed the Emergency Amended Supplemental Statement providing vital, updated information regarding the Emergency Petition to the USPTO Director originally submitted on August 3, 2026.

This amended statement is compelled by an administrative update issued by the Board's Trial Division on August 13, 2026, 10:29 AM EST. The Office explicitly certified that Appellant's underlying filings have been formally accepted for supervisory review, yet unilaterally re-routed the Director-level § 1.181 Petition down to an internal Board review under 37 C.F.R. § 41.3(a) to be decided "in due course."

As documented herein, this re-routing action operates as an immediate due process defect, creating an un-deadlined administrative vacuum. While the Chief Administrative Patent Judge evaluates the file without a fixed statutory deadline, the primary litigants (**Meta Platforms** and **Luxottica**) are actively moving forward with three consolidated proceedings—including the newly discovered **IPR2026-00412** and **IPR2026-00420** dockets filed on August 7, 2026—while completely concealing the active title dispute pending before the Federal Circuit.

Under **FRAP 12(a)**, the federal appellate procedure governing interlocutory and collateral order appeals regarding denied intervention, all parties from the originating lower court

case automatically carry over as mandatory parties to the appeal. The primary litigants are legally barred from bypassing this higher court title dispute or utilizing internal Board procedures to isolate and launder disputed technological architectures.

This emergency amended supplemental filing requests the immediate invocation of your absolute supervisory authority under *United States v. Arthrex, Inc.* to overrule the subordinate clerk's threshold blockage, assert direct jurisdiction over these material non-disclosures, and issue an immediate blanket stay of all three active dockets to protect the integrity of the judicial and agency records and halt an ongoing fraud on the USPTO.

Dated: August 13, 2026

Respectfully submitted,
By: /s/ Daitona Carter
Daitona Carter, Pro Se
Email: IPR@daitonacarter.com

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE UNDER SECRETARY OF COMMERCE**
**FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE USPTO**

| | |
|---|---|
| In re Parallel Board Proceeding:<br><br>**LUXOTTICA OF AMERICA INC. and**<br><br>**META PLATFORMS, INC.,**<br>Petitioners,<br><br>v.<br><br>**SOLOS TECHNOLOGY LIMITED**,<br>Patent Owner.<br>v.<br><br>DAITONA CARTER,<br><br>Movant (Movant-Appellant in CAFC Appeal No. 26-1721). | PTAB Case No.: IPR2026-00376<br>U.S. Patent No.: 12,216,339 |

**AMENDED EMERGENCY SUPPLEMENTAL STATEMENT**
**TO THE USPTO DIRECTOR PURSUANT TO 37 C.F.R. § 1.181**

Movant Daitona Carter respectfully submits this Amended Supplemental Statement to the Director of the United States Patent and Trademark Office pursuant to 37 C.F.R. § 1.181. This submission provides immediate, updated evidence demonstrating that the July 31, 2026 clerical action by the Trial Division effectively shields a multi-forum matter from mandatory administrative and independent judicial review.

## I. THE CLERK EXCEEDED MINISTERIAL CAPACITY BY IMPROPERLY REJECTING A STATUTORY NOTICE OF RELATED PROCEEDINGS

As set forth in Movant's original August 3 petition, Deputy Chief Clerk Andrew Kellogg gravely exceeded his ministerial authority by issuing a substantive legal determination regarding non-party filings. Movant did not seek or require authorization to file an independent motion; rather, Movant properly submitted a motion for leave to file a **Notice of Related Proceedings** as an interested non-party.

Under established agency practice, a non-party possesses the absolute right to submit notice of parallel tribunals impacting the **res** of the proceeding. A subordinate clerk possesses purely ministerial duties and holds no legal authority to intercept, recharacterize, or unilaterally adjudicate the merits of such a submission. Only an assigned panel of Administrative Patent Judges holds the jurisdictional competence to accept or reject pleadings affecting the scope of an inter partes review. By issuing an administrative text response ruling that Movant's submissions "are regarded as requests for authorization to file motions... and are denied," the Clerk unlawfully usurped judicial authority and blocked the transmission of vital structural facts to the Board.

