**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**In re:** DAITONA CARTER,
*Petitioner.*

**Misc. Docket No. 26-153**

**EMERGENCY NOTICE OF**
**SUBSEQUENT MULTI-FORUM FACTUAL DEVELOPMENTS**

Pursuant to this Court's inherent supervisory authority over the integrity of its dockets and the pending Emergency Petition for a Writ of Mandamus under 28 U.S.C. § 1651, Petitioner Daitona Carter respectfully submits this Emergency Notice to alert the Motions Panel to an intervening, non-disputable regulatory development that directly threatens this Court's appellate jurisdiction.

On August 20, 2026, following the expiration of the statutory eighteen-month confidentiality period under 35 U.S.C. § 122(b), the United States Patent and Trademark Office (USPTO) formally published and unsealed utility application US 2026/0244794 A1, assigned to Defendant-Appellee Meta Platforms Technologies, LLC. This official agency action tracks an unexamined provisional pipeline initiated under Application No. 63/760,047.

The unsealing of the '794 Application confirms that the primary corporate litigants are actively prosecuting highly specific, chip-level hardware privacy mute circuit and secure processing pathway specifications before an executive agency. This technological domain is structurally identical to the hardware-enclaved sensor gating interface utilizing asynchronous data valving and biomechanical intent verification independently anchored in the public domain by Petitioner on June 25, 2026 (Technical Disclosure Commons, Defensive Publications Series, Article No. 10575).

This official agency action is material to the preserved issue of whether Petitioner’s hardware-enclaved sensor gating architecture satisfies the threshold legal metrics of a protectable property right. Below, Plaintiff successfully persuaded the district court to rubber-stamp the assertion that Petitioner's technology parameters constituted an unprotectable "generalized concept." The USPTO's subsequent regulatory publication establishes that this exact technical domain constitutes highly specific, patentable utility subject matter under 35 U.S.C. § 101.

Under established principles of judicial estoppel, a corporate litigant cannot maintain that a technological domain represents an empty factual void to block participation, while concurrently prosecuting a parallel federal administrative track asserting that identical mechanical parameters are specific enough to merit a statutory patent monopoly. This regulatory development directly resolves the legal contradiction below, confirming Petitioner's standing to seek inventorship correction under 35 U.S.C. § 256.

**Dated:** August 26, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 21(a)(1) and Local Rule 25, the undersigned hereby certifies under penalty of perjury that on August 26, 2026, a true and correct copy of the foregoing Emergency Notice of Subsequent Multi-Forum Factual Developments was served upon the parties to this proceeding via the following approved service channels:

- Electronically on counsel of record for Plaintiffs-Appellees and "Defendants" (Defendants-Appellees) via electronic mail and/or the Court's CM/ECF system, pursuant to Fed. R. App. P. 25 and Fed. Cir. R. 25
- Electronically on United States Patent and Trademark Office (Agency Respondents): Delivered via official service email to efileSO@uspto.gov pursuant to the service mandates of FRAP 21.
- Electronically on PTAB Administration (Advisement Copy): Delivered directly to Deputy Chief Clerk, Trials – PTAB, Andrew Kellogg, at andrew.kellogg@uspto.gov for tracking across active Case Nos. IPR2026-00376, IPR2026-00412, IPR2026-00413, and IPR2026-00420.

**Dated:** August 26, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Appellant Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
legal@daitonacarter.com