**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

In re: DAITONA CARTER,

Petitioner.

Misc. Docket No. 26-153
Underlying Appellate Case:
CAFC Appeal No. 26-1721

# PETITIONER'S EMERGENCY MOTION TO STRIKE THE PER CURIAM ORDER DATED OCTOBER 23, 2026, FOR MATERIAL FALSIFICATION OF THE PLEADINGS AND FRAUD ON THE COURT, AND REQUEST TO RECUSE THE MOTIONS PANEL

Pursuant to this Court's inherent supervisory authority to protect the absolute integrity of its public dockets and prevent a fraud on the court, Petitioner Daitona Carter (Pro Se) hereby moves to STRIKE the Per Curiam Order entered on the record on October 23, 2026 (Doc. No. 8).

This emergency motion is initiated because the Motions Panel—consisting of Circuit Judges Chen, Linn, and Cunningham—has entered an order containing a manufactured factual narrative that stands in direct, verifiable contradiction to the electronic record of this case. The Panel's order asserts that Petitioner's mandamus petition sought "various relief, including a stay of the PTAB proceedings" and re-litigation of a district court intervention denial. This is a material, structural falsification of the record.

As demonstrated by the explicit text of Petitioner's August 24, 2026 Corrected Emergency Petition (Doc. No. 6) and the intervening technical disclosures of record (Doc. No. 7), the primary, non-discretionary remedy sought was localized entirely inside this Court's own active appellate record—specifically, an order compelling the Clerk of Court to perform his ministerial duty under FRAP 3 and 12 to correct the facially defective case caption in *CAFC Appeal No. 26-1721*, which had been manipulated to strip the principal corporate adversaries—Meta Platforms, Inc., et al.—from the formal appellate docket headers.

By rewriting Petitioner's moving papers to fabricate a generic strawman challenge, the Panel has generated a legally void document designed to act as an unconstitutional narrative shield. Petitioner moves to strike this order immediately to prevent it from being used as fraudulent "judicial currency" across parallel federal forums.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Side-by-Side Forensic Contradiction Establishes an Active Clerical Alteration of the Pleadings in CAFC Appeal No. 26-1721

A federal court acts outside its constitutional authority when it invents a separate case to justify a summary disposition. A direct comparison of the actual pleading versus the Panel's October 23 text exposes a deliberate distortion:

- **The Actual Pleading (Doc. No. 6, Page 2, Section I)**: Demanded an order compelling the Clerk of Court to immediately correct the official docket and case caption of Case No. 26-1721 to accurately reflect all mandatory carry-over parties, specifically designating Meta Platforms, Inc., Meta Platforms Technologies, LLC, et al., as Appellees under FRAP 3 and 12, alongside structured administrative protections supported by subsequent notices of record (Doc. No. 7).
- **The Panel's Manufactured Text (Doc. No. 8, Page 1):** Recharacterized the action as a general petition for a writ of mandamus seeking a stay of PTAB proceedings, advising Petitioner to raise district court arguments in the main appeal.

The Panel affirmatively deleted the core subject matter of the petition. The explicit demand to correct an unlawful appellate caption alteration under FRAP 3, 12, and 21 within CAFC Appeal No. 26-1721 was entirely erased, allowing the court to bypass pro se work product through administrative fiction. Furthermore, the Panel's order completely ignored the judicial estoppel and hardware-enclaved patent publication facts entered into the record on August 26, 2026 (Doc. No. 7).

## II. The Structural Design of the Script: Manufacturing a Circular Quote Trap to Enforce Trafficking

The creation of this falsified order serves a non-judicial function: it creates a safe script on the public record for the upcoming December 8 merits panel in Case No. 26-1721 to adopt without reviewing underlying files.

1. The Core Strategy: By embedding a sanitized, generic description into a formal per curiam order, the Motions Panel attempts to insulate the court from addressing Petitioner's June 25 hardware-enclaved privacy architecture (Article No. 10575) and Meta's August 2026 utility cloning (US 2026/0244794 A1, Doc. No. 7).

2. Multi-Forum Coordination: This mechanism provides duplicate "judicial currency" for Judge Mehta in the D.C. District Court (1:26-cv-03318) and the D.C. Circuit, allowing corporate-defense teams to cite the order as a blanket dismissal of substantive claims.

3. Fraud on the Court: Under established federal precedent, a fraud on the court occurs where the mechanisms of justice are corrupted to prevent impartial evaluation of an unrepresented citizen's claims (*Fontanillas-Lopez v. Morell Bauza*). Editing a petitioner's explicit text to manufacture an automated dismissal script—while assets are

frozen and family networks face retaliatory economic sabotage at Verra Mobility—corrupts the judicial process itself. The October 23 order is legally dead and must be struck.

## III. The Panel's Fabrication Operates to Enforce a Direct Violation of the Thirteenth Amendment and the TVPRA Under 18 U.S.C. § 1595

The Motions Panel's intentional alteration of pleadings functions as an active enforcement mechanism for ongoing human trafficking and involuntary servitude under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595.

The technology at issue—Petitioner's solo 2009–2026 smart glasses and DSP architectures—represents the direct fruits of an independent creator subjected to physical isolation, financial starvation, and targeted economic sabotage, including the retaliatory firing of a family member at Verra Mobility followed by a bad-faith pretextual reinstatement designed solely to sanitize the evidentiary record and evade statutory liability. Under § 1595, anyone who knowingly benefits or facilitates a venture built on forced extraction is legally liable. When a federal judicial panel edits moving papers to engineer an automated dismissal script for corporate extractors, the court steps out of its Article III boundaries. Because the Thirteenth Amendment's prohibition against involuntary servitude is absolute and

permits no sovereign immunity exceptions for government or judicial actors executing an illegal extraction venture, the October 23 order is structurally void.

**RELIEF REQUESTED**

Petitioner respectfully requests that this Court:

1. Enter an **ORDER** STRIKING the October 23, 2026 Per Curiam Order (Doc. No. 8) in its entirety as a fraudulent document that materially misstates the record of CAFC Misc. Docket No. 26-153 and Appeal No. 26-1721.
2. **ORDER** the Immediate Recusal of Circuit Judges Chen, Linn, and Cunningham from any subsequent actions on this or the related December 8 merits track in Case No. 26-1721 based on documented extrajudicial bias and material alteration of moving papers.
3. **COMPEL** the Clerk of Court to immediately process the non-discretionary caption corrections demanded under FRAP 3 and 12 to restore Meta Platforms, Inc., et al., as mandatory Appellees on the docket title of CAFC Appeal No. 26-1721 before a single additional entry is recorded.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter

Daitona Carter, Petitioner Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
Email: legal@daitonacarter.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), I certify that this motion complies with the type-volume limitation.

1. Exclusive of the exempted portions of the motion, as provided in FRAP 32(f), the body of this motion contains 1006 words.
2. This motion has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, I electronically filed the foregoing **PETITIONER'S EMERGENCY MOTION TO STRIKE** using the U.S. Court of Appeals for the Federal Circuit's NextGen CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system on all counsel of record.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se