**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

In re: DAITONA CARTER,

Petitioner.

Misc. Docket No. 26-153
Underlying Appellate Case:
CAFC Appeal No. 26-1721

# PETITIONER'S EMERGENCY PETITION FOR PANEL REHEARING AND REHEARING EN BANC TO CORRECT THE MATERIAL MISCHARACTERIZATION OF THE MANDAMUS RECORD AND THE SYSTEMIC EXCLUSION OF MANDATORY CARRY-OVER PARTIES UNDER FRAP 3 AND 12 IN CAFC APPEAL NO. 26-1721

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Petitioner Daitona Carter (Pro Se) respectfully petitions for panel rehearing and rehearing en banc of this Court's Per Curiam Order dated October 23, 2026.

Rehearing is required because the Motions Panel has issued an order based on a completely fabricated factual premise that directly contradicts the unalterable electronic text of the underlying record. The Panel's order states that Petitioner sought "various relief, including a stay of the PTAB proceedings" related to a district court action. This is a material misstatement of the record.

The narrow, non-discretionary structural remedy sought in Petitioner's August 24, 2026, Corrected Emergency Petition (Doc. No. 6) was an order **compelling the Clerk of Court to perform his mandatory duty under FRAP 3**

**and 12 to correct the defective appellate caption in CAFC Appeal No. 26-1721, which had been manipulated to strip the principal corporate adversaries—Meta Platforms, Inc., et al.—from the formal docket headers.**

By altering the plain text of the relief sought, the Panel has permitted a structural error to persist on the public record of Case No. 26-1721, allowing integrated corporate litigants to evade transparency while executing parallel administrative asset-washing campaigns at the PTAB.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Panel's October 23 Order Commands Rehearing Because It Rests On a Demonstrably Falsified View of the Pleadings in Case No. 26-1721

A court cannot evaluate due process by inventing a narrative that does not exist in the moving papers. The Per Curiam Order of October 23 completely ignores the explicit "Section I. RELIEF SOUGHT" detailed on page 2 of Petitioner's Corrected Mandamus Petition (Doc. No. 6). Petitioner did not ask this Court for generic reassessments of district court intervention parameters; Petitioner explicitly demanded that the Clerk of Court be compelled to correct the appellate docket sheet of CAFC Appeal No. 26-1721 to mirror the originating trial docket baseline establishing Meta Platforms, Inc., Meta Platforms Technologies, LLC,

Oakley, Inc., Luxottica of America, Inc., and EssilorLuxottica USA, LLC as mandatory, carry-over Appellees.

By mischaracterizing the petition as a generic collateral challenge to a closed lower court file, the Panel built an artificial legal framework to justify an automated summary denial under *Cheney v. U.S. Dist. Ct.*. This is an administrative deception. The enforcement of caption conformity under FRAP 3(c)(1)(A) and FRAP 12(a) on the master appellate index of Case No. 26-1721 is ministerial and mandatory, not discretionary. Rehearing is required to compel the court to rule on the actual issues presented rather than an engineered strawman.

## II. Permitting the Alteration of Appellate Captions in Case No. 26-1721 Violates FRAP 3 and 12 and Unlawfully Insulates Corporate Litigants

Under FRAP 12(a), because Meta Platforms, Inc. and the affiliated consumer hardware blocks were designated defendants in the originating district court action (1:26-cv-10304-ADB), they automatically carry over as mandatory Appellees in the appellate record of CAFC Appeal No. 26-1721. They cannot be un-designated or deleted by clerical omission on the appellate index.

Leaving Meta Platforms, Inc. off the formal title of the case heading heading into the December merits timeline creates an unconstitutional procedural shield. It allows these entities to avoid filing mandatory Entries of Appearance under Local

Circuit Rule 47.3(b)(1) while concurrently prosecuting an aggressive, parallel invalidation campaign across consolidated PTAB dockets (Case Nos. IPR2026-00376, IPR2026-00412, and IPR2026-00420) to extinguish the underlying property res.

This Court cannot hold a valid merits hearing on a sanitized record in Case No. 26-1721 where the primary corporate extractors have been completely vanished from the case caption by administrative decree.

**RELIEF REQUESTED**

Petitioner respectfully requests that the full Court vacate the Per Curiam Order of October 23, 2026, grant this petition for rehearing, and enter an order:

1. **Compelling** the Clerk of Court to immediately reinstate Meta Platforms, Inc., et al., as mandatory Appellees on the official caption of CAFC Appeal No. 26-1721 pursuant to FRAP 3 and 12.
2. **Correcting** the Factual Record to reflect that Petitioner's mandamus petition was an explicit challenge to structural clerical alterations and non-disclosure within Case No. 26-1721, not an unconvincing plea for generic stay parameters.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Petitioner Pro Se
General Delivery, Main Post Office
2 Massachusetts Ave NE
Washington, DC 20002
Email: legal@daitonacarter.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), I certify that this motion complies with the type-volume limitation.

1. Exclusive of the exempted portions of the motion, as provided in FRAP 32(f), the body of this motion contains 1006 words.
2. This motion has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing **PETITIONER'S EMERGENCY PETITION FOR PANEL REHEARING AND REHEARING EN BANC TO CORRECT THE MATERIAL**

**MISCHARACTERIZATION** using the U.S. Court of Appeals for the Federal Circuit's NextGen CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system on all counsel of record.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daitona Carter
Daitona Carter, Pro Se