## II. THE CAFC CLERK'S CAPTION ALTERATION AND APPELLEES' TACTICAL DEFAULT UNDER FED. CIR. R. 47.3(b)(1)

The integrity of the administrative record before the PTAB is directly compromised by an ongoing procedural default occurring in the parallel appellate track, **CAFC Appeal No. 26-1721**.

**The Mandatory Carry-Over Rule:** Under **FRAP 12(a)**, federal appellate procedure governing interlocutory and collateral order appeals regarding denied intervention, all parties from the originating lower court case automatically carries over as a mandatory party to the appeal.

**Clerical Loophole and Counsel Default:** By scrubbing Meta Platforms, Inc., Luxottica of America Inc., and Oakley from the official case caption and down-categorizing them as "non-parties," the CAFC Clerk's Office created an erroneous procedural loophole. Meta’s elite legal representation—**Paul Hastings LLP** and **Morgan, Lewis & Bockius LLP**—exploited this clerical error to ignore their mandatory entry-of-appearance deadlines under **Fed. Cir. R. 47.3(b)(1)**.

**Unaddressed Motion to Compel:** On **May 15, 2026**, Movant filed an Emergency Motion to Compel Appellees' Appearance. To date, the single appellate judge has neither granted nor denied the motion, and Appellees have maintained radio silence—failing to respond whatsoever while the case remains pending a reply brief with no assigned panel yet empaneled. Appellees are deliberately weaponizing this administrative vacuum to pretend before the PTAB that no active dispute or title challenge exists.

## III. THE RECENT AUGUST 7 FILINGS CONFIRM THE PARALLEL OMISSION CONTINUES UNCHECKED

The administrative danger of this clerical blockage is exposed by the ongoing conduct of the primary litigants. Less than twenty-hours before the Clerk's unauthorized July 31 text denial, Patent Owner Solos Technology actively participated in the parallel appellate dispute before the Federal Circuit by submitting a comprehensive brief on the merits.

Despite this active, ongoing challenge to priority and original derivation, Co-Petitioners (Meta and Luxottica) expanded their administrative campaign on August 7, 2026, by filing **IPR2026-00412** and **IPR2026-00420** against U.S. Patent No. 11,082,055.

Furthermore, this multi-forum campaign is operating in tandem with bad-faith commercial exploitation: on **June 23, 2026**, Meta publicly released the exact consumer architecture that the lower court had previously dismissed as "generalized," relying on Solos as a corporate rubber stamp while the foundational title and inventorship are actively litigated. The underlying work itself stems from human trafficking and modern slavery origins, yet all corporate parties continue to double down on asset-washing through these parallel PTAB dockets.

In total alignment with their initial omissions in Case No. IPR2026-00376, Co-Petitioners declared under penalty of perjury in their August 7 filings that they were unaware of any other

parallel judicial or administrative matters impacting the patent family, completely omitting **CAFC Appeal No. 26-1721**.

## IV. MANDATORY DISCLOSURES CANNOT BE PROCEDURALLY SUPPRESSED

A clerical officer lacks the jurisdictional capacity to issue a final denial that permits primary litigants to systematically conceal an active parallel federal appeal. Under **37 C.F.R. § 42.8(b)(2)** and the baseline Duty of Candor mandated by **37 C.F.R. § 42.11**, the pendency of the Federal Circuit appeal is a mandatory disclosure element.

Movant provided actual, explicit notice of the May 5, 2009 master Digtial Signal Processor Pre-AIA priority timeline and 2017 and 2019 full-stack architecture and working prototypes to Co-Petitioners' lead counsel blocks via a combination of direct electronic service, email service and mail/paper service in April and May 2026. The Clerk's threshold text lockout has effectively insulated Co-Petitioners' non-disclosure from review, leaving the Board entirely blind to a parallel federal appeal that directly impacts the validity, title, and priority rights of the subject patents.

## V. THE TRIAL DIVISION'S AUGUST 13, 2026 DETERMINATION CONCEDES THE COGNIZABILITY OF THE AUGUST 3 PETITION AND OPERATES AS AN ADMINISTRATIVE WAIVER OF THE THRESHOLD PROCEDURAL LOCKOUT

On August 13, 2026, at exactly 10:29 AM EST—prior to the transmission of this Emergency Supplemental Statement—the Deputy Chief Clerk issued an official administrative notification via electronic mail. This communication was rendered as a direct response to Appellant's August 3, 2026 Emergency Petition to the USPTO Director under 37 C.F.R. § 1.181. The Trial Division formally ruled:

> "The Office received a Petition to the Director under 37 CFR § 1.181 for Supervisory Review regarding IPR2026-00376 from non-party Daitona Carter... Accordingly, the Petition is being treated as a petition for supervisory review by the Chief

> Administrative Patent Judge under 37 CFR § 41.3(a)... The Petition is accepted for review and will be considered in due course."

By explicitly certifying that the August 3 Petition is formally "accepted for review" and has been advanced to the Chief Administrative Patent Judge, the Clerk's Office has operationally vacated its prior, unsustainable July 31 threshold lockout. Consequently, the agency's official certification creates a binding administrative record that a non-party possesses requisite colorable standing to alert the tribunal of structural omissions, thereby operationally waiving and estoppeing any further threshold procedural suppression on the basis of non-party status.

However, because the Clerk has formally placed these material facts under active supervisory review "in due course" pursuant to 37 C.F.R. § 41.3(a), the individual administrative patent panels remain temporarily insulated from the parallel appellate record while the file is adjudicated. To prevent the primary litigants from capitalizing on this administrative vacuum to advance a non-disclosed asset-washing campaign across their three consolidated dockets (**IPR2026-00376, IPR2026-00412, and IPR2026-00420**), this formal administrative acceptance creates an immediate necessity for a compulsory stay of all proceedings until the accepted supervisory review is concluded.

## VI. PRAYER FOR RELIEF

To protect the integrity of the judicial and agency records, and to halt an ongoing fraud on the Office, Petitioner respectfully requests that the Director immediately:

1. **VACATE** the Deputy Chief Clerk's July 31, 2026 administrative text denial;
2. **ORDER the Director** to immediately assert direct supervisory authority over this matter, overrule the Trial Division's automated re-routing to an internal Board review under 37 C.F.R. § 41.3(a), and personally command that Petitioner's July 20, 2026 Notice of Related Proceedings, accessibility motions, and accompanying technical exhibits be appended directly to the active case records;

3. **ORDER an immediate, mandatory stay** of all administrative phases and institution decisions across all three active dockets (**IPR2026-00376, IPR2026-00412, and IPR2026-00420**) until the Director formally concludes this supervisory review; and

4. **ORDER** the primary litigants to immediately amend their mandatory notices across all three active dockets to accurately reflect the pendency of CAFC Appeal No. 26-1721 and disclose the ongoing federal dispute over title and derivation.

Dated: August 13, 2026

Respectfully submitted,
By: /s/ Daitona Carter
Daitona Carter, Pro Se
Email: IPR@daitonacarter.com

**CERTIFICATE OF SERVICE**

Pursuant to 37 C.F.R. § 42.6(e), the undersigned hereby certifies that on August 13, 2026, a true and correct copy of the foregoing Petition to the USPTO Director under 37 C.F.R. § 1.181 was served via electronic mail transmission upon the following designated recipients:

TO:

- Andrew Kellogg (Deputy Chief Clerk, Trials) — andrew.kellogg@uspto.gov
- Luxottica Lead Counsel Block — mlb-luxottica-ipr-339@morganlewis.com
- Meta Lead Counsel Block — ph-meta-solos-ipr@paulhastings.com
- Ali Razai — ali.razai@morganlewis.com
- Jacob Peterson — jacob.peterson@morganlewis.com
- John Gaustad — john.gaustad@morganlewis.com
- Lisa Nguyen — lisanguyen@paulhastings.com
- David Tennant — davidtennant@paulhastings.com
- Grace Wang — gracewang@paulhastings.com
- Keegan — keegan@caldwelllaw.com
- Steve — steve@caldwelllaw.com
- Jameson — jameson@caldwelllaw.com
- Lowenstein Counsel Block — weatherwax@lowensteinweatherwax.com
- Lowenstein Counsel Block — hendifar@lowensteinweatherwax.com
- Lowenstein Counsel Block — lowenstein@lowensteinweatherwax.com
- Lowenstein Counsel Block — woo@lowensteinweatherwax.com
- Lowenstein Counsel Block — courtney@lowensteinweatherwax.com
- Solos Lead Counsel Block — solos_iprs@lowensteinweatherwax.com

CC:

- PTAB Trials Case Management Intake — Trials@uspto.gov

Dated: August 13, 2026

Respectfully submitted,
By: /s/ Daitona Carter
Daitona Carter, Pro Se
Email: IPR@daitonacarter.com

**Appx. 198**

SLIP SHEET: PUBLIC DOMAIN TECHNICAL DISCLOSURE DOCUMENT

"PRE-DELAY ATTACK, RELEASE, AND PARALLEL COMPRESSION AUDIO ARCHITECTURE"

DISCLOSED MAY 5, 2009 — SENIOR RECONSTRUCTION AND SIGNAL PROCESSING PRIORITY TIMELINE

# MirrorMixing Case Study

Case Study performed by Daitona Carter www.daitonacarter.com

## Waves H(ybrid)-Compressor Plugin

It has been a while since I posted my last post and I almost forgot to publish the following about the new Waves H-Compressor, H stands for Hybrid. Which I had a little to do with.

Taken from the Waves website:

> *"**H-Comp** is a brand new dynamics processor that combines the modeled behavior of transformers, tubes, and transistors, together with the power and precision that only a plug-in can provide. The result is a compressor with capabilities that engineers could only dream about back in the day. H-Comp lends a whole new meaning to the concept of THD: Total Harmonic Distinction."*

The idea for this plugin came along about a year ago when I was talking to Gilad Keren the co-
founder of Waves. He referred me to his head developer Amir Vinci. We started talking about the concept he was working on and my concept of creating a more musical compressor resulting in the H-Compressor.

**Various issues we resolved in the design were;**

- Parallel Compression (Dry/ Wet)
- Pre-Delay Attack (Punch)
- and my concept to implement more musical release times (Release)

**Parallel Compression:**

Sponsors

**Endorsement Links**

Focusrite Audio Engineering, Ltd.
KRK Systems, L.l.c.
Novation DMS, Ltd.
Ableton, AG
TL Audio, Ltd.
Full Armour Clothing, L.l.c.
Sonnox Oxford Plugins, Ltd.

**Categories**

1 (3)
1231 (3)
2231 (3)
231 (3)
3 dimensional (3)
about (1)
addictive (3)
advanced (3)
aitken (3)
america (3)
analyzer (6)
antares (3)
anti piracy (3)
ardour (3)
assistant (6)
attack (3)

Parallel Compression is achieved in the compressor by mixing the dry signal (un-compressed) with the wet (compressed) signal using the Dry/ Wet pot.

**Pre-Delay Attack:**
Pre-Delay Attack is a technique I some times apply to create additional "punch" to a kick drum and or snare drum. You achieve this by making a dupe of the original track and slightly delay this with 4 to 10ms, using this as the trigger to the original track. This is now implemented in the plugin as the "Punch"-pot.

**Free, Host & Whole Note Based Release Times:**

This is my very own concept to create a more musical compressor starting of with release times. Its the reverse trick of using a delay calculator as release time calculator as explained many times before on my blog. This is now included for the first time in an actual device, in this case a plugin.

The plugin is definitely some thing to look at for!
http://www.waves.com/Content.aspx?id=9111

Yours truly,

The Surgeon ;-)

at 12:40 AM
Labels: audio engineering, entertainment, mixing, music, waves

## No comments:

## Post a Comment

To leave a comment, click the button below to sign in with Google.

SIGN IN WITH GOOGLE

Home Older Post

Subscribe to: Post Comments (Atom)

audio engineering (90)
augspurgers (3)
auto tune (3)
automation (6)
barack obama (3)
bargain (3)
beat making (3)
beatboxing (3)
beyonce (6)
billboard (3)
bob (3)
bogard (3)
brandy (3)
britney spears (6)
broadcast (3)
bryan (3)
buss compressor (3)
chart (3)
chris brown (3)
clients (1)
college (6)
compression (9)
console (6)
contact (1)
copy protection (3)
cox (3)
dancer (6)
darkchild (3)
david (3)
DAW (6)
dbx (3)
decay (3)
defjam (3)
digidesign (3)
divi baby (3)
dorrough (3)
dq (3)
drums (3)

- dx (3)
- dynamics (3)
- editing (3)
- education (3)
- effect (3)
- efx (3)
- electronics (3)
- engineering (48)
- entertainment (159)
- entertainment preparation (3)
- entertertainment (3)
- entertianment (3)
- equalization (9)
- equipment (12)
- erika (3)
- evan (3)
- evo (3)
- Faders (3)
- Flying (3)
- focusrite (6)
- free (3)
- free online music primer course solid state logic 4000 (2)
- frequency (9)
- fundamental (3)
- fx384 (3)
- giles (3)
- girl group (3)
- group (3)
- Guidelines (3)
- harmonics (3)
- help (16)
- horn (3)
- hotel (3)
- icon (1)
- ikonix (3)
- imaging (3)
- industry (3)
- internships (6)

- jerkins (3)
- k west (3)
- katz (3)
- keri hilson (3)
- keyboard (3)
- kidd (3)
- killa kela (3)
- level (6)
- liquid mix (6)
- Logic Pro (3)
- london (3)
- los angeles (3)
- loudness (6)
- m/s technique (9)
- magic (6)
- major label (9)
- mastering (21)
- mc divinity (3)
- metering (3)
- michael (3)
- missing (3)
- mix (3)
- mix engineer (3)
- mixing (162)
- monitoring (3)
- mono (3)
- multi (3)
- multi platinum (3)
- music (192)
- new (6)
- news (3)
- norwood (3)
- ns10m (3)
- number one (3)
- nuri (3)
- of (3)
- official (3)
- over compression (3)

- Penny (3)
- PG (3)
- phase (3)
- physics (3)
- pink (3)
- platinum (3)
- plugins (3)
- pop (6)
- presets (6)
- president (3)
- Pro Tools (16)
- pro tools 8 (3)
- producer (9)
- producing (6)
- production (114)
- programming (3)
- publishing (6)
- quines (3)
- radio (6)
- recording (36)
- records (3)
- reduced price (3)
- releases (3)
- remixes (6)
- rnb (6)
- rodney (3)
- rtas (3)
- samples (3)
- schools (9)
- science (3)
- scrambler (3)
- search (9)
- Sequencer (3)
- sequencers (3)
- shell (3)
- shortcuts (3)
- side chain (3)
- singer (6)

- snapshot (3)
- software (3)
- solid state logic (6)
- songs (3)
- songwriter (6)
- sony bmg entertainment (6)
- sound field (3)
- stand alone (3)
- starting (3)
- stereo (6)
- stock (3)
- studios (3)
- surgeon (3)
- t-pain (3)
- talent (6)
- thank you (3)
- the (3)
- the grinehouse (6)
- the writing camp (3)
- timbaland (3)
- tips (9)
- tips and tricks (6)
- top 40 (6)
- track freeze (3)
- tracking (6)
- transients (3)
- tricks (6)
- uk (3)
- united states of america (3)
- universal (3)
- university (3)
- update (3)
- victoria (3)
- videos (1)
- vocal (3)
- vst (3)
- war (6)
- waterman (3)

- waves (20)
- womanizer (3)
- work (3)
- works (3)

**Blog Archive**

- ▼ 2009 (41)
  - ▼ May (3)
    - Waves H(ybrid)-Compressor Plugin
    - Waves H(ybrid)-Compressor Plugin
    - Pro Tools Snap Automation V2: ICON
  - ► April (2)
  - ► March (21)
  - ► February (6)
  - ► January (9)
- ► 2008 (181)
- ► 2007 (1)

Awesome Inc. theme. Powered by Blogger.